1 | DONNA M. MEZIAS (SBN 111902)
DOROTHY F. KASLOW (SBN 287112)
2 | dmezias@akingump.com
dkaslow@akingump.com
3 | AKIN GUMP STRAUSS HAUER & FELD LLP
580 California Street, Suite 1500
4 | San Francisco, CA 94104
Telephone:    415-765-9500
5 | Facsimile:    415-765-9501

6 | Attorneys for defendant
HOME DEPOT U.S.A., INC.
7 |

8 |

9 |

10 | UNITED STATES DISTRICT COURT

11 | SOUTHERN DISTRICT OF CALIFORNIA

12 |

13 | DONNIE SANCHEZ BARRAGAN and | Case No.    **'19 CV 1766 BEN AGS**
ARACELI BARRAGAN, individually and
14 | on behalf of others similarly situated, | **CLASS ACTION**

15 |             Plaintiffs, | **HOME DEPOT'S NOTICE OF**
**REMOVAL OF ACTION**
16 |       v. | **PURSUANT TO 28 U.S.C. §§ 1332(D),**
**1441, 1446, AND 1453**
17 | HOME DEPOT U.S.A., INC., a Delaware
corporation; and DOES 1-100, inclusive, | [Certification of Interested Entities or
18 | | Persons, Declarations of G. Edward
Anderson, Donna M. Mezias, and Christina
19 |             Defendants. | Josiah and Civil Cover Sheet filed
concurrently]
20 |

21 | | Date Action Filed:  August 12, 2019

22 | | (*San Diego County Superior Court, No. 37-*
*2019-00042161-CU-OE-CTL*)

23 |

24 |

25 |

26 |

27 |

28 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that defendant Home Depot U.S.A., Inc. ("Home Depot") hereby removes to this Court the state court action described below, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453.  In support, Home Depot states as follows:

## BACKGROUND

1.      On August 12, 2019, an action was commenced and is currently pending against Home Depot in the Superior Court of California, County of San Diego, as Case No. 37-2019-00042161-CU-OE-CTL.  Declaration of Donna M. Mezias ("Mezias Decl.") ¶ 2 & Ex. A.  According to the Proof of Service of Summons filed on August 20, 2019, the complaint, summons, ADR package, Civil Cover Sheet, and Notice of Case Assignment and CMC were served on Home Depot on August 15, 2019.  *Id*., at ¶ 3 & Ex. B.  On September 12, 2019, Home Depot filed its Answer to the Complaint.  *Id*., at ¶ 4 & Ex. C.  No other process, pleadings, or orders have been filed by or served upon defendant as part of Case No. 37-2019-00042161-CU-OE-CTL.  *Id*., at ¶ 5.  As required by 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon defendant as part of the above action are attached to the Mezias Declaration, filed concurrently in support of this Notice of Removal.

2.      Plaintiffs Donnie Sanchez Barragan and Araceli Barragan (collectively, "plaintiffs") are former hourly, non-exempt retail sales employees for Home Depot in the County of San Diego.  *See* Complaint ¶¶ 7-8.  Plaintiff Donnie Sanchez Barragan worked in Home Depot's Otay Mesa retail store and plaintiff Araceli Barragan worked in Home Depot's Imperial Beach retail store.  *Id*.  They assert a claim under the California Labor Code for failure to provide accurate itemized wage statements.  *Id.* ¶¶ 34-41.

3.      Plaintiffs purport to bring these claims on behalf of a putative class that includes "all individuals who worked for or at Defendant's California retail stores as non-exempt employees receiving wage statements containing the line item, 'FLSA OTADJ,'" within one year prior to the filing of the Complaint.  *Id.* ¶¶ 15-16, 29.[1]

---

[1]  Home Depot denies plaintiffs' claims and class allegations.  However, for purposes of estimating the amount in controversy, the allegations of plaintiffs' complaint are assumed to be true.  *Korn v. Polo*

4.    Timeliness.  The Complaint and Summons were served on August 15, 2019.  *See* Mezias Decl. ¶ 3 & Ex. B.  Home Depot's Notice of Removal is timely because it is being filed within thirty (30) days of service.  *See* 28 U.S.C. § 1446(b).

