# EXHIBIT A

NICHOLAS & TOMASEVIC, LLP
   Craig M. Nicholas (SBN 178444)
   Shaun Markley (SBN 291785)
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: smarkley@nicholaslaw.org

Attorneys for Defendants
DONNIE SANCHEZ BARRAGAN and ARACELI BARRAGAN
Individually and on behalf of others similarly situated

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

08/12/2019 at 01:41:45 PM

Clerk of the Superior Court
By Taylor Crandall, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| DONNIE SANCHEZ BARRAGAN and ARACELI BARRAGAN, individually and on behalf of others similarly situated,<br><br>       Plaintiffs,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware Corporation; and DOES 1 – 100, inclusive;<br><br>       Defendants. | Case No.: 37-2019-00042161-CU-OE-CTL<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs DONNIE SANCHEZ BARRAGAN and ARACELI BARRAGAN ("Plaintiffs") bring this action against Defendant HOME DEPOT U.S.A., INC., a Delaware Corporation ("Home Depot"), and DOES 1 through 100, inclusive, on behalf of themselves and all others similarly situated, and allege on information and belief as follows:

### I.    INTRODUCTION

1. Plaintiffs and the Class Members are current and former non-exempt employees who worked at Home Depot's retail stores throughout California. On behalf of themselves and the putative class, Plaintiffs bring this action for violation of California's Labor Code section 226.

2. Home Depot is one of the largest home improvement companies in the United States. Home Depot owns and/or operates hundreds of retail stores throughout California, selling

tools, construction products and services to California customers. Plaintiff and others similarly situated were employed by Defendant as sales representatives at various Home Depot retail store locations throughout California.

3. Defendant failed to provide Plaintiffs and the Class Members with accurate itemized wage statements at the end of each pay period. Specifically, Defendant did not provide wage statements showing "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate," as required by California Labor Code section 226.

4. Plaintiffs and the Class Members bring this complaint for recovery of penalties available under California Labor Code section 226.

## II.   JURISDICTION AND VENUE

5. This Court has jurisdiction over violations of California's Labor Code.

6. Based upon information and belief and records maintained pursuant to the California Secretary of State, venue is proper in this judicial district pursuant to Code of Civil Procedure sections 395 and 395.5. This Complaint is based upon material acts which occurred in San Diego County.

## III.   PARTIES

7. Plaintiff Donnie Sanchez Barragan is, and at all times mentioned was, an individual residing in the County of San Diego, California. Mr. Sanchez was employed by and worked for Home Depot as a non-exempt (hourly) sales representative in Home Depot's Otay Mesa retail store in the State of California, County of San Diego. As a retail sales employee, Mr. Sanchez sold various home improvement products and services to Home Depot's customers. Home Depot employed Mr. Sanchez from approximately July 2016 through October 2018.

8. Plaintiff Araceli Barragan is, and at all times mentioned was, an individual residing in the County of San Diego, California. Ms. Barragan was employed by and worked for Home Depot as a non-exempt (hourly) sales representative in Home Depot's Imperial Beach retail store in the State of California, County of San Diego. As a retail sales employee, Ms. Barragan sold

various home improvement products and services to Home Depot's customers. Home Depot employed Ms. Barragan from approximately October 2015 through April 2018.

9. Plaintiffs are informed and believe Home Depot is, and at all times mentioned was, an active corporation organized and existing under and by virtue of the laws of the State of Delaware. Home Depot does business in the County of San Diego. Home Depot employed Plaintiffs and the Class Members during the Class Period, defined *infra*, at its retail stores throughout California.

10. Plaintiffs do not know the true names and/or capacities, whether individual, partners, or corporate, of the Defendants sued herein as DOES 1 through 100, inclusive, and for that reason sues said Defendants under fictitious names. Plaintiffs will seek leave to amend this Complaint when the true names and capacities of these Defendants have been ascertained. Plaintiffs are informed and believe and thereon allege that these Defendants are responsible in whole or in part for Plaintiffs' and the Class Members' alleged damages.

11. At all relevant times, Home Depot, and DOES 1 through 100, employed all of the Class Members, including Plaintiffs, throughout the State of California. Home Depot, doing business in California, as well as DOES 1 through 100, managed, directed, and controlled the operations at their locations and dictated the common employment policies applicable to Home Depot's employees.

12. Upon information and belief, at all times relevant, defendant was the agent, employee, alter ego, and/or joint venture of, or working in concert with each of the other co-defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions, were perpetrated by certain defendants, each of the remaining defendants confirmed and ratified those acts, conduct, and omissions of the acting defendant.

13. Upon information and belief, Defendant and DOES 1 through 100 conspired amongst themselves, as well as third parties, to adopt and implement employment policies which violate the California Labor Code. Until the true names and identities of DOES 1 through 100 are

ascertained, Plaintiffs refer to each of them jointly with Defendant Home Depot U.S.A., Inc. as "Home Depot."

