| | |
|---|---|
| 1 | DONNA M. MEZIAS (SBN 111902) |
|   | DOROTHY F. KASLOW (SBN 287112) |
| 2 | AKIN GUMP STRAUSS HAUER & FELD LLP |
|   | 580 California Street, Suite 1500 |
| 3 | San Francisco, CA 94104 |
|   | Telephone: 415.765.9500 |
| 4 | Facsimile: 415.765.9501 |
|   | dmezias@akingump.com |
| 5 | dkaslow@akingump.com |
| 6 | Attorneys for defendant |
|   | Home Depot U.S.A., Inc. |

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**09/12/2019** at 12:54:00 PM
Clerk of the Superior Court
By Erika Engel, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

**'19CV1766 BEN AGS**

DONNIE SANCHEZ BARRAGAN and ARACELI BARRAGAN, individually and on behalf of all persons similarly situated,

Plaintiffs,

v.

HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1 – 100, inclusive,

Defendants.

Case No. 37-2019-00042161-CU-OE-CTL

DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO COMPLAINT

Date Action Filed:  August 12, 2019

---

DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO COMPLAINT

Defendant Home Depot U.S.A., Inc. hereby answers the complaint of plaintiffs Donnie Sanchez Barragan and Araceli Barragan by generally denying each and every material allegation of the unverified complaint pursuant to section 431.30(d) of the California Code of Civil Procedure.

Defendant sets forth below its defenses and affirmative defenses. In doing so, defendant does not in any way change or alter the allocation and burden of proof for each such defense listed as established by applicable law.

## DEFENSES

As separate defenses to the complaint, and each purported cause of action contained therein, defendant alleges the following defenses and affirmative defenses:

### FIRST DEFENSE
(Failure to State a Cause Of Action)

The complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against defendant.

### SECOND DEFENSE
(Statute of Limitations)

The complaint, and each purported cause of action contained therein, is barred, in whole or in part, by the applicable statutes of limitations.

### THIRD DEFENSE
(Estoppel)

The complaint, and each purported cause of action contained therein, is barred because plaintiffs and/or any individuals plaintiffs purport to represent are estopped from asserting one or more causes of action alleged herein against defendant.

### FOURTH DEFENSE
(Standing)

Plaintiffs lack standing to bring certain claims asserted, to assert the legal rights or interests of others, and/or to seek certain relief alleged, including injunctive relief.

//
//

FIFTH DEFENSE

(No Injury)

The complaint, and each purported cause of action contained therein, is barred to the extent it seeks damages or penalties for allegedly inaccurate wage statements, because plaintiffs and the individuals plaintiffs purport to represent suffered no injury from the alleged failure to provide proper itemized wage statements.

SIXTH DEFENSE

(Good Faith)

At all relevant times, defendant acted in good faith and had reasonable grounds for believing its actions did not violate the California Labor Code and/or the California Wage Orders.

SEVENTH DEFENSE

(Compliance with Statute)

The complaint, and each purported cause of action contained therein, is barred because at all times defendant complied and/or substantially complied with all applicable statutes, regulations, and laws.

EIGHTH DEFENSE

(Waiver and Release)

The complaint, and each purported cause of action contained therein, is barred to the extent plaintiffs and any individuals plaintiffs purport to represent have waived their right to recovery and/or released their claims against defendant, whether in whole or in part, and whether individually or in a class action settlement and/or release agreement.

NINTH DEFENSE

(Acquiescence)

The complaint, and each purported cause of action contained therein, is barred to the extent plaintiffs and/or any individuals plaintiffs purport to represent acquiesced in defendant's conduct and actions or omissions alleged herein.

//

//

## TENTH DEFENSE

(Accord and Satisfaction)

The complaint, and each purported cause of action contained therein, is barred to the extent plaintiffs and/or any individuals plaintiffs purport to represent entered into an accord with defendant extinguishing the obligations that are the basis of the complaint or cause of action. Defendant has satisfied all obligations required of it under the accord.

## ELEVENTH DEFENSE

(Laches)

The complaint, and each purported cause of action contained therein, is barred because plaintiffs and/or any individuals plaintiffs purport to represent have inexcusably and unreasonably delayed the filing of their action, causing prejudice to defendant.

## TWELFTH DEFENSE

(Ratification and Consent)

The complaint, and each purported cause of action contained therein, is barred to the extent the alleged conduct of defendant was approved, consented to, authorized, and/or ratified by plaintiffs and/or any individuals plaintiffs purport to represent, through their actions, omissions, or course of conduct.

## THIRTEENTH DEFENSE

(Class Action)

Plaintiffs cannot satisfy the requirements for a class action.

## FOURTEENTH DEFENSE

(Res Judicata and Collateral Estoppel)

The complaint, and each purported cause of action contained therein, is barred to the extent the doctrines of collateral estoppel and/or res judicata apply.

## FIFTEENTH DEFENSE

(No Knowing or Intentional Conduct)

The Complaint, and each claim contained therein, is barred to the extent the alleged wage statement violations of defendant were not knowing or intentional.

## SIXTEENTH DEFENSE

(Unjust Enrichment)

The complaint, and each cause of action contained therein, is barred to the extent that any recovery would be a windfall resulting in unjust enrichment to the plaintiffs and individuals plaintiffs purport to represent.

## SEVENTEENTH DEFENSE

(Unclean Hands)

The complaint, and each purported cause of action contained therein, is barred in whole or in part by the doctrine of unclean hands.

## RESERVATION OF RIGHTS

Defendant hereby gives notice that it intends to rely upon such other and further affirmative defenses or defenses as may become available during the course of discovery in this action and reserves the right to amend its answer to assert any such defenses.

WHEREFORE, defendant prays for judgment as follows:

1. That plaintiff take nothing by reason of the complaint;
2. That the complaint be dismissed with prejudice;
3. That judgment be entered in favor of defendant;
4. That defendant recover its costs of suit herein;
5. That defendant recover its attorneys' fees pursuant to Labor Code § 218.5 and California Code of Civil Procedure § 128.7 and any other appropriate basis; and
6. That defendant be granted such further relief as the Court deems just and proper.

Dated: September 12, 2019                AKIN GUMP STRAUSS HAUER & FELD LLP

By _____
Dorothy F. Kaslow
Attorneys for defendant
Home Depot U.S.A., Inc.

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: 580 California Street, Suite 1500, San Francisco California 94104. On September 12, 2019, I served the foregoing document(s) described as **DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO COMPLAINT** on the interested party(ies) below, using the following means:

Craig M. Nicholas
Shaun Markley
NICHOLAS & TOMASEVIC, LLP
225 Broadway, 19th Floor
San Diego, California 92101
Tel:    (619) 325-0492
Fax:   (619) 325-0496
Email:       cnicholas@nicholaslaw.org
             smarkley@nicholaslaw.org

*Attorneys for Plaintiffs*

☒ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at San Francisco, California.

☒ (STATE)  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 12, 2019 at San Francisco, California.

Jeremias V. Cordero
Print Name                              Signature