UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE SANCHEZ BARRAGAN, ARACELI BARRAGAN, and JEREMEY BURCHAM, individually and on behalf of others similarly situated,<br><br>                                       Plaintiffs,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a Delaware Corporation,<br><br>                                       Defendant. | Case No.: 3:19-cv-01766-AJB-AGS<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART PLAINTIFFS' EX PARTE MOTION FOR RECONSIDERATION, (Doc. No. 55);**<br><br>**(2) DENYING AS MOOT PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY, (Doc. No. 70);**<br><br>**(3) GRANTING IN PART AND DENYING IN PART PLAINTIFF BURCHAM'S MOTION FOR SUMMARY JUDGMENT, (Doc. No. 59); AND**<br><br>**(4) GRANTING IN PART AND DENYING IN PART HOME DEPOT'S MOTION FOR SUMMARY JUDGMENT, (Doc. No. 60)** |

This wage and hour putative class action is brought by three Plaintiffs. Presently pending before the Court are four motions: (1) Plaintiffs' ex parte motion for

1

reconsideration, (Doc. No. 55), (2) Plaintiff Jeremey Burcham's motion for summary judgment, (Doc. No. 59), (3) Defendant Home Depot's ("Home Depot") motion for summary judgment, (Doc. No. 60), and (4) Plaintiffs' notice of intervening authority and motion for leave to file a sur-reply in support of the ex parte motion for reconsideration, (Doc. No. 70). The motions have been fully briefed and argument has been held. For the reasons provided in detail below, the Court (1) **GRANTS IN PART** the ex parte motion for reconsideration, (2) **GRANTS IN PART AND DENIES IN PART** Plaintiff Burcham's motion for summary judgment, (3) **GRANTS IN PART AND DENIES IN PART** Home Depot's motion for summary judgment, and (4) **DENIES AS MOOT** the request for leave to file a sur-reply.

I.   BACKGROUND

This is a wage and hour class action centering around Home Depot's Success Sharing bonus program. Home Depot's Success Sharing bonus program rewards Home Depot's associates for meeting sales objectives and company goals. If a particular Home Depot store achieves between 95 and 110 percent of its sales goal for the year, a bonus award is given to the store that must be divided up among eligible store employees. (*See* Deposition of Christine Barnaby ("Barnaby Depo."), Doc. No. 59-3, at 58:9-60:24.) Each employee's Success Sharing bonus is based on a relative percentage of his or her earnings compared with the earnings of others at the store. Important for this dispute, if an employee's share of the bonus is below a designated minimum amount ($100 for most employees, $200 for department supervisors), the employee will receive a lump sum minimum bonus payment. (*Id.* at 60:25-61:4, 66:7-67:12.)

The gravamen of Plaintiffs' operative Complaint is that prior to September 2018, Home Depot did not adjust overtime payments to account for the additional wages it paid through the Success Sharing program when it awarded the minimum ($100 or $200) Success Sharing bonus payments. (*See* Doc. No. 59-1 at 7.) In September 2018, Home Depot apparently changed course and started adjusting overtime pay to account for minimum Success Sharing payments under the following formula: bonus amount divided

by non-overtime hours during the bonus period multiplied by 1.5 times overtime hours worked. (*Id.*)

Plaintiff Burcham (and not the other two Plaintiffs) received a minimum, $100, Success Sharing payment in March 2018 for the August 2017 through January 2018 Success Sharing plan period. (*See* Declaration of Jeremy Burcham ("Burcham Decl."), ¶¶ 2–3.) He also worked overtime during this Success Sharing plan period in October, November, and December of 2017 and again in January of 2018. (*Id.*) Consistent with Home Depot's practices in the early 2018 timeframe, it did not adjust Plaintiff Burcham's overtime wage to account for the additional Success Sharing pay attributable to the August 2017 through January 2018 Success Sharing plan period.

Plaintiff Burcham's employment with Home Depot came to an end in February 2019. (*See* Deposition of Jeremy Burcham ("Burcham Depo."), Doc. No. 59-4, at 17:8-16.) Plaintiff Burcham contends because Home Depot had not adjusted his overtime wages to account for his March 2018 minimum Success Sharing bonus as of his termination in February 2019, he was not paid all wages owed upon termination.

