MORGAN, LEWIS & BOCKIUS LLP
Barbara J. Miller (SBN 167223)
John D. Hayashi (SBN 211077)
Samuel S. Sadeghi (SBN 311785)
600 Anton Boulevard, Suite 1800
Costa Mesa, CA  92626-7653
Tel:   +1.714.830.0600
Fax:   +1.714.830.0700
barbara.miller@morganlewis.com
john.hayashi@morganlewis.com
sam.sadeghi@morganlewis.com

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE SANCHEZ BARRAGAN, ARACELI BARRAGAN, and JEREMEY BURCHAM, individually and on behalf of others similarly situated,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware Corporation,<br><br>                    Defendant. | Case No. 3:19-cv-01766-AJB-AGS<br><br>Hon. Anthony J. Battaglia<br>Courtroom 4A<br><br>**DEFENDANT HOME DEPOT U.S.A., INC.'S OPPOSITION TO PLAINTIFF JEREMY BURCHAM'S MOTION FOR CLASS CERTIFICATION**<br><br>Date:         November 4, 2021<br>Time:         2:00 p.m.<br>Courtroom:   4A<br><br>Complaint Filed:  August 12, 2019<br>SAC Filed:        July 21, 2021 |

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ........................................................................... 5

II.    FACTUAL BACKGROUND ............................................................ 7

    A.     HOME DEPOT'S SUCCESS SHARING BONUS PROGRAM ......... 7

    B.     PLAINTIFF BURCHAM'S EMPLOYMENT AND BONUS
         PAYMENT ....................................................................... 8

    C.     OVERTIME HOURS OF A SMALL GROUP OF PUTATIVE
         CLASS MEMBERS WHO RECEIVED $100 SUCCESS
         SHARING BONUSES ........................................................ 9

III.   LEGAL STANDARD ................................................................... 10

IV.    ARGUMENT ............................................................................. 12

    A.     BURCHAM CANNOT ESTABLISH THAT COMMON
         ISSUES PREDOMINATE AS TO LIABILITY UNDER RULE
         23(B)(3). ...................................................................... 12

    B.     BURCHAM HAS NOT PRESENTED A VALID CLASS-
         WIDE DAMAGES MODEL FOR HIS THEORY OF
         LIABILITY. ................................................................... 15

         1.     THERE IS NO WAY TO DETERMINE THE ACTUAL
             OVERTIME HOURS WORKED BY CLASS
             MEMBERS. .............................................................. 17

         2.     INDIVIDUAL ANALYSIS IS REQUIRED TO
             DETERMINE THE "TRUE-UP" AMOUNT OF THE
             SUCCESS SHARING BONUS ON WHICH ANY
             OVERTIME IS OWED TO CLASS MEMBERS. ................. 19

V.     CONCLUSION ........................................................................... 22

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

2

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION
3:19-CV-01766-AJB-AGS

1
2

# **TABLE OF AUTHORITIES**

3

**Page(s)**

4

**FEDERAL CASES**

5
6

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997) ....................................................................... 11

7
8

*Bell v. Home Depot*,
   Case No. 2:12-cv-02499-JAM-CKD, Doc. No. 113 (E.D. Cal. 2016) .......... 8, 20

9
10

*Castillo v. Bank of America*,
   980 F.3d 723, 732 (9th Cir. 2020) ........................................... 12, 13, 15

11

*Castillo v. Johnson*,
   853 F. App'x 125 (9th Cir. 2021) ...................................................... 16

12
13

*Comcast Corp. v. Behrend*,
   569 U.S. 27 (2013) ................................................................. passim

14
15

*Converse v. Vizio, Inc.*,
   2020 WL 2922490 (W.D. Wash. 2020) ............................................... 16

16
17

*Davidson v. O'Reilly Auto Enters., LLC*,
   968 F.3d 955 (9th Cir. 2020) ......................................................... 7, 8

18
19

*Erica P. John Fund, Inc. v. Halliburton Co.*,
   563 U.S. 804 (2011) ..................................................................... 11

20
21

*Harvey v. Centene Mgt. Co.*,
   2020 WL 2411510 (E.D. Wash. 2020) ..................................... 12, 13, 22

22
23

*In re Wells Fargo Home Mortg. Overtime Pay Litig.*,
   571 F.3d 953 (9th Cir. 2009) .......................................................... 11

24

*James v. Uber Technologies, Inc.*,
   338 F.R.D. 123 (2021) .................................................................. 12

25
26

*Marlo v. UPS, Inc.*,
   639 F.3d 942 (9th Cir. 2011) .......................................................... 12

27
28

*Mazza v. Am. Honda Motor Co.*,
   666 F.3d 581 (9th Cir. 2012) .......................................................... 12

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

3

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION
3:19-CV-01766-AJB-AGS

*Mohamed v. Kellogg Co.*,
   2019 WL 1330920 (S.D. Cal. Mar. 23, 2019)....................................................22

*Nguyen v. Nissan N. Am.*,
   932 F.3d 811 (9th Cir. 2019) ............................................................................16

*Quesada v. Banc of Am. Inv. Servs., Inc.*,
   2013 WL 623288 (N.D. Cal. 2013).....................................................................15

*Russell v. Gov't Emps. Ins. Co.*,
   No. 17-CV-672 JLS (WVG), 2018 WL 1210763 (S.D. Cal. Mar. 8, 2018)......19

