**NICHOLAS & TOMASEVIC, LLP**
Craig M. Nicholas (SBN 178444)
Shaun A. Markley (SBN 291785)
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: smarkley@nicholaslaw.org

**GLICK LAW GROUP, P.C.**
Noam Glick (SBN 251582)
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: noam@glicklawgroup.com

Attorneys for Plaintiffs,
DONNIE SANCHEZ BARRAGAN, ARACELI BARRAGAN, and
JEREMEY BURCHAM, Individually and on behalf of others similarly situated

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE SANCHEZ BARRAGAN, ARACELI BARRAGAN, and JEREMEY BURCHAM, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware Corporation,<br><br>Defendants. | Case No.: 3:19-cv-01766-AJB-AGS<br><br>**PLAINTIFF JEREMEY BURCHAM'S REPLY IN SUPPORT OF HIS MOTION FOR CLASS CERTIFICATION**<br><br>**Date**: February 17, 2022<br>**Time**: 2:00 p.m.<br>**Courtroom**: 4A<br><br>**Judge**: Hon. Anthony J. Battaglia<br>**Magistrate**: Hon. Andrew G. Schopler<br><br>**Action Filed**: August 12, 2019<br>**Trial Date**: None Set |

## **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................ 1

II. ANALYSIS ................................................................................................................... 1

    A. Defendant cannot defeat certification by disclaiming the reliability of its own time records. ............................................................................. 1

    B. Whether individual records must be reviewed to determine class membership goes to ascertainability, not predominance ......................... 5

    C. Individualized damages do no defeat certification. ............................................ 7

    D. This Court already rejected Defendant's argument that it does not have to pay overtime on some part of the minimum bonuses. .................... 8

    E. Defendant improperly relies on undisclosed evidence. ..................................... 9

III. CONCLUSION .......................................................................................................... 10

# TABLE OF AUTHORITIES

**CASES**

*Castillo v. Bank of Am., NA*,
   980 F.3d 723 (9th Cir. 2020) ............................................................................. 4

*Cicairos v. Summit Logistics, Inc.*,
   133 Cal.App.4th 949 (2006) .............................................................................. 2

*Comcast Corp. v. Behrend*,
   569 U.S. 27 (2013) ............................................................................................ 8

*Donohue v. AMN Servs., LLC*,
   11 Cal. 5th 58 (2021) ........................................................................................ 3

*Dudum v. Carter's Retail, Inc.*,
   2016 WL 946008 (N.D.Cal. Mar. 14, 2016) ..................................................... 6

*Ghazaryan v. Diva Limousine, Ltd.*,
   169 Cal.App.4th 1524 (2008) ............................................................................ 2

*Harper v. 24 Hour Fitness, Inc.*,
   167 Cal.App.4th 966 (2008) .............................................................................. 2

*Hudgins v. Neiman Marcus Grp., Inc.*,
   34 Cal. App. 4th 1109 (May 25, 1995) .............................................................. 9

*Jaimez v. Daiohs USA, Inc.*,
   181 Cal. App. 4th 1286 (2010) .......................................................................... 2

*Keegan v. Am. Honda Motor Co.*,
   284 F.R.D. 504 (C.D. Cal. 2012) ...................................................................... 5

*Kurihara v. Best Buy Co., Inc.*,
   2007 WL 2501698 (N.D. Cal. Aug. 30, 2017) .............................................. 3, 7

*Levya v. Medline Industries Inc.*,
   716 F.3d 510 (9th Cir. 2013) ............................................................................. 8

*McCrary v. Elations Co.*,
   2014 WL 1779243 (C.D. Cal. Jan. 13, 2014) ................................................... 5

*O'Connor v. Boeing N. Am., Inc.*,
   184 F.R.D. 311 (C.D. Cal. 1998) ...................................................................... 6

*Peel v. BrooksAmerica Mortg. Corp.*,
   2012 WL 3808591 (C.D. Cal., Aug. 30, 2012) ................................................ 6

*Prachasaisoradej v. Ralphs Grocery Co., Inc.*
   42 Cal.4th 217 (2007) ....................................................................................... 2