5.    Jurisdiction.  This is a civil action over which this Court has original jurisdiction and thus may be removed pursuant to 28 U.S.C. § 1441.  Under 28 U.S.C. § 1441(a), a defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]"  Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), federal district courts have original jurisdiction over a class action if (1) it involves 100 or more putative class members, (2) any class member is a citizen of a state different from any defendant, and (3) the aggregated controversy exceeds $5,000,000 (exclusive of costs and interest).  *See* 28 U.S.C. § 1332(d)(2), (d)(5), (d)(6), and (d)(11)(B)(i).  These criteria are satisfied here.[2]

6.    Class Size.  During the relevant period, over 30,000 retail store associates employed by Home Depot in California received at least one wage statement with the line item "FLSA OTADJ."  Declaration of G. Edward Anderson ("Anderson Decl.") ¶¶ 6, 7.  The putative class therefore exceeds 100 members.  *See* Complaint ¶ 16 (putative class includes "[a]ll current and former retail sales representatives who worked for Defendants in California during the Class period and received overtime adjustments on their wage statements labeled "FLSA OTADJ").

7.    Diversity of Citizenship.  At all relevant times, there has been diversity of citizenship between the parties to the action.  "[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices."  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) (internal

---

*Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint.  The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." (citations omitted)).

[2] CAFA also applies here because plaintiffs bring this class action pursuant to Cal. Code of Civ. Proc. § 382.  Complaint ¶ 14; *see Bodner v. Oreck Direct, LLC*, No. C 06-04756, 2006 WL 2925691, at *3 (N.D. Cal. Oct. 12, 2006) (CAFA applies where complaint alleges a class action and recites the class action prerequisites under California Code of Civil Procedure section 382).

citations omitted).  Minimal diversity exists if any class member is a citizen of a state different from any defendant.  28 U.S.C. § 1332(d)(2).

8.     The putative class includes citizens of California, including plaintiffs.  Both plaintiffs maintained a California residential address on file with Home Depot and worked at retail stores in California.  Declaration of Christina Josiah ("Josiah Decl.") Decl. ¶¶ 4, 5.  Both facts establish their California residency.  *See Lam Research Corp. v. Deshmukh*, 157 F. App'x 26, 27 (9th Cir. Nov. 29, 2005) (defendant who had lived and worked for plaintiff in Washington was presumptively a Washington citizen, despite his claim that he had changed his domicile from Washington to California); *Bey v. SolarWorld Indus. Am., Inc.*, 904 F. Supp. 2d 1103, 1105 (D. Or. 2012) (residential address provided by employee to employer is prima facie evidence of state citizenship).

9.     Further, plaintiffs seek to represent a class comprised of "individuals who worked for or at [Home Depot] California retail stores" (Complaint ¶ 29), which logically includes other California citizens as well.

10.    Home Depot is not a citizen of California.  "[A] corporation shall be deemed to be a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business…."  28 U.S.C. § 1332(c)(1).  Home Depot is not incorporated in California, but is rather organized and incorporated under the laws of Delaware.  *See Ottaviano v. Home Depot, Inc. U.S.A.*, 701 F. Supp. 2d 1005, 1007 (N.D. Ill. 2010) (Home Depot "is a Delaware corporation with its principal executive offices located in Atlanta, Georgia"); *Novak v. Home Depot U.S.A., Inc.*, 259 F.R.D. 106, 108 (D.N.J. 2009) (Home Depot "is a Delaware corporation with its principal offices located in Georgia"); Josiah Decl. ¶ 2.  Nor is California the state in which Home Depot has its principal place of business, which is "the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  Rather, Home Depot's principal place of business is Atlanta, Georgia.  *Ottaviano*, 701 F. Supp. 2d at 1007; *Novak*, 259 F.R.D. at 108; Josiah Decl. ¶ 2.