## IV. CLASS ACTION ALLEGATIONS

14. Pursuant to Code of Civil Procedure section 382, Plaintiffs bring this lawsuit as a class action on behalf of themselves and all other similarly situated Class Members. This action satisfies the ascertainability, numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of class actions.

15. **Class Period**: The Class Period shall be one year prior to the initiation of this action through the date of final resolution.

16. **Class Definition**: The Class is defined as follows: All current and former retail sales representatives who worked for Defendants in California during the Class Period and received overtime adjustments on their wage statements labeled "FLSA OTADJ" ("Class Members" or "Class").

17. Excluded from the Class are: (1) Defendants, entities in which Defendants have a controlling interest, and their legal representatives, officers, directors, assigns, and successors; and (2) the judge to whom this case is assigned and any member of the judge's immediate family.

18. Plaintiffs reserve the right under California Rules of Court Rule 3.765(b) to amend or modify the Class Definition. This includes, but is not limited to, providing greater specificity or dividing the Class into subclasses.

19. **Numerosity**: The potential members of the Class are so numerous that joinder of all Class Members would be impractical, if not impossible. The precise number of Class Members are unknown to Plaintiffs. However, the identities of the members of the Class are readily ascertainable through Defendant's records. The true number of Class Members is known by Defendant and thus, may be notified of the pendency of this action by first class mail, electronic mail, and by published notice.

20. **Ascertainability**: The Class is comprised of an easily ascertainable set of persons who work or worked for Defendants as non-exempt retail sales employees.

21. **Community of Interest**: There is a well-defined community of interest among Class Members, and the disposition of the claims of the Class Members in a single action will provide substantial benefits to all parties and to the Court.

22. **Typicality**: Plaintiffs' claims are typical of the claims of the Class. Like all Class Members, Plaintiffs suffered the alleged violations of California law and resulting damages.

23. **Existence and Predominance of Common Questions of Law and Fact**: There exists a well-defined community of interest in the questions of law and fact presented by this controversy. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class Members. These common legal and factual questions include, but are not limited to, whether Class Members were provided with accurate itemized wage statements.

24. **Adequacy of Representation**. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained counsel highly experienced in wage and hour class action litigation, and Plaintiffs intend to prosecute this action vigorously. Plaintiffs have no adverse or antagonistic interests to those of the Class.

25. **Superiority**. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class Members are relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant. It would thus be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs done to it. Furthermore, even if Class Members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

26. In the alternative, the Class may also be certified because: the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudication with respect to individual Class Members that would establish incompatible standards of conduct for Defendant;

27. The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

28. Defendant acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

29. Unless stated otherwise, the claims asserted here are applicable to all individuals who worked for or at Defendant's California retail stores as non-exempt employees receiving wage statements containing the line item, "FLSA OTADJ," during the relevant period.

30. Damages may be calculated, in part, from the employee information maintained in Defendants' records, so that the cost of administering a recovery for the Class can be minimized. However, the precise amount of damages available to Plaintiffs and the other members of the Class is not a barrier to class certification.

31. Plaintiffs seek a preliminary and permanent injunction and equitable relief on behalf of the Class, on grounds generally applicable to the Class, to enjoin and prevent Defendant from engaging in the acts described.

32. Unless a class is certified, Defendant will retain monies received as a result of its wrongful conduct that was taken or withheld from Plaintiffs and proposed Class Members. Unless a class-wide injunction is issued, Defendant will continue to commit the violations alleged and the members of the Class and the general public will continue to be misled.

33. Defendant has acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief with respect to the Class as a whole.

## V.   FACTUAL ALLEGATIONS

34. As discussed *supra*, Home Depot is one of the largest home improvement companies in the United States. Home Depot owns and/or operates hundreds of retail stores throughout California, selling tools, construction products and services to California customers. one of the largest communication technology companies in the world. Plaintiffs and others similarly situated were employed by Defendant as retail sales employees in California.

35. Plaintiffs and the Class Members received compensation in the form of an hourly wage and quarterly bonuses based on performance.

36. After Defendant paid the foregoing bonuses, they issued wage statements showing a single line item for "FLSA OTADJ." This line item reflected an adjustment to the regular rate of pay for overtime hours earned during the bonus period. However, Defendant failed to issue any wage statements showing the correct, adjusted hourly rate for overtime hours worked and the number of hours worked at each rate. As a result, Plaintiffs and the Class are unable to determine whether they were paid all owed wages.

## VI.   FIRST CAUSE OF ACTION
**Failure to Provide Accurate Itemized Wage Statements**
**(Against All Defendants)**

37. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

38. Plaintiffs bring this claim individually and on behalf of the Class.

39. Labor Code section 226(a) requires Defendant to furnish each employee, at the time wages are paid, a statement containing an accurate, dated, itemized account, in legible writing showing, among other things, "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate."

40. Defendant has failed and continue to fail to provide these required wage statements to Class Members. Defendant provided Plaintiffs and members of the Class with pay stubs. However, the provided pay stubs failed to accurately state the hourly rates and the number of hours worked at each rate.