On August 12, 2019, Plaintiffs Donnie Sanchez Barragan and Araceli Barragan filed the first Complaint with a single cause of action in San Diego Superior Court. (*See* Doc. No. 1-2.) The single cause of action alleged the failure to provide accurate itemized wage statements. (*Id.* ¶¶ 37–41.) Home Depot removed the action to this Court on September 13, 2019. (Doc. No. 1.) In December 2019, the same two named Plaintiffs filed a First Amended Complaint ("FAC"). (Doc. No. 18.) The FAC added three new causes of action arising out of Home Depot's failure to properly pay overtime wages: (1) failure to pay overtime, (2) failure to pay all wages due upon termination, and (3) violation of California's unfair competition law ("UCL"). (*Id.*) In July 2020, after further discovery and investigation into Home Depot's pay practices, Plaintiffs filed a Second Amended Complaint ("SAC"). (Doc. No. 33.) The SAC added a new named Plaintiff, Jeremey Burcham, and also added a new claim, styled as the third cause of action, for failure to pay all wages earned each pay period. (*Id.* ¶¶ 53–59.) Plaintiffs' SAC asserted five claims for

(1) failure to provide accurate itemized wage statements (brought by all three Plaintiffs), (2) failure to pay overtime (brought by Plaintiff Burcham only), (3) failure to pay all wages earned each pay period (brought by all three Plaintiffs), (4) failure to pay all wages due upon termination (brought by all three Plaintiffs), and (5) violation of California's UCL, (brought by all three Plaintiffs).

## II.   DISCUSSION

### A.   Plaintiffs' Ex Parte Motion for Reconsideration

Before addressing the motions for summary judgment, the Court will first consider the ex parte motion for reconsideration. As background, after the filing of the SAC, Home Depot moved to dismiss the third claim for relief for the failure to pay all wages earned each pay period. (Doc. No. 34.) This claim was brought by all three Plaintiffs. The gist of the claim is that Home Depot failed to pay Plaintiffs for all wages because Home Depot paid Plaintiffs their meal premiums at their base hourly rate, and not at their adjusted regular rate of pay (i.e., the employee's base rate of compensation plus any adjustments to that rate arising from additional compensation the employee receives, including the Success Sharing bonus payments).

In arguing for dismissal of this claim, Home Depot contended that: (1) Plaintiffs framed the claim as a violation of California Labor Code § 204, but that section lacks a private right of action, (2) *Ferra v. Loews Hollywood Hotel, LLC*, 40 Cal. App. 5th 1239 (2019) was a bar to the claim, and (3) Plaintiffs improperly sought to relate back their new, unrelated claims in the third cause of action to the original pleading date.

In opposition to the motion to dismiss, Plaintiffs argued the claim was not dependent on, or brought pursuant to Labor Code[1] § 204. (Doc. No. 39 at 11.) Instead, Plaintiffs cited paragraph 5 of the SAC to demonstrate that the cause of action was brought pursuant to Labor Code § 1194 instead, which permits an employee to bring a civil action to recover

---

[1] All references to "Labor Code" are to the California Labor Code, unless otherwise noted.

underpaid wages. (*Id.* at 11.) Plaintiffs also assert that, pursuant to Labor Code § 218, they have a private right of action to pursue unpaid wages for missed meal and rest breaks under Labor Code § 226.7. (*Id.* at 11–12.) In reply, Home Depot noted that the third cause of action "fails entirely to mention" either Labor Code § 218 or § 1194. (Doc. No. 40 at 4.) Home Depot asserts that mentioning these provisions "in passing" is insufficient to state a claim. (*Id.*)

Agreeing with Home Depot, the Court granted the motion, and dismissed the third claim without leave to amend. (Doc. No. 51.) First, the Court concluded that Labor Code § 204 cannot serve as the basis for Plaintiffs' claim as it does not permit a private right of action, and in any event, Labor Code § 204 provides the right to *timely* wages, not a specific amount or calculation of wages. Second, despite Plaintiffs' failure to provide a short and plain statement as to which Labor Code provision its third claim was based on, the Court nevertheless analyzed Plaintiffs' claim *as if* it had been clearly pleaded under either Labor Code §§ 226.7 or 1194. The Court held then that Plaintiffs failed to adequately plead their Labor Code §§ 226.7 or 1194 claims. No leave to amend was provided to Plaintiffs, but contrary to Plaintiffs' assertion, the claim was not dismissed with prejudice. Plaintiffs now move for reconsideration of the order dismissing the third claim for relief.