*Vaquero v. Ashley Furniture Indus., Inc.*,
   824 F.3d 1150 (9th Cir. 2016) ...........................................................15, 16, 18

*Vinole v. Countrywide Home Loans, Inc.*,
   571 F.3d 935 (9th Cir. 2009) .............................................................................11

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) .....................................................................................10, 11

**CALIFORNIA CASES**

*Oman v. Delta Air Lines, Inc.*,
   9 Cal. 5th 762 (2020).........................................................................19, 20, 21

**OTHER AUTHORITIES**

29 C.F.R. § 778.210.................................................................................................19

Cal. DLSE Enforcement Policies and Interpretations Manual § 49.2.4.................21

Fed. R. Civ. P. 23(b)(3) .........................................................................................11

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

4

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION
3:19-CV-01766-AJB-AGS

## I.    **INTRODUCTION**

Plaintiff Jeremy Burcham's ("Burcham") Motion for Class Certification ("Motion" or "Mot.") fails because he cannot satisfy Rule 23(b)(3)'s requirements for two independent reasons: (1) Burcham cannot show that common issues predominate over individual ones as to liability; and (2) Burcham cannot show that "damages are capable of measurement on a classwide basis." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-36 (2013).

Burcham seeks to certify a class of "non-exempt Home Depot employees in California who received a minimum $100 Success Sharing bonus ***and worked overtime*** during the same Success Sharing plan period," but fails to offer any common method of proof to determine if class members actually worked overtime. *See* Mem. ISO Mot at 6, 14 (emphasis added).  Liability on Burcham's overtime claim turns on whether each class member actually worked overtime.  Burcham's own pay records show that he was ***paid for 9 overtime hours and 3 doubletime hours*** during the period he received his only $100 Success Sharing bonus, but an individual analysis of his testimony and time records show that, because of his own clocking error that he failed to correct, ***he did not actually work 5.75 of those overtime hours and he did not work any doubletime hours***.  *See infra* Section II.B.  Rather, those hours were paid because Mr. Burcham did not clock back in after going on a meal break.  *See id.*  Mr. Burcham is not owed any overtime for hours he never worked in the first instance.

Moreover, an individualized analysis of the time records of a small sample of putative class members suggests that although they were paid overtime and doubletime during the period for which they received $100 Success Sharing bonuses, they did not actually work ***any*** overtime or doubletime hours during the period as a result of clocking errors that they failed to correct or report.  Accordingly, while these individuals would be part of the class Plaintiff seeks to certify, an individualized analysis would likely establish no liability at all to these

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

5

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION
3:19-CV-01766-AJB-AGS

individuals (as well as an unknown number of others). In addition, as to many other putative class members (including Burcham), the time records, testimony, and potentially other evidence would show significantly less overtime and/or doubletime actually worked than what is reflected by payroll records as a result of individual employee clocking errors that they did not correct.  Individual analysis of time records, payroll records, and testimony on a person-by-person basis would be required to determine (a) if the employee worked any overtime and/or doubletime at all during the Success Sharing bonus period at issue despite a pay statement showing pay for such time; and (b) exactly how much overtime and/or doubletime was actually worked (as opposed to paid).  Plaintiff offers no plan for managing these significant individualized issues, and thus their class certification motion fails.

In addition, Burcham's damages model is inadequate as it solely relies on Home Depot's pay policies and pay statements.  Because some employees fail to correct or report their clocking errors, the pay statements can overstate the number of overtime and doubletime hours worked (as explained above).  These records also fail to show the amount of the bonus on which overtime is due.  The number of overtime hours actually worked by class members is a necessary component of calculating each class member's damages under Burcham's overtime claim.  Similarly, Home Depot's payroll records do not show what portion of a $100 Success Sharing bonus was earned by an employee as a percentage bonus (on which overtime was paid) and which amount was the "true-up" amount  to raise the bonus to $100.  Since the percentage-based portion of the bonus (before a true-up to a higher percentage than others in the store received) paid overtime fully, no additional overtime is owed on this component.  It is only the percentage true-up to $100 on which Plaintiff can claim no overtime payment.  Without a way to determine the true-up portion without resort to individualized records and calculations, Plaintiff has not presented a damages model sufficient to support class certification.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

6

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION
3:19-CV-01766-AJB-AGS

Burcham failed to carry his burden of "affirmatively demonstrat[ing]"—with actual evidence—that class certification is warranted." *Davidson v. O'Reilly Auto Enters., LLC*, 968 F.3d 955, 968 (9th Cir. 2020) (citation omitted). Accordingly, Home Depot respectfully requests that this Court deny Burcham's Motion.

## II.   FACTUAL BACKGROUND

### A.   Home Depot's Success Sharing Bonus Program

During the relevant class period of August 12, 2016 to June 20, 2018,[1] Home Depot offered a Success Sharing bonus to eligible employees payable twice each fiscal year, in March and September. *See* Declaration of Christine Barnaby ISO Defendant's Opposition to Burcham's Motion for Class Certification ("Barnaby Decl."), ¶ 3. Under its incentive bonus plan, Home Depot used a formula to calculate a percentage for each store based on the store's performance. *Id.* at ¶¶ 3-4. If a store achieved at least 95% of its financial target, the store's employees would receive a Success Sharing bonus. *Id.* at ¶ 3. Employees were eligible for the bonus if they had at least 90 days of service during the bonus calculation period ("Calculation Period") and were employed at the time the bonus was paid out. *Id.* For eligible employees, Home Depot applied that percentage to earnings (regular and overtime) during the Calculation Period to determine the Success Sharing bonus for each eligible employee. *Id.* at ¶¶ 3-4. For the March bonus, the store's percentage was applied to earnings between August through January, and for the September bonus, the store percentage was applied to earnings applied to earnings between February through July. *Id.*