*Rodman v. Safeway, Inc.*,
   2014 WL 988992 (N.D. Cal. Mar. 10, 2014) ................................................... 7

*Troester v. Starbuck Corp.*,
   5 Cal.5th 829 (2018)........................................................................................2
*Vaquero v. Ashley Furniture Industries, Inc.*,
   824 F.3d 1150 (9th Cir. 2016)..........................................................................8
*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*
   259 F.3d 1101 (9th Cir. 2001)..................................................................10, 11

**STATUTES**

Cal. Lab. Code, § 1174................................................................................................2
Cal. Lab. Code, § 1175................................................................................................2
Cal. Lab. Code, § 221..................................................................................................9
Cal. Lab. Code, § 226..................................................................................................2

**OTHER AUTHORITIES**

8 C.C.R., § 11070........................................................................................................2
Division of Labor Standards Enforcement,
   Policies and Interpretations Manual (Jan. 2009), § 11.2.2 ...........................10

**RULES**

Fed. R. Civ. P. 23 ........................................................................................................5
Fed. R. Civ. P. 26 ......................................................................................................10
Fed. R. Civ. P. 37 ......................................................................................................11

## I. INTRODUCTION

Defendant Home Depot concedes that this action is certifiable as a class save for Defendant's allegedly unreliable business records.[1] Crucially, though, an employer cannot avoid certification by failing to fulfill its statutory duty to maintain accurate records. Accordingly, Defendant's argument that it can escape class liability because it failed to keep reliable records is precluded by law.

Further, although Defendant frames its Opposition as relating to the predominance of common questions, whether employees who worked overtime can be identified is a question of ascertainability. On this point, Defendant's Opposition shows that the class is indeed ascertainable, as Defendant purports to have identified employees who did not work overtime from its records.

Regardless, Defendant's argument that individual class members' damages vary does not defeat certification. Defendant itself has presented the formula that will be applied to class members' data to calculate individual wages owed. Further, this Court already rejected Defendant's assertion that it owes overtime wages only on the "true up" portion of bonuses.

Finally, Defendant relies on documents that it failed to disclose in discovery. The Court should disregard these previously undisclosed records.

In short, because the only issue raised by Defendant's Opposition does not defeat certification, Plaintiff's motion should be granted.

## II. ANALYSIS

### A. Defendant cannot defeat certification by disclaiming the reliability of its own time records.

Defendant attempts to put the burden of accurate employment records on its employees and avoid certification by finger pointing at its employees for purportedly inaccurate records. California law does not support this. Indeed, if a defendant

---

[1] Defendant expressly challenges only predominance and Plaintiff's damages model. ECF No. 90, 5:2-7.

merely had to dispute its employment records to create individualized issues, no employment case would ever be certified. Tellingly, Defendant cites no authorities supporting its remarkable position.

Contrary to Home Depot's tacit argument that record keeping is a responsibility of employees, all *employers* must keep accurate records of hours worked. Cal. Lab. Code, §§ 226, 1174; 8 C.C.R., § 11070(7). In fact, the failure to keep such records is a misdemeanor. Cal. Lab. Code, § 1175.

Further, "'where the employer has failed to keep records required by statute, the consequences for such failure should fall on the employer, not the employee.'" *Cicairos v. Summit Logistics, Inc.*, 133 Cal.App.4th 949, 961 (2006). An employer may not use any shortcomings in its own records to resist employee wage claims. *Ghazaryan v. Diva Limousine, Ltd.*, 169 Cal.App.4th 1524, 1536, fn. 11 (2008). The same naturally follows at the class certification stage. *See Harper v. 24 Hour Fitness, Inc.*, 167 Cal.App.4th 966, 976, fn. 5 (2008) ("an employer may not avoid class certification by making a business decision to commingle or fail to document particular job assignments or tasks").[2]

These burdens are in line with the purpose of the California statutes governing the employment relationship – "the protection of employees." *Troester v. Starbuck Corp.*, 5 Cal.5th 829, 839 (2018). In this employment case, the court must "'liberally construe the Labor Code and wage orders to favor the protection of the employees.'" *Id.*; and see e.g. *Prachasaisoradej v. Ralphs Grocery Co., Inc.* 42 Cal.4th 217, 227 (2007) (because statutes governing the employer/employee relationship are "remedial in nature," they must be liberally construed "with an eye to promoting the worker protections they were intended to provide").