11.    Defendants DOES 1-100 are unidentified.  Because there is "no information as to who they are or where they live or their relationship to the action[, it is] proper for the district court to

disregard them" for the purposes of removal.  *McCabe v. Gen. FoodsCorp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (internal citations ommitted).

12.   Accordingly, this action involves citizens of different states: plaintiffs are citizens of California (and seek to represent a class including California citizens) and Home Depot is a citizen of Delaware and Georgia.  Thus, the CAFA minimal diversity requirement is satisfied.  *See* 28 U.S.C. § 1332(d)(2).

13.   <u>Amount in Controversy.</u>  Home Depot avers, for purposes of this Notice only and without conceding liability for the claims alleged by plaintiffs or that plaintiffs can properly represent the putative class, that plaintiffs' claim places more than $5 million in controversy.  "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability."  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (on removal, defendant does not "concede liability for the entire amount" alleged in complaint); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) ("Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial … because they are not stipulating to damages suffered").  As the United States Supreme Court has held, a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 549, 554 (2014).  Moreover, the Ninth Circuit has instructed that removal is proper if, based on the allegations of the complaint and the Notice of Removal, it is more likely than not that the amount in controversy exceeds $5 million.  *Rodriguez v. AT&T Mobility Servs., Inc.*, 728 F.3d 975, 981 (9th Cir. 2013) (overturning Ninth Circuit precedent requiring proof of amount in controversy to a "legal certainty" in some circumstances).  In determining whether the amount in controversy is met, the Court considers all requested relief, "including … punitive damages, statutory penalties, and attorney's fees."  *Lake v. Delta Air Lines, Inc.*, No. SACV 10-1775 DOC(Ex), 2011 WL 3102486, at *4 (C.D. Cal. July 22, 2011).  Under this standard, the amount in controversy is satisfied.

14.   Plaintiffs allege that Home Depot violated California Labor Code section 226(a) by failing to provide accurate wage statements showing the adjusted hourly rate for overtime hours

worked for the "FLSA OTADJ" line item, and seek civil penalties under California Labor Code section 226(e). Complaint, ¶¶ 36-41 & Prayer for Relief, ¶ 4. Pursuant to section 226(e), a plaintiff may seek penalties of $50 for the initial pay period in which a violation of section 226(a) allegedly occurred, and $100 per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of $4,000 per employee.

15. From August 12, 2018 through September 2, 2019, approximately 67,066 wage statements were issued to hourly, nonexempt employees in California with the "FLSA OTADJ" line item.[3] Anderson Decl. ¶ 7. Based on plaintiffs' allegations that the alleged wage statement violation is the result of Home Depot's uniformly applied policies applicable to all non-exempt employees, and that Home Depot "failed to issue *any* wage statements showing the correct, adjusted hourly rate for overtime hours worked and the number of hours worked at each rate," plaintiffs' claim for section 226(e) penalties is applicable to all such wage statements and totals approximately $5,037,000. Anderson Decl. ¶¶ 8, 9 (penalties for the 67,066 wage statements, calculated on a per employee basis, applying a $50 penalty to the initial pay period and a $100 penalty to subsequent pay periods, not to exceed an aggregate penalty of $4,000, total $5,037,000); Complaint ¶¶ 11-13, 36-41 (emphasis added); *Mejia v. DHL Express (USA), Inc.*, 2015 WL 2452755, at *5 (C.D. Cal. May 21, 2015) (upholding defendant's use of 100 percent violation rate for complaint alleging wage statement violations); *Oda*, 2015 WL 93335, at *4 (assuming maximum wage statement penalties for each putative class member); *Molina v. Pacer Cartage, Inc.*, 47 F.Supp.3d 1061, 1069 (S.D. Cal. Sept. 17, 2014) (same); *Byrd v. Mosonite Corp.,* No. EDCV-16-36 JGB(KKx), 2016 U.S. Dist. LEXIS 60078, at *23-24 (C.D. Cal. May 5, 2016) (assumed 100 percent violation rate); *Franke v. Anderson Merchandisers LLC*, No. CV-17-3241 DSF(AFMx), 2017 U.S. Dist. LEXIS 119087, *12 (C.D. Cal., July 28, 2017) (same).