41. As such, Plaintiffs and other Class Members are entitled to payment from Defendants of the greater of actual damages or $50 for the initial pay period in which the violation occurred and $100 for each subsequent violation, up to a maximum of $4000. Pursuant to Labor Code section 226(e), Class Members, including Plaintiffs, are entitled to and seek reasonable attorneys' fees and costs incurred and all applicable penalties.

## XII.  REQUEST FOR JURY TRIAL

Plaintiffs request a trial by jury.

## XIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on the behalf of the members of the Class, pray for judgment as follows:

1. For an order certifying the proposed Class;
2. For a declaration that Defendant violated the rights of Plaintiffs and other Class Members under the Labor Code;
3. That Defendant be ordered to show cause why it should not be enjoined and ordered to comply with the applicable Labor Code provisions related to issuance of compliant wage statements; and for an order enjoining and restraining Defendant and its agents, servants, and employees related thereto;
4. For actual damages or statutory penalties according to proof as set forth in Labor Code section 226 related to wage statements;
5. For pre-judgment interest as allowed by Labor Code sections 218.5 or 1194 and Civil Code section 3287;

[*Signature of counsel appears on the following page.*]

6. For reasonable attorneys' fees, expenses and costs as provided by Labor Code sections 226 and Code of Civil Procedure section 1021.5; and

7. For such other and further relief as the court may deem just and proper.

Respectfully submitted:

Dated: August 12, 2019                    NICHOLAS & TOMASEVIC, LLP

By: _____
Craig M. Nicholas
Shaun Markley

Attorneys for Plaintiffs

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HOME DEPOT U.S.A., INC., a Delaware Corporation; and DOES 1 – 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DONNIE SANCHEZ BARRAGAN and ARACELI BARRAGAN, individually and on behalf of others similarly situated

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
08/12/2019 at 01:41:45 PM
Clerk of the Superior Court
By Taylor Crandall, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego Superior Court
330 West Broadway
San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):* 37-2019-00042161-CU-OE-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
NICHOLAS & TOMASEVIC, 225 Broadway, 19th Floor, San Diego, CA 92101 (619) 325-0492

DATE: 08/13/2019                          Clerk, by    T. Crandall    , Deputy
*(Fecha)*                                  *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Home Depot U.S.A., Inc.
   under: ☒ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 8/15/19

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Craig M. Nicholas, Esq. (SBN 178444) | Shaun Markley, Esq. (SBN 291785)<br>NICHOLAS & TOMASEVIC, LLP<br>225 Broadway, 19th Floor<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 325-0492    FAX NO.: (619) 325-0496<br>ATTORNEY FOR *(Name)*: Plaintiffs, Donnie Sanchez Barragan and Araceli Barragan | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**08/12/2019 at 01:41:46 PM**<br>Clerk of the Superior Court<br>By Taylor Crandall, Deputy Clerk |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Hall of Justice | |
| CASE NAME:<br>Sanchez v. Home Depot | |

| **CIVIL CASE COVER SHEET**<br>[✓] Unlimited   [ ] Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | **Complex Case Designation**<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>37-2019-00042161-CU-OE-CTL<br>JUDGE: Judge Richard S. Whitney<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [✓] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve       e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence       f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify)*: One (1): Failure to Provide Accurate Itemized Wage Statements
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 12, 2019
Craig Nicholas, Esq. (SBN 178444)
(TYPE OR PRINT NAME)                                              ▶ /s/ Craig Nicholas
                                                                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7068 |

| PLAINTIFF(S) / PETITIONER(S): | Donnie Sanchez Barragan et.al. |
|---|---|
| DEFENDANT(S) / RESPONDENT(S): | Home Depot USA Inc |

BARRAGAN VS HOME DEPOT USA INC [E-FILE]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER: 37-2019-00042161-CU-OE-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge: Richard S. Whitney     Department: C-68

**COMPLAINT/PETITION FILED:** 08/12/2019

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 04/17/2020 | 09:30 am | C-68 | Richard S. Whitney |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

---

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases or guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2019-00042161-CU-OE-CTL         CASE TITLE: Barragan VS Home Depot USA INC [E-FILE]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
> (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
> (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
> (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

### Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

### Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

### Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway <br> MAILING ADDRESS: 330 West Broadway <br> CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 <br> BRANCH NAME: Central | |
| PLAINTIFF(S): Donnie Sanchez Barragan et.al. | |
| DEFENDANT(S): Home Depot USA Inc | |
| SHORT TITLE: BARRAGAN VS HOME DEPOT USA INC [E-FILE] | |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2019-00042161-CU-OE-CTL |
|---|---|

Judge: Richard S. Whitney                                              Department: C-68

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)            ☐ Non-binding private arbitration

☐ Mediation (private)                    ☐ Binding private arbitration

☐ Voluntary settlement conference (private)   ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)           ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                Date: _____

Name of Plaintiff                             Name of Defendant

Signature                                     Signature

Name of Plaintiff's Attorney                  Name of Defendant's Attorney

Signature                                     Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 08/13/2019                                    JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)    **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**    Page: 1