   **1. Analysis**

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Plaintiffs argue: (1) there is an intervening change in the law that warrants reconsideration of the Court's prior order, and (2) dismissing the third cause of action with prejudice and without leave to amend was clear error. Based on the second ground, the Court **GRANTS IN PART** the motion for reconsideration, and provides Plaintiffs leave to amend their third claim.

In dismissing Plaintiffs' third claim without leave to amend, the previous order noted that "Plaintiffs have amended their complaint multiple times. Nothing in Plaintiffs' filings

indicate that the newly alleged claims in the third cause of action were not discoverable when Plaintiffs filed their initial complaint." (Doc. No. 51 at 7.) While this may have been true, Plaintiffs' reconsideration motion also highlights that the parties had stipulated to leave to amend to add the third claim for meal/rest break violations. (Doc. No. 58 at 4.) This is a point not considered by the Court in its previous order. Accordingly, because denial of leave was not based on futility of the amendment, and in light of this new consideration, the Court provides Plaintiffs one final attempt to allege a claim based on the failure to pay premium wages at the correct wage. In this amended claim, Plaintiffs are to ***clearly and concisely*** set forth its claim in a short and plain statement such that Home Depot can adequately defend against the allegations raised.

To be clear, Plaintiffs' motion is granted ***in part***. The Court does not reverse its earlier decision to dismiss the third claim. The third claim remains dismissed for failure to provide a short and plain statement of the relief Plaintiffs are entitled to. However, this order amends the prior portion of the order which denied Plaintiffs leave to amend. For the foregoing reasons, the Court **GRANTS IN PART** Plaintiffs' motion for reconsideration, and **DENIES AS MOOT** the request to file a sur-reply. (Doc. No. 55.)

### B.     The Parties' Cross Motions for Summary Judgment

Having addressed the ex parte motion for reconsideration, the Court will turn to arguments related to the pending summary judgment motions. Both Plaintiff Burcham and Home Depot filed cross motions for summary judgment. (Doc. Nos. 59–60.) To the extent the parties' arguments overlap, they will be addressed together below. The Court additionally notes that the parties agree on most material facts, and the disagreement centers around the application of those undisputed facts to the law.

#### 1.     Legal Standard Governing Motions for Summary Judgment

A court may grant summary judgment when it is demonstrated that there exists no genuine dispute as to any material fact, and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The party seeking summary judgment bears the initial burden of informing a

court of the basis for its motion and of identifying the portions of the declarations, pleadings, and discovery that demonstrate an absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is "material" if it might affect the outcome of the suit under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A dispute is "genuine" as to a material fact if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the movant. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). Where the non-moving party will have the burden of proof on an issue at trial, the movant may prevail by presenting evidence that negates an essential element of the non-moving party's claim or by merely pointing out that there is an absence of evidence to support an essential element of the non-moving party's claim. *See Nissan Fire & Marine Ins. Co. v. Fritz Companies*, 210 F.3d 1099, 1102–03 (9th Cir. 2000). If a moving party fails to carry its burden of production, then "the non-moving party has no obligation to produce anything, even if the non-moving party would have the ultimate burden of persuasion." *Id.* If the moving party meets its initial burden, the burden then shifts to the opposing party to establish that a genuine dispute as to any material fact actually exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party cannot "rest upon the mere allegations or denials of [its] pleading but must instead produce evidence that sets forth specific facts showing that there is a genuine issue for trial." *See Estate of Tucker*, 515 F.3d 1019, 1030 (9th Cir. 2008) (internal quotation marks and citation omitted).

The evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before a court must be drawn in favor of the opposing party. *See Stegall v. Citadel Broad, Inc.*, 350 F.3d 1061, 1065 (9th Cir. 2003). However, "[b]ald assertions that genuine issues of material fact exist are insufficient." *See*

*Galen v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007); *see also Day v. Sears Holdings Corp.*, No. 11–09068, 2013 WL 1010547, *4 (C.D. Cal. Mar. 13, 2013) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment."). Further, a "motion for summary judgment may not be defeated . . . by evidence that is 'merely colorable' or 'is not significantly probative.'" *See Anderson*, 477 U.S. at 249–50; *see also Hardage v. CBS Broad. Inc.*, 427 F.3d 1177, 1183 (9th Cir. 2006) (same). If the nonmoving party fails to produce evidence sufficient to create a genuine dispute of material fact, the moving party is entitled to summary judgment. *See Nissan Fire & Marine*, 210 F.3d at 1103.