To ensure that every eligible employee received a meaningful amount, Home Depot adjusted the percentage Success Sharing bonus so that the employee received a minimum of $100. *Id.* at ¶ 5. In essence, if after applying the store's percentage to an eligible employee's earnings (regular and overtime), the employee's earned

---

[1] Plaintiff's class definition covers "within three years of the filing of the complaint in this action until June 20, 2018." *See* Mem. ISO Mot. (ECF No. 78-1) at 6.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

7

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION
3:19-CV-01766-AJB-AGS

percentage bonus was less than $100, Home Depot would adjust the percentage and pay a "true-up" amount so that the employee received at least $100. *See id.* As explained by the court in *Bell v. Home Depot*, "because Home Depot calculates the Success Sharing Plan bonus based on both regular and overtime wages, Home Depot compensates employees for overtime earnings owed at the time the bonus is paid out." *See Bell v. Home Depot*, Case No. 2:12-cv-02499-JAM-CKD, Doc. No. 113 (E.D. Cal. 2016).

## B.   Plaintiff Burcham's Employment and Bonus Payment

Plaintiff Burcham worked for Home Depot from October 16, 2017 to January 31, 2019. Barnaby Decl., ¶ 7. During the relevant class period, Burcham received only one $100 Success Sharing payment on March 20, 2018 for the Calculation Period of August 1, 2017 to January 31, 2018. *Id.* at ¶ 7, Ex. B. During the Calculation Period of August 1, 2017 to January 31, 2018, Burcham was paid 541.5 regular hours, 11 overtime hours, and 3 doubletime hours. *Id.* However, Burcham was in fact overpaid by 5.75 hours of overtime and 3 hours of doubletime due to his clocking errors that he never corrected. *See* Barnaby Decl., ¶¶ 9-10.

Burcham testified that during the holiday season (Christmas/New Year's) of 2017, he worked in the lumber department, and he ***did not recall ever working into the evening***. *See* Sadeghi Declaration ("Sadeghi Decl."), ¶ 3, Ex. A ("Burcham Depo.") at 83:20-84:20.[2] Burcham's time records show that although he typically worked from 10:00 a.m. to 7:00 p.m. in 2017 with a one-hour meal break beginning around 2:30 p.m., Burcham was clocked in on December 29, 2017 from 10:00 a.m. to 2:45 p.m. and again from 7:02 p.m. to 12:00 a.m. (midnight)[3], and that he was clocked in on December 30, 2017 from 12:00 a.m. (midnight) to 10:00 a.m. and

---

[2] Burcham testified that the only time he worked overnight was on one occasion in 2018 while working in the flooring department when he worked until about 2:00 a.m. *See* Burcham Depo. at 82:9-83:1.

[3] The midnight clocks are automatically generated because of the day break (the change from one day to the next).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

8

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION
3:19-CV-01766-AJB-AGS

again from 2:04 p.m. to 7:01 p.m.  *See* Barnaby Decl., ¶ 9, Ex. C.  Given

Burcham's testimony that he never worked overnight in 2017, this clocking pattern

is explained as follows:  On December 29, 2017, Burcham clocked in as usual at

10:00 a.m. and clocked out for his meal break at 2:45 p.m., but then he *forgot to*

*clock back in from his meal break*.  *See id.* As a result, Burcham's punch at 7:02

p.m. (his clock out for the day) was recorded as if he clocked in to work at that time

after his meal break and he remained "clocked-in" through midnight into December

30, 2017 until he punched again at 10:00 a.m., which was recorded as if he clocked

out.  *See id.*  In other words, Burcham actually worked about 16 regular hours and 3

minutes of overtime, combined, on December 29 and 30, 2017 based on Burcham's

time records, his standard clocking pattern, and his testimony that he did not work

overnight during the holiday season of 2017.  *See id.* at ¶ 10; Burcham Depo. at

83:20-84:20.  However, Burcham's pay statement shows that he was paid for a total

of 16 regular hours, 5.75 overtime hours, and 3 doubletime hours for December 29

and 30, 2017, despite the fact that Burcham did not actually work 5.75 overtime

hours and 3 doubletime hours.  *See* Barnaby Decl., ¶¶ 7, 9-10, Exs. B-C; *see also*

Burcham Depo. at 83:20-84:20.

### C.   Overtime Hours of a Small Group of Putative Class Members Who Received $100 Success Sharing Bonuses.

During the proposed class period, employees were expected to accurately

record their time and make sure that they corrected or reported any clocking errors.