---

[2] Relatedly, it is the employer's duty to provide accurate pay stubs. *Jaimez v. Daiohs USA, Inc.*, 181 Cal. App. 4th 1286, 1306 (2010) ("Based on the plain language of section 226, subdivision (e), an employee has a statutory right to an accurate paystub."). Home Depot's arguments regarding clocking errors ask the Court to find its own pay stubs were inaccurate such that it violated section 226.

Defendant's main argument in opposition to certification is that some class members' records – on which Defendant relies to pay employees – might be inaccurate. However, this is directly at odds with established law. It is not a defense to class certification when a lapse in procedures has caused Defendant's records to reflect overtime pay that was not earned. Defendant argues that Plaintiff must show that the employees "actually worked overtime." ECF No. 90, 13:1. But because of Defendant's statutory duty to keep accurate records of employees' work times, it is presumed that Defendant's records are correct. *See Donohue v. AMN Servs., LLC*, 11 Cal. 5th 58, 77 (2021).

If Defendant's argument could successfully defeat certification, no wage and hour case could ever be certified. This, in turn, "would offer an employer an incentive to avoid its recording duty and a potential windfall" from its failure to keep accurate records. *Donohue*, Cal.5th at 75.

Moreover, Defendant's assertions regarding the reliability of its own records contradict its own admissions, policies, and practices. Defendant acknowledges that it relied on its time records to pay employees, and that employees were expected to accurately record their time. ECF No. 90, 9:20-21 ("employees were expected to accurately record their time"), 13:12-13 ("Home Depot pays associates based on the times they clock"). Defendant has a timekeeping policy that requires all employees to clock out when they leave work. Ex. E, Timekeeping Policies. Any employee who did not clock out when she finished working violated Defendant's express policy.

Moreover, Defendant's timekeeping system produces a "Daily Exception Report" that identifies missed punches. Ex. E, p. 7. Defendant's payroll department also checks records to ensure there are no errors. Ex. F, Barnaby 111:9-21 ("Does Home Depot spot check payroll records to make sure there aren't errors? … Yes, we spot check payments.") "[A] defendant cannot cite poor management to defend against class certification." *Kurihara v. Best Buy Co., Inc.*, 2007 WL 2501698, at *10, (N.D. Cal. Aug. 30, 2017). If Defendant's policies and spot-check procedures

result in records that are reliable enough for it to pay employees, the same records are reliable enough to support certification here.

This case is not like *Castillo v. Bank of Am., NA*, 980 F.3d 723, 731 (9th Cir. 2020). There, the plaintiff sought to certify a class of all call center employees to challenge the defendant's policy of paying lump-sum bonuses but adjusting overtime pay for time periods that did not correspond to the time during which the bonuses were earned. *Id.* at 727. The defendant submitted evidence that "a large portion of the proposed class either (1) did not work overtime or did not receive a bonus in the same period, and thus could not have been exposed to BOA's overtime formulas in the first place; or (2) if they were exposed to a formula, they were not underpaid and thus were not injured." *Id.* at 731. In other words, the class was unacceptably overbroad because it included employees who did not worked overtime and employees who benefited from the non-coterminous bonus and pay periods.[3] The defendant there did not argue that its own records were wrong.

Here, unlike *Castillo*, Defendant argues that its own records are inaccurate. Importantly, the proposed class is not overbroad because employees who received a minimum Success Sharing bonus and worked overtime in the same period necessarily suffered underpayment. The class definition explicitly excludes those who did not receive a minimum Success Sharing bonus and work overtime in the same period. And because the periods during which the bonus is earned and the overtime is earned are coterminous, there is no risk of capturing those who suffered no damages in the class. Accordingly, *Castillo* is not helpful to Defendant.