16. Thus, plaintiffs' claim for inaccurate wage statements places over $5 million in controversy.[4] *See*, *e.g.*, *Deehan v. Amerigas Partners, L.P.*, No. 08cv1009 BJM(JMA), 2008 WL

---

[3] A one-year statue of limitations applies to claims for section 226(e) penalties. *See Hernandez v. Towne Park, Ltd.,* 2012 WL 2373372, at *14 (C.D. Cal. June 22, 2012).

[4] Although this analysis is limited only to the wage statements containing the line item "FLSA OTADJ," plaintiffs do not allege that this line item is the only error on Home Depot's wage statements.

1
2
3
4104475, at *1 (S.D. Cal. Sept. 2, 2018) (amount in controversy satisfied under preponderance of evidence standard where estimated class size multiplied by statutory penalty for alleged violations exceeded $5 million).

4
5
6
7
8
9
10
11
12
13
14
      17.     Plaintiffs also seek attorneys' fees, which must be considered in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). The Ninth Circuit has established 25 percent of total potential damages as a benchmark award for attorney's fees. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *see also Deaver v. BBVA Compass Consulting & Benefits, Inc.*, No. 13-cv-00222-JSC, 2014 WL 2199645, at *6 (N.D. Cal. May 27, 2014) (accounting for attorney's fees by adding 25 percent of potential damages and penalties to amount in controversy); *Ford v. CEC Entm't, Inc.*, No. CV 14-01420 RS, 2014 WL 3377990, at *6 (N.D. Cal. July 10, 2014) (same); *Rodriguez v. Cleansource, Inc.*, No. 14-CV-0789-L(DHB), 2014 WL 3818304, at *4-5 (S.D. Cal. Aug. 4, 2014) (denying motion to remand where potential damages were $4.2 million because 25% attorneys' fees increased amount in controversy to $5.3 million). Attorneys' fees of 25 percent place an additional $1.25 million in controversy.

15
16
17
18
19
20
21
22
      18.     In sum, for purposes of this Notice only and without conceding liability for the claim alleged by plaintiffs, the total monetary relief placed in controversy by the complaint is approximately $6.29 million. The amount in controversy requirement is therefore satisfied. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700-01 (9th Cir. 2007) (remand denied under preponderance of the evidence standard where defendant's estimates exceeded the requisite amount); *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (on removal, defendant does not concede liability for amounts alleged in complaint); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) ("Even when defendants have persuaded a court upon a CAFA removal that the amount in

23
24

25
26
27
28
  *See* Complaint ¶¶ 39-41. Rather, they broadly allege that Home Depot "failed and continue [sic] to fail to provide these required wage statements" and "failed to accurately state the hourly rates and the number of hours worked at each rate." Complaint ¶¶ 39-40. Thus, if plaintiffs are alleging that Home Depot failed to accurately report hourly rates and corresponding hours worked even outside of the FLSA OTADJ, the amount in controversy would exceed the amount in controversy calculated here, and include additional wage statements without the FLSA OTADJ line item. *Mejia v. DHL Express (USA), Inc.*, 2015 WL 2452755, at *5 (C.D. Cal. May 21, 2015) (upholding defendant's use of 100 percent violation rate where complaint alleged various deficiencies in wage statements).

controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial … because they are not stipulating to damages suffered").

19.     There are no grounds that would justify this Court in declining to exercise its jurisdiction pursuant to 28 U.S.C. § 1332(d)(3) or that would require it to decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)(4).

VENUE

20.     The United States District Court for the Southern District of California is the judicial district embracing the place where this action was filed by plaintiffs and thus is the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, Defendant requests that the above action now pending against it in the Superior Court of California, County of San Diego, be removed to this Court.

Respectfully submitted,

Dated:  September 13, 2019            **AKIN GUMP STRAUSS HAUER & FELD LLP**

By_____ */s/ Donna M. Mezias*_____
            Donna M. Mezias
            Attorneys for defendant
            Home Depot U.S.A., Inc.