### 2. The Court's Subject Matter Jurisdiction

First to be addressed are any concerns regarding this Court's subject matter jurisdiction. Home Depot argues in its motion for summary judgment that Plaintiffs have no Article III standing with respect to the first claim for inaccurate itemized wage statements. (Doc. No. 60-1 at 18.) Plaintiffs agree with Home Depot and asks the Court to remand the entire case to state court based on this one claim. (*See* Doc. No. 62 at 5.) While the parties agree as to the standing arguments, where the parties differ is the appropriate remedy. Home Depot advocates for a dismissal of the claim, whereas Plaintiffs seek a remand of the entire case. (*Id.*) Both parties are incorrect.

Labor Code § 226(a)(9)—the provision the inaccurate wage statement claim is based on—requires an employer to provide an accurate itemized statement showing, among other things, "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee . . .." Home Depot argues that Plaintiffs lack standing to bring a wage statement claim because they have no concrete injury flowing from the failure to display this information on the wage statements. (Doc. No. 60-1 at 20.) Plaintiffs agree, and so, they argue that the appropriate action is for the Court to remand the entire case to state court. The Court disagrees with this position.

The Ninth Circuit has very recently addressed this issue of standing in relation to a claim under Labor Code § 226(a). In *Magadia v. Wal-Mart Assocs., Inc.*, the Ninth Circuit

considered whether a plaintiff had standing to bring wage-statement claims under Labor Code § 226(a). *See* 999 F.3d 668, 678 (9th Cir. 2021). The employer, like Home Depot here, argued that a violation of Labor Code § 226(a) did not create a cognizable Article III injury because there was no concrete injury. (*Id.*) The Ninth Circuit held otherwise. In reaching this decision, the Ninth Circuit reasoned that Labor Code § 226(a) protects employees' concrete interest in receiving accurate information about their wages in their pay statements, and in being "adequately informed of [the] compensation received" during the pay period. (*Id.*)

Here, Plaintiffs adequately allege they did not receive the full information they were entitled to under the law. Therefore, *Magadia* precludes a finding that Plaintiffs lack standing to assert their wage statement claim. Although Home Depot disagrees with the premise that required information was omitted, this does not invalidate Plaintiffs' initial concerns that certain information was absent from their wage statements. There is no requirement under the law that a plaintiff prove they are likely to succeed on the merits before they can be deemed to have standing. Therefore, Home Depot's argument regarding standing, and Plaintiffs' request for remand based on lack of standing both fail.

In addition, Plaintiffs seem to request the remand of the entire case, including the other claims regarding overtime, failure to pay all due wages, and the derivative claims. (Doc. No. 62 at 5.) These other claims are not contingent on the success of Plaintiffs' inaccurate wage statement claim. Even if the Court were to find that it had no jurisdiction over the wage statement claim (which it does not), Plaintiffs do not adequately explain how that would warrant a remand of the entire action. There is no argument that the Court lacks jurisdiction over the remaining causes of action.

Accordingly, the Court finds that it has jurisdiction over the action.

### 3. The Merits of Plaintiffs' First Claim for Relief for Inaccurate Wage Statements

Finding that Plaintiffs have standing to bring their first claim for relief for inaccurate wage statements, the Court will turn to the substantive merits of Home Depot's motion for

summary judgment as to this wage statement claim. This claim is brought by all three Plaintiffs and alleges inaccurate wage statements based on Home Depot's failure to account for the bonus payments in calculating the hourly rate. Labor Code § 226, the relevant provision, requires employers to include on wage statements, "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

Plaintiffs' allegations are that "Plaintiffs and the Pay Stub Class received compensation in the form of an hourly wage and cash incentive bonuses." (SAC ¶ 46.) After Home Depot paid the foregoing bonuses, it issued wage statements showing a single line item for "FLSA OTADJ." This line item reflects overtime wages. (*See id.* ¶ 31.) According to Plaintiffs, Home Depot failed to re-issue any wage statements showing the correct, adjusted hourly rate for overtime hours worked and the number of hours worked at each rate in light of the bonus payments. (*Id.* ¶ 32.)