*See* Barnaby Decl., ¶ 8.  On some occasions, it appears that employees neglected to

correct or report their clocking errors, which resulted in some employees receiving

pay for overtime and doubletime hours when they did not actually work overtime or

doubletime.  For example, associates Florencio R. and Lucio T. received a $100

Success Sharing bonus in September of 2017 and associates Jemahl W., Raymond

C., and Todd M. received a $100 Success Sharing bonus in March of 2018.  *See id.*

at ¶¶ 11-15.  Each was paid for overtime and doubletime during the Calculation

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

9

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION
3:19-CV-01766-AJB-AGS

Period applicable to their bonuses, but a review of their time records indicates that these associates likely did not work any overtime or doubletime during the applicable Calculation Periods due to their apparent clocking errors that were not reported or corrected. *See id.*

As a further example, associates Jacquelyn O., Juan A., Nicholas C., and Spencer B. received a $100 Success Sharing bonus in September of 2017 and associates Alejandro R., Adrian Z., and Juana G. received a $100 Success Sharing bonus in March of 2018. *See id.* at ¶¶ 16-22. A review of their time records shows that, like Burcham, they apparently did not actually work a significant portion of the overtime and/or doubletime hours for which they were paid during the Calculation Periods applicable to the $100 Success Sharing bonuses that they received. *See id.* Instead, it appears that these associates were overpaid overtime and/or doubletime hours due to their own clocking errors that they failed to correct or report to Home Depot. *See id.* at ¶¶ 8, 16-22. Indeed, their records suggest that none of these associates actually worked any doubletime and they all worked significantly less overtime than what they were paid. *See id.* at ¶¶ 16-22.

## III.    <u>LEGAL STANDARD</u>

Class actions are an "exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (citation omitted). "[A] party seeking to maintain a class action 'must affirmatively demonstrate his compliance' with Rule 23." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quotation omitted). "[A] party must not only 'be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact,' typicality of claims or defense, and adequacy of representation, as required by Rule 23(a)," but "must also satisfy through ***evidentiary proof*** at least one of the provisions of Rule 23(b)." *Id.* (emphasis added) (citation omitted).

Because Burcham seeks damages, he must also demonstrate that "common"

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

10

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION
3:19-CV-01766-AJB-AGS

issues "predominate" over issues peculiar to individual class members, a requirement that is "far more demanding" than Rule 23(a). *See* Fed. R. Civ. P. 23(b)(3); *Comcast*, 569 U.S. at 34 ("Rule 23(b)(3)'s predominance criterion is even more demanding than Rule 23(a)."); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997). Existence of a common policy or set of policies is not enough to establish commonality. Rather, the Ninth Circuit has expressly disapproved reliance on an employer's uniformly applied internal exemption policies to support certification, holding that such an approach would improperly "disregard[] the existence of other potential individual issues that may make class treatment difficult if not impossible." *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953, 958 (9th Cir. 2009). Indeed, a court's reliance on an internal uniform policy to find certification, while ignoring other factors relevant to the predominance inquiry amounts to an abuse of discretion. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 946 (9th Cir. 2009).

The Supreme Court has made clear that "'[w]hat matters to class certification . . . is not the raising of common 'questions'—even in droves—but rather, the capacity of a class-wide proceeding to generate ***common answers apt to drive the resolution of the litigation***.'" *Dukes*, 564 U.S. at 350 (emphasis added) (citation omitted). The Court must look at the "elements of the underlying cause of action" and what evidence will be utilized to prove those elements. *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011). Even if Plaintiff believes that he can offer class-wide proof of an element of a claim, Home Depot has a right to disprove issues on an individual basis. *Dukes*, 564 U.S. at 367 (noting that courts must also consider a defendant's due process "entitle[ment] to litigate its statutory [or other] defenses to individual claims"). Courts must conduct a "rigorous analysis" to determine whether the requirements of Rule 23 are met, which will frequently entail "overlap with the merits of the plaintiff's underlying claim." *Comcast*, 569 U.S. at 33-34.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

11

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION
3:19-CV-01766-AJB-AGS

The party seeking class certification bears the burden to affirmatively demonstrate that all of Rule 23's requirements are met.  *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir. 2012); *see also Marlo v. UPS, Inc.*, 639 F.3d 942, 947 (9th Cir. 2011) (holding plaintiff "bears the burden of demonstrating that the requirements of Rules 23(a) and (b) are met").  As discussed below, Burcham falls well short of his burden.

## IV.   **ARGUMENT**

### A.   **Burcham Cannot Establish that Common Issues Predominate as to Liability Under Rule 23(b)(3).**

Because Burcham cannot provide a common method of proof to establish Home Depot's class-wide liability, he cannot establish Rule 23(b) predominance.  In *Castillo v. Bank of America*, the plaintiff sought to certify overtime claims, even though some class members were "not underpaid, and thus could not have been injured . . . in the first place."  980 F.3d 723, 732 (9th Cir. 2020).  That question of whether some class members were "ever underpaid . . . goes to *liability* rather than damages."  *Id.* at 731.  Thus, the plaintiff failed to "provide a common method of proof to establish Bank of America's class-wide liability," and his proposed class failed for lack of predominance.  *Id.* at 732; *see also Harvey v. Centene Mgt. Co.*, 2020 WL 2411510, at *6 (E.D. Wash. 2020) (denying certification where "resolving the threshold issue of injury-in-fact" by "identifying those to whom reimbursement is owed would be . . . a laborious, record-intensive task").  Common evidence must predominate *both* classification *and* liability under each individual claim.  *James v. Uber Technologies, Inc.*, 338 F.R.D. 123, 142 (2021) (refusing to certify minimum-wage claim because "[d]etermining Uber's liability for wages cannot be determined on a class-wide basis").