Crucially, here, liability does not hinge on Defendant's anecdotal evidence of how some employees allegedly violated its policies by not clocking out when they

---

[3] For example, if the bonus was earned during the calendar month of September, but the pay periods for September captured two days at the end of August, and an employee happened to work overtime during those two August days, that employee would receive an overtime adjustment for those days even though the bonus was not earned over those two days.

stopped working. First, as noted above, Home Depot cannot pass this burden to its employees; it bears the burden of accurate records and takes the blame when they are wrong. Second, in any case, the alleged misconduct of a few putative class members does not extinguish Defendant's liability. To the contrary, this individual evidence only diminishes the amount of a given class member's recovery.

In sum, Defendant cannot rely on its records to pay its employees and then turn around and say the same records are not reliable enough to use in this action. Defendant's position violates public policy, and it may not use its alleged violation of its record-keeping duties to evade liability for improperly paying class members. Home Depot asks the Court to adopt a truly novel and unsupported defense to employment claims that rests on challenging the records it is duty-bound to accurately maintain. The Court should not be the first to adopt such a position.

### B. Whether individual records must be reviewed to determine class membership goes to ascertainability, not predominance.

Plaintiff moves to certify a class of employees "who received a minimum . . . 'Success Sharing' bonus and worked overtime during the same Success Sharing plan period." Although Defendant frames its argument as one of predominance, in effect Defendant is arguing that it cannot ascertain who worked overtime because its records are wrong. This potentially impacts not predominance, but ascertainability.

While not delineated in Fed. R. Civ. P. 23, courts have generally required a party seeking class certification to demonstrate that the putative class is ascertainable. *See McCrary v. Elations Co.*, 2014 WL 1779243, at *3 (C.D. Cal. Jan. 13, 2014). A class is ascertainable if it is "administratively feasible for the court to determine whether a particular individual is a member" using objective criteria. *Keegan v. Am. Honda Motor Co.*, 284 F.R.D. 504, 521 (C.D. Cal. 2012) (quoting *O'Connor v. Boeing N. Am., Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998)). The question of whether a class is ascertainable turns on a variety of considerations, including "whether the class can be ascertained by reference to objective criteria" and "whether the class includes members who are not entitled to recovery." *Dudum*

*v. Carter's Retail, Inc.*, 2016 WL 946008, at *5 (N.D.Cal. Mar. 14, 2016).

Here, the class can be ascertained by reference to objective criteria, i.e., employees who received a minimum Success Sharing bonus and worked overtime. Defendant's argument would be valid only if the class were defined as employees who received a minimum Success Sharing bonus and *who are identified in Defendant's payroll records* as having worked overtime. This is not the class Plaintiff seeks to certify.

Further, the class does not include members who are not entitled to recovery. By its own terms, the class does not include people who did not work overtime. Defendant argues that these employees would have to be identified through a deeper analysis of its records, but this does not mean these employees are not identifiable.

For example, in *Peel v. BrooksAmerica Mortg. Corp.*, 2012 WL 3808591, at *2 (C.D. Cal., Aug. 30, 2012) the plaintiff sought to certify a class of borrowers who had loans with misleading terms. The defendant argued the class was not ascertainable because not all loans contained the offending language and determination of class membership "would require an individual examination of each loan file." *Id.* at *2-3. The court held that "if a given loan does not contain the language required for class membership, or if it contains language that must be absent to be a class member, then that borrower will not be a class member—i.e., Defendants' argument demonstrates the ascertainability of the class." *Id.* at *2. Likewise, here, if the records of employees reflect that overtime was inaccurately recorded, then those employees would not be class members. Just like in *Peel*, Defendant's argument here actually demonstrates the ascertainability of the class. Similarly, whether identifying class members requires a review of every potential class member's records does not defeat ascertainability.