In their opposition brief, Plaintiffs "agree that *Magadia* extinguishes the First Cause of Action for Wage Statement violations as presented to this Court." (Doc. No. 62 at 6.) In *Magadia*, the Ninth Circuit held that bonus overtime adjustments that span several pay periods do not trigger the pay-period-based wage statement requirements under Labor Code § 226. *See* 999 F.3d at 681. The Ninth Circuit relied on a recent California court opinion, which also recognized that the supposed "hourly rate" for the adjusted overtime pay "is a fictional hourly rate calculated after the pay period closes in order to comply with the Labor Code section on overtime"—"[i]t appears as part of the calculation for an overtime bonus and then disappears, perhaps never to be seen again." *Id.* (quoting *Morales v. Bridgestone Retail Operations, LLC*, 2020 WL 1164120, at *1, *5 (Cal. Ct. App. Mar. 11, 2020).) As Plaintiffs concede, this holding forecloses their ability to succeed on the merits of their wage statement cause of action. Because Home Depot must retroactively calculate the overtime adjustment based on work from prior periods, it is not an "hourly rate in effect during the pay period." Cal. Lab. Code § 226(a). Instead, it is a "fictional" hourly rate calculated only after the pay period has closed. Thus, the law does not mandate

that this fictional hourly rate appear on wage statements. It follows that Home Depot may not be liable for failing to disclose this rate on its wage statements.

Accordingly, the Court **GRANTS** summary judgment in favor of Home Depot as to the first claim for relief in the SAC.

### 4. Plaintiff Burcham's Second Claim for Failure to Pay Overtime

The parties also filed cross summary judgment motions on the second claim for relief. The second claim for relief—brought by Plaintiff Burcham only—asserts that Home Depot failed to pay all overtime wages owed. In essence, the dispute concerns whether Home Depot owed overtime when it awarded Plaintiff Burcham a minimum $100 bonus. The gravamen of Plaintiff Burcham's claim is that Home Depot should have recalculated overtime pay after it paid him a $100 bonus.

California law looks to an employee's "regular rate" to determine overtime wages owed to employees. Cal. Lab. Code § 510. For purposes of determining what payments are included or excluded from an employee's regular rate, absent controlling or conflicting California law, "California follows the federal standard. . .." *Prachasaisoradej v. Ralphs Grocery Co.*, 42 Cal. 4th 217, 242 n.14 (2007) (citing *Huntington Mem'l Hosp. v. Superior Court*, 131 Cal. App. 4th 893, 902 (2005)). The regular rate of pay includes all remuneration an employee receives, with some exceptions discussed below. *See* 29 U.S.C. § 207(e). Bonuses "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based." 29 C.F.R. § 778.208. Whether there is an obligation to include the bonus with other earnings to determine the regular rate depends on whether the bonus can be classified as a "percentage-based bonus" or a "flat sum bonus." This lawsuit arose because the parties characterize Home Depot's Success Sharing bonus differently. Plaintiffs believe the $100 bonus is a "flat sum bonus," whereas Home Depot considers the $100 bonus a "percentage-based bonus."

A "percentage-based bonus" (what Home Depot advocates for) is considered an exception to the general rule that the regular rate of pay includes all remuneration an employee receives. *See* 29 C.F.R. § 778.210. In other words, an employer is not liable for

additional overtime pay when they offer "percentage-based bonuses." A "percentage-based bonus" is one in which the employer will award a bonus calculated as a percentage of an employee's total wages (regular pay plus overtime pay). If an employer grants a bonus to an employee as a percentage of total pay, the employer increased both the regular rate of pay and the bonus pay by the same percentage. Under a "percentage-based bonus," there is no need for an employer to recalculate the regular rate on which overtime pay must be based, because the employer has already accounted for an increase in overtime pay.

By contrast, a "flat sum bonus" (what Plaintiff Burcham advocates for) is one in which the employer awards a lump sum which is not tied to the employee's earnings. Thus, "flat sum" bonuses must then be factored into an employee's regular rate, and the overtime pay must be recalculated in order to account for this increase in an employee's overtime earnings. *See Alvarado v. Dart Container Corp. of California*, 4 Cal. 5th 542, 562 (2018), as modified (Apr. 25, 2018) ("[A] flat sum bonus must be treated as if it were earned on a per-hour basis throughout the relevant pay period, augmenting the employee's other hourly wages."). An overtime premium must then be paid after the fact to account for additional overtime owed to the employee. (*Id.*)

The facts surrounding Home Depot's payment of bonuses under the Success Sharing program are not materially in dispute. Under Home Depot's Success Sharing program, Home Depot offered a bonus to eligible employees payable twice each year, in March and September. Whether a bonus was available depended on the performance of each Home Depot store. A store needed to achieve at least 95% of its financial target for employees of that store to receive any Success Sharing bonus. If a store reached their financial targets, Home Depot applied another small percentage to an employee's earnings (regular and overtime) during the bonus calculation period to determine the bonus for each eligible employee. Home Depot applied the same percentage to each individual's regular and overtime earnings to determine the Success Sharing bonus amount. For example, Home Depot could determine that the Success Sharing bonus was 1% of an employee's total earnings, including overtime. To award every eligible employee a meaningful bonus,

Home Depot had a policy of rounding up an employee's bonus if after applying the relevant percentage to an individual's total earnings, the bonus was less than $100. At issue in this case, are these minimum $100 bonuses.