For Burcham to establish Rule 23(b)(3) predominance as to a class of Home Depot's non-exempt employees who received a $100 Success Sharing bonus ***and worked overtime*** during the bonus's Calculation Period, Burcham must show that

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

12

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION
3:19-CV-01766-AJB-AGS

all of those non-exempt employees *actually worked overtime*. If they did not work overtime, there is no liability. Nevertheless, Burcham offers no "common method of proof to establish [Home Depot's] class-wide liability" on his overtime claim. *Castillo*, 980 F.3d at 732. Burcham simply assumes that "Home Depot's employees frequently work overtime." Mem. ISO Mot. (ECF No. 78-1) at 1. Burcham claims that he can establish Rule 23(b) predominance because Home Depot's "pay policies and corporate *payroll records* provide a reliable evidentiary foundation upon which all the claims in this case can be and should be tried." *Id.* at 14 (emphasis added). However, Burcham ignores the fact that while Home Depot's payroll records show the overtime hours *paid* to each non-exempt employee, they do not necessarily show the actual overtime hours *worked*, if any, by all non-exempt employees. Non-exempt employees frequently make errors when they clock. Home Depot pays associates based on the times that they clock. When associates fail to report an erroneous set of time punches, and the associate's errors result in an overpayment to the associate for time the associate did not work, the associate is not owed additional overtime adjustment pay for overtime hours paid but not worked under any liability theory.

An individualized inquiry into Burcham's own payroll records, time records, and testimony shows that Burcham's payroll records do not show the actual overtime and doubletime hours that he worked as a result of his own errors that he failed to correct or report. During the Calculation Period for the only $100 Success Sharing bonus that Burcham received, Burcham's pay statements show that he was paid for 9 overtime hours and 3 doubletime hours. *See* Barnaby Decl., ¶ 7, Ex. B. However, Burcham's testimony coupled with his time records show that Burcham did not actually work the majority of those hours (*i.e.*, 5.75 overtime and 3 doubletime hours) due to his clocking error that resulted in him being paid as if he had worked through midnight and into the next morning's shift on December 29 and 30, 2017. *See supra* Section II.B. Burcham confirmed that he never worked overnight during this holiday season. Burcham Depo. at 83:20:84:20 (testifying that

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

13

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION
3:19-CV-01766-AJB-AGS

he did not work overnight during the holiday season of 2017).  Burcham's unreported clocking error resulted in his receipt of significant overtime that he was never actually owed, reducing the amount he can claim in this action to almost nothing.  He is owed nothing at all for doubletime reported on his pay statements and mere pennies for less than four hours of overtime that he did work.  This evidence shows that an individualized inquiry is necessary to determine if every other non-exempt employee who was paid overtime hours actually worked those hours as opposed to a situation where they made clocking errors that they failed to correct or report.

Indeed, an individualized analysis of the time records of a small group of putative class members shows that other employees also made clocking errors that they failed to correct or report, and the errors caused them to receive overtime pay <u>when they actually worked *no* overtime at all</u>.  For example, associates Florencio R., Lucio T., Jemahl W., Raymond C., and Todd M. received $100 Success Sharing bonuses in September of 2017 or March of 2018, and all received overtime and doubletime pay in the Calculation Periods applicable to their Success Sharing bonuses.  *See* Barnaby Decl., ¶¶ 11-15.  However, an individualized analysis of each of their time records indicates that they likely did not work *any* overtime or doubletime during the applicable Calculation Periods due to apparent clocking errors that they failed to correct or report.  *See id.*  That these associates worked no overtime at all means that there is no liability as to these associates under Burcham's theory of liability.  Moreover, a calculation of any overtime owed to these associates as a result of a $100 Success Share payment cannot be based on their pay statements alone, but would require individualized inquiry into their time records and timekeeping practices.

As with Burcham and the small group of putative class members identified above, the time records and testimony of every non-exempt employee would require analysis to determine if the hours paid were actually worked or a result of

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
3:19-CV-01766-AJB-AGS

the associate's own clocking errors that the associate failed to report or correct. This necessary, individual determination for each employee dwarfs any common issue, yet Burcham fails to even acknowledge the issue in his Motion (despite it being raised on Home Depot's summary judgment motion).  There is no liability as to employees who were paid overtime and/or doubletime hours, but did not actually work those overtime and/or doubletime hours due to their own clocking errors that they failed to fix or report.  *See Castillo v. Bank of Am., NA*, 980 F.3d 723, 739 (9th Cir. 2020) (finding no predominance because "[t]hose employees who did not work overtime . . . can have no claim for compensation based on an erroneous method of overtime-rate calculation.").

In short, individual issues predominate over any common ones because each non-exempt employee's time records and testimony, and potentially other evidence, will need to be individually analyzed to determine if they actually worked the overtime hours for which they were paid.  Where, as here, even "after adjudication of [supposedly] class-wide issues, plaintiffs must still introduce a great deal of individualized proof . . . to establish most or all of the elements of their individual claims," the class should not be certified. *Quesada v. Banc of Am. Inv. Servs., Inc.*, 2013 WL 623288, at *5 (N.D. Cal. 2013) (citation omitted).[4]

## B.  Burcham Has Not Presented a Valid Class-Wide Damages Model for His Theory of Liability.

Even if Burcham can establish Rule 23(b)(3) predominance as to *liability*, which he cannot as explained above, he must also satisfy Rule 23(b)(3)'s requirement that "damages [be] capable of measurement on a classwide basis." *Comcast*, 569 U.S. at 34.  Under *Comcast*, Burcham must show that his proposed damages model matches his theory of liability and that the methodology is "just and