Further, Defendant fails to advise how many employees who otherwise fit in the class definition were paid overtime wages incorrectly. "[D]efendant's 'litigation-driven,' selective sampling of employees and other data are insufficient to inject fatal

uncertainty into the question of liability." *Kurihara v. Best Buy Co., Inc.*, 2007 WL 2501698, at *10, (N.D. Cal. Aug. 30, 2017); *Rodman v. Safeway, Inc.*, 2014 WL 988992, at *15-16 (N.D. Cal. Mar. 10, 2014) ("[t]he fact that a Proposed Class 'will often include persons who have not been injured by the defendant's conduct...does not preclude class certification,' but it is also the case that 'a class should not be certified if it is apparent that it contains a great many persons who have suffered no injury at the hands of the defendant.'").

Defendant fails to establish that the proposed class contains more than a handful of employees who allegedly are not due additional wages. Defendant presents no evidence or even argument that those employees who allegedly did not work overtime are not ascertainable. Indeed, the very fact that Defendant purports to have identified some employees who are not class members proves that the class is ascertainable. Defendant provides no evidence (or even argument) to the contrary.

### C.    Individualized damages do no defeat certification.

Because the class' theory of liability asserts the employer's uniform policy violates California law, factual distinctions concerning whether or how employees were adversely impacted by the allegedly illegal policy do not preclude certification. Defendant's alleged evidence regarding whether individual employees misrecorded their work times, in violation of its own policy, relate to damages not liability.

Defendant relies on *Comcast Corp. v. Behrend*, 569 U.S. 27, 38 (2013), to argue that Plaintiff's damages model is deficient. As addressed in Plaintiff's motion, the Ninth Circuit clarified in *Vaquero v. Ashley Furniture Industries, Inc.*, 824 F.3d 1150 (9th Cir. 2016) that Comcast is not applicable in a wage and hour case. "In a wage and hour case, unlike in an antitrust class action, the employer-defendant's actions necessarily caused the class members' injury. … Therefore, even if the measure of damages proposed here is imperfect, it cannot be disputed that the damages … stemmed from Defendants' actions." *Id.* at 1155.

Instead, *Levya v. Medline Industries Inc.*, 716 F.3d 510 (9th Cir. 2013), guides

the damages model analysis in employment cases. In *Leyva*, the Ninth Circuit reversed a denial of class certification where the district court had determined the damages inquiry would be individualized. *Id.* at 513. On appeal, the Circuit noted that damages determinations are individualized in nearly all wage-and-hour class actions and that "the presence of individualized damages cannot, by itself, defeat class certification under Rule 23(b)(3)." *Id.* at 513–14. The *Levya* court acknowledged the principle from the Supreme Court's decision in Comcast that the plaintiff must show his or her damages "stemmed from the defendant's actions that created the legal liability." *Id.* at 514. The Circuit distinguished Comcast and approved the plaintiff's damages plan where the defendant's computerized payroll and time-keeping database would enable the court to accurately calculate damages and related penalties for each claim. *Id.*

Defendant argues that Plaintiff's damages model does not show that damages can be measured on a class-wide basis. To the contrary, all damages can be measured using the same formula Defendant conceded applies, i.e., Bonus/Reg Hrs. x 1.5 OT Hrs. Home Depot MSJ, available at ECF No. 60-1, at pp. 20-22 (calculating unpaid overtime damages to Mr. Burcham resulting from a minimum Success Sharing payment of $100 based on his employment records); e.g., ECF No. 78-3, Ex. A (Ex. 6 - Barnaby Dec. from earlier filed *Bell* case addressing how to recompute wages based on Home Depot's internal employee records). These records also show the amount of bonus on which overtime is due, contrary to Defendant's assertion. *Id.*

### D. This Court already rejected Defendant's argument that it does not have to pay overtime on some part of the minimum bonuses.

Defendant argues that there is a separate "true-up" portion of its lump-sum bonuses that "is the only amount on which overtime arguably has not been paid." ECF No. 90, 23:28-22:1. This Court already rejected this argument.