Plaintiff Burcham received one of these $100 bonuses in March 2018. During this bonus period, Plaintiff Burcham also worked overtime hours. He argues that because this $100 bonus is a "flat sum" bonus, Home Depot needed, but failed to, recalculate his regular rate, and pay him an overtime premium. Home Depot, on the other hand, argues that $100 Success Sharing bonus was a percentage-based bonus that did not require an additional overtime payment. (Doc. No. 60-1 at 21.) Home Depot maintains that the $100 bonus is a percentage-based bonus because it increases the percentage that may be applied to achieve at least a $100 bonus. To give an example, Home Depot explains that "if a store's percentage was 2%, an eligible associate whose total eligible earnings were $3,333.33 would need the percentage increased to about 3% to receive a $100 bonus if the store achieved its financial targets." (Doc. No. 60-1 at 24.) Interestingly, although Home Depot failed to pay overtime premiums prior to September 2018, it changed its policy starting in September 2018 when it started adjusting overtime pay to account for the minimum bonuses.

The parties are in agreement that the bonuses that exceeded $100 were "percentage-based bonuses" in which no overtime premium is owed. (Doc. No. 62 at 7 ("Burcham's overtime claims take no issue with percentage-based bonuses under the Success Sharing plans.").) Therefore, Home Depot cannot be held liable for the bonus payments over $100 because they are properly calculated as a percentage of an employee's regular and overtime earnings, in accordance with 29 C.F.R. § 778.210.

The Court is only called upon to determine whether the $100 bonuses were "flat sum" or "percentage-based." It is not lost upon the Court that Home Depot's apparent good deed of providing each employee a meaningful bonus to award workers for their productivity has exposed Home Depot to litigation. As Home Depot points out, if it did ***not*** increase the payout to achieve a $100 Success Sharing bonuses, Plaintiffs would have no

overtime claim at all because these bonuses would be a straightforward percentage-based bonus. (Doc. No. 60-1 at 25.) But because it decided to round up and provide each employee a meaningful bonus of at least $100, it is now apparently on the hook for wage and hour violations. However, based on a plain reading of the current overtime laws, Home Depot's Success Sharing program offers two different kinds of bonuses: (1) a percentage-based bonus for those employees with awards over $100, ***and*** (2) a flat sum bonus for those who received a $100 minimum bonus.

The evidence in the record does not support Home Depot's interpretation of the bonuses as percentage-based. California labor laws are to be liberally construed in favor of worker protection. *See, e.g.*, *Mendoza v. Nordstrom, Inc.*, 2 Cal. 5th 1074, 1087 (2017). Home Depot stands by its assertion that only percentages are used to calculate the $100 bonuses. It argues that it will first calculate the bonus based on a percentage applicable to all employees, and once it determines that the resulting bonus is less than $100, Home Depot will go back and increase the percentage to achieve a minimum $100 bonus. However, there is simply no evidence in the record to support this claim. For example, there is no document or testimony by a Home Depot employee showing how Home Depot would recalculate these percentages twice to achieve the $100 bonus. Indeed, the evidence merely shows that after applying the first percentage, and determining that the amount is less than $100, the bonus is paid as lump sum. (*See* Barnaby Depo. at 60–61 ("Q: And then if the employee's share of the total store eligible amount is under a certain minimum, such as $100, the employee will receive a minimum payment; is that correct? A: Yes."). If the Court were to accept Home Depot's interpretation of percentage bonuses, all flat sum bonuses could be recharacterized as percentage-based, eviscerating 29 C.F.R. § 778.210. That is not to say that Home Depot did not at some point attempt to calculate the bonus using a percentage. The evidence only indicates that after using a percentage-based calculation, and after determining that this calculation yielded a total less than $100, Home Depot converted the bonus to a lump sum.

Because no genuine dispute as to any material fact exists, Plaintiff Burcham is

entitled to judgment as a matter of law.