---

[4] Burcham cannot rely on *Vaquero v. Ashley Furniture Indus., Inc.*, 824 F.3d 1150 (9th Cir. 2016) because "the question of whether the putative class members were ever 'subject to [Home Depot's] overtime calculation policy and ever underpaid as a result goes to *liability* rather than damages." *Castillo*, 980 F.3d at 731.

reasonable" in light of the actual facts of the case before the court.  569 U.S. at 35-36 ("[A] model purporting to serve as evidence of damages . . . must measure only those damages attributable to that theory.  If the model does not even attempt to do that, it cannot possibly establish that damages are susceptible of measurement across the entire class for purposes of Rule 23(b)(3)."); *see also Nguyen v. Nissan N. Am.*, 932 F.3d 811, 817 (9th Cir. 2019).  While in some cases "the need for individualized findings as to the amount of damages does not defeat class certification," *Vaquero v. Ashley Furniture Indus., Inc.*, 824 F.3d 1150, 1155 (9th Cir. 2016), the "Ninth Circuit has explained that it 'applied this understanding in cases where there existed a *common methodology* for calculating damages.'" *Converse v. Vizio, Inc.*, 2020 WL 2922490, at *4 (W.D. Wash. 2020) (emphasis added); *see also Castillo v. Johnson*, 853 F. App'x 125, 126 (9th Cir. 2021) (holding a damages model is adequate if "each class member's damages may easily be calculated using simple arithmetic because the alleged [damage amount] applies class wide.").

Here, Burcham proposes a damages model of "Bonus/Reg Hrs. x 1.5 OT Hrs." based on Home Depot's "pay policies and corporate payroll records," which records he claims provide a "reliable evidentiary foundation upon which all the claims in this case can and should be tried."  *See* Mem. ISO Mot. at 14.  But as explained below, the pay policies and payroll records do not necessarily show how many overtime hours all class members actually worked due to employees' unreported or uncorrected clocking errors.  Rather, the records show the number of hours for which employees were paid which may include unreported clocking errors (particularly when those clocking errors result in overpayment of overtime and doubletime).  In addition, pay records do not show the amount of the bonus on which overtime is allegedly due under Burcham's theory of liability.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

16

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION
3:19-CV-01766-AJB-AGS

### 1. *There is no way to determine the actual overtime hours worked by class members.*

Burcham's damages model is flawed because it does not present a common methodology for calculating the overtime hours worked by each class member. The only evidence put forth by Burcham is Home Depot's payroll records, which may overstate the actual overtime hours worked by putative class members who failed to correct or report their clocking errors. As detailed in the previous section, Burcham's own payroll records show that he was paid 9 overtime hours and 3 doubletime hours during the Calculation Period of his sole $100 Success Sharing bonus in the relevant class period. In reality, an individual analysis of Burcham's testimony and time records for that period show that due to Burcham's clocking error, he did not actually work 5.75 of those 9 overtime hours nor did he work any doubletime hours. Thus, Burcham's claim is limited to 3.25 overtime hours.

That the payroll records are not a reliable source of how much overtime putative class member worked is further evidenced by analyzing the time records of a small group of putative class members. As explained in the previous section, the time records of associates Florencio R., Lucio, T., Jemahl W., Raymond C., and Todd M. suggest that these associates were paid for overtime and doubletime hours during the periods for which they received $100 Success Sharing bonuses even though they actually did not work *any* overtime or doubletime. *See* Barnaby Decl., ¶¶ 11-15. As a further example, associates Jacquelyn O., Juan A., Nicholas C., Spencer B., Alejandro R., Adrian Z., and Juana G. were paid for overtime and doubletime during the periods for which they received Success Sharing bonuses in September of 2017 or March of 2018. *See id.* at ¶¶ 16-22. An individualized analysis of these associates' time records suggests that, like Burcham, they apparently did not actually work a significant portion of the overtime and/or doubletime hours for which they received pay. *See id.* Instead, it appears that the payments resulted from the associates' own clocking errors that they failed to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

17

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION
3:19-CV-01766-AJB-AGS

1    correct or report.  *See id.*

2         As with Burcham and the sample of putative class members identified above,

3    the actual overtime hours worked by an associate cannot be determined by using

4    Home Depot's payroll records in every instance because associates make clocking

5    errors.  While they are supposed to report and correct these errors, such corrections

6    do not always take place (Burcham and the putative class members identified above

7    being prime examples).  Some method to account for these clocking errors would

8    need to be included in a damages model.  Despite the fact that Burcham himself did

9    not work most of the overtime for which he was paid during the Calculation Period

10   of his sole $100 Success Sharing bonus (and Defendant's pointing this out in their

11   summary judgment motion), Burcham offers no such damages model and simply

12   ignores the issue altogether.

13        Had Burcham presented a form of common evidence from which class

14   members' damages could be calculated, whether through a common damages

15   calculation or "individual damages calculations" as contemplated by the Ninth

16   Circuit in *Vaquero*, then Burcham's damages model could be adequate.  *See*

17   *Vaquero*, 824 F.3d at 1155.[5]  However, Burcham has not presented any common

18   methodology or evidence to determine the underlying overtime hours actually

19   worked by class members.  As a result, there is no way to calculate, even on an

20   individual basis, how much overtime any class member is allegedly owed because

21   there is no common evidence to show how many overtime hours each class member

22   actually worked.  Thus, Burcham has failed to present an adequate damages model.