In granting summary judgment for Plaintiff, this Court held, "The evidence in the record does not support Home Depot's interpretation of the bonuses as

percentage-based." ECF No. 76, 14:8-9. "The evidence only indicates that after using a percentage-based calculation, and after determining that this calculation yielded a total less than $100, Home Depot converted the bonus to a lump sum." *Id.* at 14:25-27. Thus, this Court held there is no portion attributable to a percentage.

Home Depot's argument essentially asks the Court to bless an unauthorized claw back of earned wages. Home Depot should have paid additional overtime to its employees when it issued the Success Sharing minimum bonuses, but it did not. The Court has already established these are owed wages. Now, Home Depot tells the Court that it can avoid owed wages by unilaterally determining that hours were not worked, and the wages were not due. This, too, is not allowed. "[T]he Legislature has prohibited employers from using self-help to take back any part of wages . . . except in very narrowly defined circumstances provided by statute." *Hudgins v. Neiman Marcus Grp., Inc.*, 34 Cal. App. 4th 1109, 1121, *as modified* (May 25, 1995) (citing Cal. Lab. Code, § 221). Otherwise stated, "California courts look closely at any attempt by employers to recover back wages earned by employees." See Division of Labor Standards Enforcement, Policies and Interpretations Manual (Jan. 2009), § 11.2.2.[4]

Accordingly, Defendant's argument that damages must account for only part of each bonus must be disregarded as contrary to this Court's prior ruling.

### E. Defendant improperly relies on undisclosed evidence.

Plaintiff objects to Defendant's use of undisclosed evidence in support of its Opposition. ECF No. 90-1, Barnaby Dec. Exs. D-O. Defendant did not disclose any of these documents or categories of information in its Rule 26(a) disclosures. Ex. G.

Rule 26(a)(1)(A)(ii) requires parties to provide in their initial disclosures "all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or

---

[4] Available at https://www.dwt.com/-/media/files/blogs/employment-advisor/2020/05/dlse-enforcement-manual.pdf.

defenses… ." A party who has made an initial disclosure under Rule 26(a) "must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect ..." Fed. R. Civ. P. 26(e)(1)(A) (emphasis added). A "major purpose" of the initial disclosure requirements "is to accelerate the exchange of basic information about the case and to eliminate the paperwork involved in requesting such information." Fed. R. Civ. P. 26 advisory committee's note to 1993 Amendments.

Rule 37(c)(1) forbids the use of information or witnesses not properly disclosed under Rule 26 on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless. Rule 37(c)(1)'s broad sanctioning power is "self-executing" and "automatic" in order to induce the disclosure of material. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.* 259 F.3d 1101, 1106-07 (9th Cir. 2001) (quoting Fed.R.Civ.P. 37 advisory committee's note (1993)). In other words, the exclusion of undisclosed evidence is an appropriate remedy even without violation of an explicit court order or a showing of bad faith or willfulness. *Id.*

Undisclosed evidence may only be introduced "where the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The burden to make this showing is on the party who failed to disclose the evidence. *Yeti*, at 1106–07.

Here, there is clear prejudice from Defendant's failure to disclose and produce the documents it relies on in its opposition. Plaintiff had no opportunity to obtain the same documents for other class members for purposes of comparison. Plaintiff had no opportunity to speak with the employees whose records are now relied on by Defendant. It is unfair to deny Plaintiff access to information regarding hours worked for the class while using that same information to oppose class certification. The Court should not consider these undisclosed documents in its ruling.

## III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's motion for class certification.

Respectfully submitted:
Dated: September 17, 2021

**GLICK LAW GROUP, P.C.**

By: */s/ Noam Glick*
Noam Glick (SBN 251582)
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 382-3400
Email: noam@glicklawgroup.com

**NICHOLAS & TOMASEVIC, LLP**
Craig M. Nicholas (SBN 178444)
Shaun A. Markley (SBN 291785)
225 Broadway, 19th Floor
San Diego, CA 92101
Telephone: (619) 325-0492
Facsimile: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: smarkley@nicholaslaw.org

Attorneys for Plaintiffs,
DONNIE SANCHEZ BARRAGAN,
ARACELI BARRAGAN, and
JEREMEY BURCHAM, Individually
and on behalf of others similarly
situated