### a) Basic Rate Regulations

Additionally, Home Depot argues that even if the bonus is considered flat sum, the award was nevertheless properly excluded from Plaintiff's regular rate of pay because the total amount at issue is less than fifty cents per week. Home Depot relies on 29 C.F.R. § 548.3(e), which provides that employers can exclude from an employee's regular rate of pay, "additional payments in cash or in kind which, if included in the computation of overtime under the Act, would not increase the total compensation of the employee by more than 50 cents a week on the average for all overtime weeks (in excess of the number of hours applicable under section 7(a) of the Act) in the period for which such additional payments are made." 29 C.F.R. § 548.3(e).

However, 29 C.F.R. § 548.3(e) only applies to the calculation of overtime pay in accordance with Section 7(g)(3) of the Fair Labor Standards Act ("FLSA"). That section of the FLSA allows employers and employees to agree to certain basic wage rates and thereby to set a "basic rate" on which overtime will be calculated. The purpose of the provision is to provide an alternative to computing overtime pay at the regular rate and to allow, under specific conditions, the use of an established, agreed-upon basic rate. Establishing a basic rate may simplify the employer's payroll calculations and bookkeeping by standardizing the employee's regular rate; this is particularly true if the employee's regular rate tends to fluctuate dramatically from week to week. *See* 29 C.F.R. § 548.100(a).

Here, Home Depot states that the wage statements show an agreement to pay Plaintiff Burcham a "basic rate" that is equal to his straight time hourly rate, and additional overtime pay is properly excluded. But as set forth in 29 C.F.R. § 548.100(a), the purpose of Section 7(g)(3) of the FLSA, is to provide an *exception* from the requirements of computing overtime at the regular rate. It logically follows that a basic rate will necessarily be different from the straight time hourly rate in order to give the provision any meaning. Additionally, Home Depot has not submitted any evidence showing that Plaintiff Burcham and Home Depot agreed to some "basic rate" or understanding that the Success Sharing

bonuses would be excluded from the computation of overtime pay. *See Provine v. Off. Depot, Inc.*, No. C 11-00903 SI, 2012 WL 2711085, at *6 (N.D. Cal. July 6, 2012). Furthermore, as noted by Plaintiff Burcham, it is doubtful that California's wage and hour statutes or regulations have adopted this de minimis doctrine found in the FLSA. *See Troester v. Starbucks Corp.*, 5 Cal. 5th 829, 835, 421 P.3d 1114, 1116 (2018), as modified on denial of reh'g (Aug. 29, 2018) (on certification by the Ninth Circuit as to whether California's wage and hour statutes or regulations adopted the de minimis doctrine found in the FLSA, the Supreme Court of California answered in the negative). In sum, the basic rate regulations do not support Home Depot's argument that there was an agreement to exclude the bonus from overtime pay.

Accordingly, the Court **GRANTS** summary judgment in favor of Plaintiff Burcham as to the second claim for overtime law violations. Home Depot's motion for summary judgment is **DENIED** on this claim.

### 5. Plaintiff Burcham's Fourth Claim for Waiting-Time Penalties

The parties also both argue they are entitled to summary judgment as to the fourth claim for waiting time penalties. Section 203 of the California Labor Code provides for penalties where an employer "willfully" failed to pay wages at the time an employee is terminated. *See* Cal. Lab. Code § 203. The California Department of Industrial Relations defines the term "willful" as used in Section 203 to mean the absence of a good faith dispute. *See* 8 Cal. Code Regs. § 13520(a). An employer's failure to pay is not willful if that failure is due to (1) uncertainty in the law; (2) representations by the taxing authority that no further payment was required; or (3) the employer's "good faith mistaken belief that wages are not owed" grounded in a "good faith dispute," which exists when the "employer presents a defense, based in law or fact which, if successful, would preclude any recovery on the part of the employee." A good faith dispute can exist even if the employer's proffered defense is "ultimately unsuccessful," but not if the defense is also "unsupported by any evidence, [is] unreasonable or [is] presented in bad faith." *Diaz v. Grill Concepts Services, Inc.*, 23 Cal. App. 5th 859, 868 (2018) (citations omitted).