23

24

25   _____

26   [5] Burcham's argument (based on *Vaquero*) that "even though class members may
     have individualized damages, that does not defeat class certification" is misguided.
27   Mem. ISO Mot. at 14.  The issue is not that individual application of a valid model
     yields a different amount of damages as to each class member.  The issue is that
28   Burcham has not even presented a common model through which any class
     member's damages may be calculated.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

18

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION
3:19-CV-01766-AJB-AGS

### 2. *Individual analysis is required to determine the "true-up" amount of the Success Sharing bonus on which any overtime is owed to class members.*

Where an employer calculates a bonus as a "percentage of total earnings" by multiplying the employee's total pay (straight time and overtime earnings) by the same fixed percentage, the bonus is properly excluded from the employee's regular rate of pay for overtime purposes, and thus "no recomputation [of previously paid overtime] will be required." 29 C.F.R. § 778.210; *see also Russell v. Gov't Emps. Ins. Co.*, No. 17-CV-672 JLS (WVG), 2018 WL 1210763, at *3-5 (S.D. Cal. Mar. 8, 2018) (holding that an employer's bonus paid as a percentage of yearly earnings did not have to be reapportioned back over the time in which it was earned to recalculate overtime earned over that period) *aff'd*, 787 F. App'x 953 (9th Cir. 2019).  This is because a percentage bonus pays 1.5 times the amount for each overtime hour that it pays for each non-overtime hour.  For example, if an employee earns $15 per hour, each overtime hour is paid at $22.50.  A bonus of 10% on all earnings will pay $1.50 for each regular hour and $2.25 for each overtime hour; each overtime hour earns 1.5 times each regular hour as a matter of math.

The California Supreme Court recently ruled that compliance with California's wage and hour laws is not viewed in a vacuum, but must be considered with regard for any contract for wages. *Oman v. Delta Air Lines, Inc.*, 9 Cal. 5th 762, 781-82 (2020).   *Oman* addressed a minimum wage claim, where the employer calculated the amount owed in four different ways and paid the greatest of the four amounts.  *Id.* at 783-84.  One of the amounts was hours worked multiplied by an hourly amount that always exceeded minimum wage.  *Id.*  Since there was always a guarantee of minimum wage for all hours, the fact that 3 of the 4 calculations did not pay for all hours worked did not change the fact that employees received minimum wage.  *Id.*  Based on the language of the compensation contract, the Court reasoned that there was no need to "borrow" from higher-paid contractual hours to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

19

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION
3:19-CV-01766-AJB-AGS

make up for lower paid contract hours. *Id.* at 788. Accordingly, when determining whether a contractual compensation plan comports with state wage and hour laws, the contractual provisions must first be analyzed. *See id.* at 782.

Here, Home Depot calculated each class member's Success Sharing bonus by first multiplying the store's eligible fixed percentage by the class member's total earnings (straight time and overtime earnings) in the applicable Calculation Period. *See* Barnaby Decl., ¶¶ 3-5. Because that percentage bonus paid each overtime hour at 1.5 times each straight time hour, all overtime was paid on this percentage bonus. If the earned portion exceeded $100, Home Depot paid the earned portion to the class member as a Success Sharing bonus, thereby paying all overtime owed in connection with the bonus payment automatically. *See id.*, ¶ 5. But if the earned portion was less than $100, Home Depot not only paid the earned portion (including overtime) but also adjusted the calculation such that a "true-up" portion was added to the earned portion, totaling at least $100 for a Success Sharing bonus. *See id.* For example, if a store's fixed percentage was 2% and a class member's total earnings during the Calculation Period was $3,000, then Home Depot paid a $100 Success Sharing bonus that comprised of $60 as the earned portion (0.02 x $3,000) and $40 as a true-up adjustment (or increased percentage). Accordingly, class members who received a $100 Success Sharing bonus are at most entitled to additional overtime on just the true-up portion of their Success Sharing bonus because they already received adequate overtime on the earned portion of their Success Sharing bonus. *See Bell v. Home Depot*, Case No. 2:12-cv-02499-JAM-CKD, Doc. No. 113 (E.D. Cal. 2016) ("[B]ecause Home Depot calculates the Success Sharing Plan bonus based on both regular and overtime wages, Home Depot compensates employees for overtime earnings owed at the time the bonus is paid out.").

The analysis above is consistent with the California Supreme Court's guidance in *Oman.* The contract pays overtime, at a minimum, for the percentage

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

20

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION
3:19-CV-01766-AJB-AGS

portion of the bonus based on the same percentage paid to all store employees. Thus, by definition, the contract pays the same percentage of both regular earnings and overtime earnings.  An overtime hour results in a bonus that is 1.5 times the bonus received for a straight time hour.  For example, if a store's percentage is 5% and an employee's hourly rate is $10, then the bonus will pay that employee an additional $.50 for each regular hour ($10 x 5%), an additional $0.75 for each overtime hour ($15 x 5%) and an additional $1.00 for each doubletime hour ($20 x 5%).  This is true even if the employee's total percentage bonus is less than $100. Paying the true-up to $100 does not change the fact that the percentage portion of the bonus included overtime.  As explained by the California Supreme Court, "to forbid [the employer] from offering greater pay than the amount owed under the [other formulas] would do nothing to ensure workers are paid fair or adequate wages for all hours worked." *Id.* at 787.   If Home Depot paid just the percentage bonus (without the true-up to $100), it would owe no additional overtime amount. Under Burcham's theory, paying the true-up somehow nullifies this result as to the percentage bonus amount.  There is no sound reason for such a result.  If additional overtime is owed at all, it should only be owed on the "true-up" amount.