Plaintiff Burcham argues that because Home Depot intended not to pay overtime resulting from the bonus payment, he is entitled to a liability determination on his claim for waiting time penalties under Labor Code § 203. (Doc. No. 59-1 at 12.) To support this claim, Plaintiff Burcham asserts that Home Depot's competitors attempted to pay overtime on similar bonus programs, which undercuts any reasonable belief that Home Depot was excused from overtime obligations when paying minimum Success Sharing bonuses. (*Id.* at 13.) By contrast, Home Depot moves for summary judgment on this same claim as well, arguing that there is no willful failure to pay wages if the legal duty to pay was unclear at the time of the violation. (Doc. No. 60-1 at 28.) The Court agrees with Home Depot.

Here, the record shows Home Depot reasonably believed that it did not owe Plaintiff Burcham premium wages at the time he left his employment based on the legal defenses of the percentage-based exception. As stated above, this defense proved to be unsuccessful. But it is still a defense "based in law" that "would preclude recovery on the part of the employee." *Wilson v. SkyWest Airlines, Inc.*, No. 19-CV-01491-VC, 2021 WL 2913656, at *3 (N.D. Cal. July 12, 2021) (finding a good faith defense despite the Ninth Circuit's rejection of the defense). A good faith dispute existed over whether Home Depot owed Plaintiff Burcham overtime on the $100 minimum bonus. In particular, a California district court had already held in 2016 that the Success Sharing bonuses were percentage-based bonuses. *See Bell v. Home Depot*, Case No. 2:12-cv-02499-JAM-CKD, Doc. No. 113 (E.D. Cal. 2016). Although that court did not address the issue of the $100 minimum bonus, (which this Court finds commuted the percentage basis to a flat sum) there was at least some reasonable basis to mistake the $100 minimum bonus as a percentage-based bonus. Plaintiff Burcham's Labor Code § 203 claim thus fails.

In accordance with the foregoing, the Court **GRANTS** Home Depot's motion, and enters summary judgment on the fourth claim for Home Depot.

### 6. Plaintiff Burcham's Fifth Claim for Violation of the UCL

Next, the parties both move for summary judgment as to the UCL claim. Home Depot argues that Burcham's UCL claim fails as it is entirely duplicative of his overtime

claim, and therefore redundant. (Doc. No. 63 at 19.) It explains the UCL would allow only the recovery of additional wages out to a four-year statute of limitations period, beyond the three years otherwise granted to claims for unpaid wages in California. (*Id.* at 20.) Burcham's sole claim to allegedly unpaid wages arises out of a Success Sharing bonus paid in March 2018, approximately two years before filing his claims in the operative Second Amended Complaint. (*Id.*) Therefore, Burcham's UCL claim adds no possible recovery on top of Burcham's overtime claim, and it should be dismissed as redundant. (*Id.*)

In moving for summary judgment on this claim, Plaintiff Burcham concedes his claim is derivative of his overtime claim. Plaintiff Burcham, however, argues that his claim is not redundant because injunctive relief may still be necessary. However, former employees lack standing to bring a claim for injunctive relief against their employers because such employees do not stand to benefit from the injunction. *See Byrd v. Masonite Corp.*, 215 F. Supp. 3d 859, 865 (C.D. Cal. 2016). Accordingly, Plaintiff Burcham's UCL claim may properly be dismissed as duplicative. *See O'Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 1008 (N.D. Cal. 2014) (dismissing as redundant UCL claim predicated on identical factual allegations as substantive Labor Code claims)

In sum, the Court **GRANTS** summary judgment in favor of Home Depot on Plaintiff Burcham's UCL cause of action.

### III. CONCLUSION

For all the reasons stated, the Court:

(1) **GRANTS IN PART** Plaintiffs' motion for reconsideration, (Doc. No. 55);

(2) **DENIES AS MOOT** the motion for leave to file a sur-reply, (Doc. No. 70);

(3) **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion for summary judgment, (Doc. No. 59); and

(4) **GRANTS IN PART AND DENIES IN PART** Home Depot's motion for summary judgment, (Doc. No. 60).

In sum, the Court grants summary judgment in favor of Home Depot as to the first (inaccurate wage statements), fourth (failure to pay all wages due upon termination), and

fifth (UCL) causes of action. The Court grants summary judgment for Plaintiff Burcham as to the second (overtime) claim.

By **August 18, 2021**, the parties must contact Magistrate Judge Andrew G. Schopler's chambers for further scheduling of the matter in light of this decision, including a time line for an amended complaint addressing the "third claim" only.

**IT IS SO ORDERED.**

Dated: August 17, 2021

Hon. Anthony J. Battaglia
United States District Judge