Burcham's damages model, however, fails to account for the difference between the earned percentage portion of the bonus – for which no overtime is owed – and the true-up portion of the bonus as defined by contract.[6]  Burcham's model is inadequate because it provides no way to determine the true-up portion of class members' Success Sharing bonus, even though the true-up portion is the only

---

[6] The proposed method is also wrong.  Since the portion of the $100 that is calculated as the same percentage as that received by other employees fully pays overtime on that portion, no additional overtime is owed on this portion.  The remaining "true-up" portion is $100 minus the earned percentage portion.  Since the percentage portion depends expressly on hours worked, the true-up portion does as well.  One employee's true-up portion may be $1.00 while another employee's true-up portion may be $40.  In all cases, the true-up portion depends directly on the employee's hours of work.  Thus, the true-up is not a "flat-sum;" it is a formula-based calculation based on hours worked.  The correct damages formula, therefore, is "True-Up"/Hours Worked in the Calculation Period x 0.5 x Overtime Hours Actually Worked during the Calculation Period.  *See* DLSE Manual Section 49.2.4.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

21

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION
3:19-CV-01766-AJB-AGS

amount on which overtime arguably has not been paid. Burcham's model relies solely on Home Depot's pay policies and payroll records, neither of which show what portion of each class member's $100 Success Sharing bonus was earned and what portion was a true-up. Without a way to calculate the true-up portion, there is no common methodology by which class members' unpaid overtime amounts can be calculated on a class-wide basis. Instead, individualized inquiries will be required for every employee who received a $100 Success Sharing bonus to determine the portion attributable to the percentage bonus and the portion attributable to the flat-sum true-up.

As Burcham has failed to present a valid damages mode, the proposed class fails Rule 23(b)(3)'s predominance requirement. *See, Mohamed v. Kellogg Co.*, 2019 WL 1330920, at *3 (S.D. Cal. Mar. 23, 2019) (denying class certification where plaintiff's damages model failed to calculate an underlying amount necessary to enable the model to "in fact measure damages attributable to her theory of liability"); *see also Harvey*, 2020 WL 2411510, at *6 ("[T]hough a class action would no doubt resolve some class-wide issues in a single proceeding, it would then entail thousands of individualized determinations of whether, and if so to what extent, a member was injured by [Defendant's conduct]. Without a damages model, the proposed class fails Rule 23(b)(3)'s predominance requirement") (citing *Comcast*, 569 U.S. at 34)).

## V.     **CONCLUSION**

For all of the foregoing reasons, Home Depot respectfully requests that this Court deny Burcham's Motion.

///

///

///

///

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Costa Mesa

22

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION
3:19-CV-01766-AJB-AGS

Dated: September 10, 2021                    MORGAN, LEWIS & BOCKIUS LLP


                                             By   */s/ Barbara J. Miller*
                                                  Barbara J. Miller
                                                  John D. Hayashi
                                                  Samuel S. Sadeghi
                                                  Attorneys for Defendant
                                                  HOME DEPOT U.S.A., INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

23

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION
3:19-CV-01766-AJB-AGS

## **PROOF OF SERVICE**

*Donnie Sanchez Barragan, et al. v. Home Depot U.S.A., Inc.*
*USDC Southern Dt. Case No.: 3:19-cv-01766-AJB-AGS*

I am a resident of the State of California, employed in the County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 600 Anton Blvd., Suite 1800, Costa Mesa, CA 92626.

On September 10, 2021, I served on the interested parties in this action the within document(s) entitled:

### **DEFENDANT HOME DEPOT U.S.A., INC.'S OPPOSITION TO PLAINTIFF JEREMY BURCHAM'S MOTION FOR CLASS CERTIFICATION**

| ☒ | **BY CM/ECF:** by electronically filing through the CM/ECF system, which will send a notice of electronic filing to the registered parties. I have verified that all parties are registered. |
|---|---|

| | |
|---|---|
| Craig M. Nicholas, Esq.<br>Shaun Markley, Esq.<br>Alex Tomasevic, Esq.<br>**NICHOLAS & TOMASEVIC, LLP**<br>225 Broadway, 19th Floor<br>San Diego, California 92101<br>Tel: (619) 325-0492<br>Fax: (619) 325-0496<br>cnicholas@nicholaslaw.org<br>smarkley@nicholaslaw.org<br>atomasevic@nicholaslaw.org | *Attorneys for Plaintiffs*<br>DONNIE SANCHEZ BARRAGAN and ARACELI BARRAGAN and JEREMEY BURCHAM |
| Noam Glick, Esq.<br>**GLICK LAW GROUP, P.C.**<br>225 Broadway, Suite 2100<br>San Diego, CA 92101<br>Tel: (619) 382-3400<br>noam@glicklawgroup.com<br>emilia@glicklawgroup.com<br>valerie@glicklawgroup.com | *Attorneys for Plaintiffs*<br>DONNIE SANCHEZ BARRAGAN, ARACELI BARRAGAN, and JEREMEY BURCHAM |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Executed on September 10, 2021, at Costa Mesa, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

/s/ Joyce McCosco
Joyce McCosco

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

25

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION
3:19-CV-01766-AJB-AGS