**AKIN GUMP STRAUSS HAUER & FELD LLP**
Donna M. Mezias (SBN 111902)
Dorothy Kaslow (SBN 287112)
580 California Street, Suite 1500
San Francisco, CA 94104-1036
Telephone: 415.765.9500
Facsimile: 415.765.9501
Email:       dmezias@akingump.com

**MORGAN, LEWIS & BOCKIUS LLP**
Barbara J. Miller (SBN 167223)
John D. Hayashi (SBN 211077)
Samuel S. Sadeghi (SBN 311785)
600 Anton Boulevard, Suite 1800
Costa Mesa, CA  92626-7653
Tel:   +1.714.830.0600
Fax:   +1.714.830.0700
barbara.miller@morganlewis.com
john.hayashi@morganlewis.com
sam.sadeghi@morganlewis.com

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Case No. 19-cv-01766-AJB-AGS<br><br>DONNIE SANCHEZ BARRAGAN, ARACELI BARRAGAN, and JEREMEY BURCHAM, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware Corporation,<br><br>Defendant.<br><br>Case No. 20-cv-02541-AJB-AGS<br><br>LISA DAVEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff, | Related cases:<br>Case No. 19-cv-01766-AJB-AGS<br>Case No. 20-cv-02541-AJB-AGS<br>Case No. 21-cv-00461-AJB-AGS<br>Case No. 21-cv-00462-AJB-AGS<br><br>Assigned to: Anthony J. Battaglia<br>Magistrate Judge: Andrew G. Schopler<br><br>**DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE PURSUANT TO FED. R. CIV. P. 42(a)**<br><br>Date:       December 9, 2021<br>Time:       2:00 p.m.<br>Courtroom: 4A |

vs.

HOME DEPOT U.S.A., INC., a Delaware Corporation, and DOES 1 through 50, inclusive,

        Defendants.

Case No. 21-cv-00461-AJB-AGS

JANELLY SANDOVAL, individually and on behalf of all others similarly situated,

        Plaintiffs,

vs.

HOME DEPOT U.S.A., INC., a Delaware corporation and DOES 1 through 50, inclusive,

        Defendant.

Case No. 21-cv-00462-AJB-AGS

VIRGIE FLORES, as individuals and on behalf of others similarly situated

        Plaintiff,

v.

HOME DEPOT U.S.A., INC., a Delaware limited liability company, and DOES 1-50, inclusive,

        Defendant.

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on December 9, 2021, at 2:00 p.m., or as soon as the parties may be heard by the Honorable Anthony J. Battaglia of the above-entitled court located at 221 West Broadway, San Diego, CA 92101, Defendant Home Depot U.S.A., Inc. ("Home Depot") will and hereby does move the Court pursuant to Rule 42(a) of the Federal Rules of Civil Procedure for an Order consolidating the following related cases for discovery and motion practice:

(1) *Barragan v. Home Depot*, Case No. 19-cv-01766-AJB-AGS;

(2) *Davey v. Home Depot*, Case No 20-cv-02541-AJB-AGS;

(3) *Flores v. Home Depot*, Case No. 21-cv-00462-AJB-AGS; and

(4) *Sandoval v. Home Depot*, Case No. 21-cv-00461-AJB-AGS (together, the "Related Cases").

The Related Cases enumerated above involve common questions of law and fact, and consolidation for the purposes of discovery and motion practice will avoid unnecessary cost and delay for both the parties and the Court. This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities in Support thereof, the Declaration of Barbara J. Miller, the pleadings and papers on file in each of the Related Cases, and upon any evidence presented at the hearing on this Motion.

Dated:    October 6, 2021            MORGAN, LEWIS & BOCKIUS LLP


                                     By   */s/ Barbara J. Miller*
                                          Barbara J. Miller
                                          Attorneys for Defendant
                                          HOME DEPOT U.S.A., INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

3

DEFENDANT'S MOTION TO CONSOLIDATE
19-CV-01766-AJB-AGS

| | | |
|---|---|---|
| Dated: | October 6, 2021 | AKIN GUMP STRAUSS HAUER & FELD LLP |

By  */s/ Donna M. Mezias*
　　Donna M. Mezias
　　Attorneys for Defendant
　　HOME DEPOT U.S.A., INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

4

DEFENDANT'S MOTION TO CONSOLIDATE
19-CV-01766-AJB-AGS

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................... 7

II. THE RELATED CASES INVOLVE COMMON QUESTIONS OF LAW AND FACT ............................................................................................. 7

III. LEGAL STANDARD ..................................................................................... 9

IV. THE RELATED CASES SHOULD BE CONSOLIDATED FOR DISCOVERY AND MOTION PURPOSES ................................................. 10

   A. The Related Cases Involve Common Questions of Law and Fact, Requiring Overlapping and Duplicative Discovery ................... 10

   B. Consolidation Would Not Delay Discovery or Prejudice Any Party ..................................................................................................... 11

V. CONCLUSION .............................................................................................. 13

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DEFENDANT'S MOTION TO CONSOLIDATE
19-CV-01766-AJB-AGS

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Barragan v. Home Depot*,
  No. 19-cv-01766-AJB-AGS ................................................................. 7, 8, 10, 12

*Davey v. Home Depot*,
  Case No 20-cv-02541-AJB-AGS ......................................................... 7, 8, 10, 12

*Dusky v. Bellasaire Invs.*,
  No. SACV07-874 DOC, 2007 WL 4403985 (C.D. Cal. Dec. 4, 2007) ................................................................................................ 9, 13

*Fialkov v. Celladon Corp.*,
  No. 15-cv-1458-AJB-DHB, 2015 WL 11658717 (S.D. Cal. Dec. 9, 2015) ...... 11

*Flores v. Home Depot*,
  Case No. 21-cv-00462-AJB-AGS ....................................................... 7, 8, 10, 12

*Investors Research Co. v. U.S. Dist. Court for Cent. Dist. Of Cal.*,
  877 F.2d 777 (9th Cir. 1989) .......................................................................... 9, 11

*In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices Litig.*,
  282 F.R.D. 486 (C.D. Cal. 2012) ......................................................................... 9

*Philadelphia Indem. Ins. Co. v. Douglas E. Barnhart, Inc.*,
  No. CIV. 06-CV-0717-J-JMA, 2007 WL 2873683 (S.D. Cal. Sept. 27, 2007) ........................................................................................................ 9

*Pierce v. Cty. of Orange*,
  526 F.3d 1190 (9th Cir. 2008) .............................................................................. 11

*Sandoval v. Home Depot*,
  Case No. 21-cv-00461-AJB-AGS ............................................................. *passim*

*Thomas Inv. Partners, Ltd. v. United States*,
  444 F. App'x 190 (9th Cir. 2011) ......................................................................... 11

**Other Authorities**

Federal Rules of Civil Procedure Rule 42 .................................................... 7, 9, 13

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

6

DEFENDANT'S MOTION TO CONSOLIDATE
19-CV-01766-AJB-AGS

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, Defendant Home Depot U.S.A., INC. ("Home Depot") seeks consolidation of four related cases currently pending before this Court for discovery and motion practice purposes:

(1)    *Barragan v. Home Depot*, No. 19-cv-01766-AJB-AGS ("*Barragan*");

(2)    *Davey v. Home Depot*, Case No 20-cv-02541-AJB-AGS ("*Davey*");

(3)    *Flores v. Home Depot*, Case No. 21-cv-00462-AJB-AGS ("*Flores*"); and

(4)    *Sandoval v. Home Depot*, Case No. 21-cv-00461-AJB-AGS ("*Sandoval*") (together, the "Related Cases").

The four Related Cases involve similar legal issues, similar underlying facts, similar putative classes, and the same Defendant – Home Depot.  Consolidation for discovery and motion purposes would further the goal of judicial economy because the cases involve certain common legal and factual questions, and consolidation would reduce unnecessary cost and duplication of effort and avoid the risk of inconsistent rulings.  Consolidation will not cause delay, confusion, or prejudice. Home Depot does not seek to consolidate the Related Cases for trial at this time, nor prevent parties from bringing separate summary judgment or other dispositive motions that relate to claims or issues that are not common to all cases.

**II.    THE RELATED CASES INVOLVE COMMON QUESTIONS OF LAW AND FACT**

All four Related Cases involve named plaintiffs who seek to represent putative classes of current and former non-exempt Home Depot employees in California.  In the *Davey* action (Case No. 20-cv-02541-AJB-AGS), Plaintiff Davey alleges causes of action on behalf of non-exempt Home Depot California employees for (1) failure to provide meal periods and rest breaks; (2) failure to

timely pay wages; (3) failure to provide accurate itemized wage statements; (4) for unfair competition; and (5) for civil penalties pursuant to PAGA. Declaration of Barbara J. Miller ("Miller Decl."), ¶ 3; *see also* Complaint, Case No. 20-cv-02541-AJB-AGS, Dkt. No. 1-2. In the parties' Joint Discovery Plan, Plaintiff indicated, "Plaintiff is agreeable to having discovery coordinated with the other pending cases so as to avoid duplicative efforts and preserve resources." *Id.*; *see also* Joint Discovery Plan, Case No. 20-cv-02541-AJB-AGS, Dkt. No. 28, at 3.

The *Flores* Class Action (Case No. 21-cv-00462-AJB-AGS) also asserts claims on behalf of non-exempt Home Depot store employees in California for: (1) failure to pay overtime; (2) failure to pay minimum wages; (3) failure to pay wages upon termination; (4) inaccurate wage statements; (5) failure to provide meal breaks; (6) failure to provide rest breaks; (7) unlawful discounts and deductions; (8) unfair competition; and (9) civil penalties under PAGA. Miller Decl. ¶ 4; *see also* Complaint, Case No. 21-cv-00462-AJB-AGS, Dkt. No. 1-4. In recognition of these similarities, the *Flores* Joint Discovery Plan states that "Plaintiff's counsel in *Flores* is actively attempting to discuss a coordination of efforts with counsel for *Sandoval*, *Davey* and *Barragan* to avoid duplication of efforts." *Id.*; *see also* Joint Discovery Plan, Case No. 21-cv-00462-AJB-AGS, Dkt. No. 25.

In the *Barragan* class action (Case No. 19-cv-01766-AJB-AGS), the Barragan plaintiffs also seek to represent non-exempt Home Depot store employees in California for claims for: (1) failure to pay overtime and (2) failure to pay all wages due during each pay period related to payment of meal and rest period premiums and reporting time pay. Miller Decl. ¶ 5; *see also* Case No. 19-cv-01766-AJB-AGS, Dkt. No. 92. The *Barragan* plaintiffs previously asserted claims for (1) failure to provide accurate itemized wage statements; (2) failure to pay all wages due upon termination; and (3) violation of California's unfair competition law, but those claims were disposed by summary judgment. Miller Decl. ¶ 5; *see also* Case No. 19-cv-01766-AJB-AGS Dkt. Nos. 22, 76, 91.

Finally, the *Sandoval* Class Action (Case No. 21-cv-00461-AJB-AGS) also asserts claims on behalf of non-exempt Home Depot store employees in California for: (1) failure to pay all wages in connection with its issuance of pay cards for final wages, and (2) failure to provide accurate itemized wage statements. Miller Decl. ¶ 6; *see also* Case No. 21-cv-00461-AJB-AGS, Dkt. No. 13.

### III. LEGAL STANDARD

Rule 42(a) permits a district court to consolidate separate actions when they involve "a common question of law or fact." Fed. R. Civ. P. 42(a). The Rule states: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." *Id*. The district court has broad discretion to consolidate actions pending in the same district. *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. Of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).

Typically, "consolidation is favored." *In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices Litig.*, 282 F.R.D. 486, 490 (C.D. Cal. 2012) (citations and quotations omitted). The Court can consolidate actions under Rule 42(a) even if some questions are not common: "Rule 42 does not demand that actions be identical before they may be consolidated. Rather, in deciding whether to consolidate actions under Rule 42(a), a court must balance the savings of time and effort consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result." *Philadelphia Indem. Ins. Co. v. Douglas E. Barnhart, Inc.*, No. CIV. 06-CV-0717-J-JMA, 2007 WL 2873683, at *2 (S.D. Cal. Sept. 27, 2007) (citations omitted). Accordingly, the Court "need only find **one issue of fact or law** in common in order to permit consolidation." *Dusky v. Bellasaire Invs.*, No. SACV07-874 DOC (ANx), 2007 WL 4403985 at *2 (C.D. Cal. Dec. 4, 2007) (emphasis added).

## IV. THE RELATED CASES SHOULD BE CONSOLIDATED FOR DISCOVERY AND MOTION PURPOSES

### A. The Related Cases Involve Common Questions of Law and Fact, Requiring Overlapping and Duplicative Discovery

As discussed above, the four Related Cases involve certain common questions of law and fact, asserted on behalf of current and former non-exempt Home Depot employees in California. Specifically, *Davey* and *Flores* allege that Home Depot failed to provide meal and rest periods to its non-exempt employees, while *Barragan, Davey* and *Flores* allege that Home Depot failed to pay meal and rest period premiums at the correct regular rate of pay. *Davey*, *Flores*, and *Sandoval* allege wage statement and waiting time penalty claims, while these claims were also alleged in *Barragan* but were dismissed. *Flores* and *Sandoval* challenge Home Depot's use of pay cards for the payment of wages.

The following chart shows the general overlap of claims:

| Case | OT | Min Wage | Meal Break | Rest Break | Reporting Time | Regular Rate | Wage Statement | Waiting Time | Pay Card | UCL |
|---|---|---|---|---|---|---|---|---|---|---|
| Barragan[1] | X | | X* | X* | X | X | Dismissed | Dismissed | | Dismissed |
| Davey | | | X | X | | X | X | X | | X |
| Flores | X | X | X | X | | X | X | X | X | X |
| Sandoval | | | | | | | X | X | X | |

Accordingly, discovery will involve many of the same facts, documents, and records, and involve depositions of many of the same witnesses. Miller Decl., ¶ 7. Having the same 30(b)(6) company witness testify as to the same topics in four

---

[1] The Third Amended Complaint recently filed in *Barragan* alleges that Home Depot did not pay meal and rest premiums at the correct regular rate. Dkt. No. 92.

separate actions would be inefficient and unduly burdensome.

Consolidation is necessary to conserve the resources of the Court and the parties, as well as ensuring consistent rulings for any discovery disputes, class certification motions, and dispositive motions that may arise. Any individual issues, such as discovery relating to case-specific claims, can be resolved by this Court if they arise. While claims common to the Related Cases should be adjudicated together – such as claims for meal and rest break and regular rate violations – to the extent any of the Related Cases have claims that are not common to all Related Cases, then the parties can bring separate motions for summary judgment or other dispositive motions as to those claims. Moreover, through this motion, Home Depot does not seek to consolidate the Related Cases for trial.

### B. Consolidation Would Not Delay Discovery or Prejudice Any Party

The benefits of consolidation outweigh any risk of consolidation. Consolidation poses no risk of delay, no risk of prejudice or confusion, and no undue burden on any party.

The district court has broad discretion in determining whether consolidation is practical. *Pierce v. Cty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008); *Investor's Research*, 877 F.2d at 777 ("The district court has broad discretion under this rule to consolidate cases pending in the same district"). In exercising this discretion, the district court should weigh the time and effort consolidation would save with any inconvenience or delay it would cause. *Thomas Inv. Partners, Ltd. v. United States*, 444 F. App'x 190, 193 (9th Cir. 2011), citing *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *Fialkov v. Celladon Corp.*, No. 15-cv-1458-AJB-DHB, 2015 WL 11658717, at *2 (S.D. Cal. Dec. 9, 2015).

Here, consolidation will expedite the litigation process. In order to further efficiency, Home Depot proposes that the following procedures should be established:

(1) The creation of common document repository, where document productions can be shared between all parties;

(2) A coordinated set of document requests and interrogatories that can be used in all Related Cases;

(3) A coordinated set of 30(b)(6) deposition topics and coordinated 30(b)(6) deposition(s) that can be attended by counsel in all Related Cases.

(4) Coordination of discovery deadlines and motion deadlines. Currently, class certification motions are due on January 21, 2022 in *Barragan*, *Davey*, *Flores*, and *Sandoval*. One consolidated class certification motion should be filed for claims common to more than one case.

(5) Parties may bring summary judgment or other dispositive motions to the extent any of the Related Cases involve claims that are not common with the other Related Cases.

(6) Modification of the scheduling orders in each case to continue the class certification filing deadlines to allow time for consolidation procedures to be implemented.

(7) A standing order that any newly-filed actions asserting related claims should be transferred to this Court for consolidation with the existing Related Cases. Miller Decl. ¶ 8.

Without consolidation and coordination, there will be inevitable delay and duplication of effort as four separate cases engage in separate discovery and motion practice in a piecemeal fashion. Miller Decl. ¶ 7. Because the cases involve many of the same core issues and causes of action, it is far more efficient to consolidate and streamline discovery and motion practice rather than risk duplicative and inconsistent outcomes in four different proceedings.

Counsel in *Davey* and *Flores* have indicated that they do not oppose consolidation for discovery and motion purposes. Miller Decl. ¶ 9. Counsel in *Barragan* has not yet expressed an opinion as to this Motion. *Id.* Counsel in

*Sandoval* have indicated that they do not consent to consolidation because their action includes unique claims based on Home Depot's use of pay cards. *Id.* Those claims, however, do not preclude consolidation under Rule 42(a). *Dusky*, 2007 WL 4403985 at *2 (the Court "need only find one issue of fact or law in common in order to permit consolidation.") Furthermore, pursuant to the proposed plan above, they can adjudicate their unique claims separate from the common claims, through separate motion practice and separate trials.

## V. CONCLUSION

For all of the foregoing reasons, Home Depot respectfully requests that this Court consolidate the four Related Cases for purposes of discovery and motion practice.

Dated:   October 6, 2021           MORGAN, LEWIS & BOCKIUS LLP

By   */s/* Barbara J. Miller
    Barbara J. Miller
    Attorneys for Defendant
    HOME DEPOT U.S.A., INC.

Dated:   October 6, 2021           AKIN GUMP STRAUSS HAUER & FELD LLP

By   */s/* Donna M. Mezias
    Donna M. Mezias
    Attorneys for Defendant
    HOME DEPOT U.S.A., INC.

# PROOF OF SERVICE

<u>Donnie Sanchez Barragan, et al. v. Home Depot U.S.A., Inc.</u>
USDC Southern Dt. Case No.: 3:19-cv-01766-AJB-AGS

I am a resident of the State of California, employed in the County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 600 Anton Blvd., Suite 1800, Costa Mesa, CA 92626.

On October 6, 2021, I served on the interested parties in this action the within document(s) entitled:

**DEFENDANT HOME DEPOT U.S.A., INC.'S
MOTION TO CONSOLIDATE PURSUANT TO FED. R. CIV. P. 42(a)**

[ X ]   **BY ELECTRONIC SERVICE (C.C.P. § 1010.6(a)(6))** - the parties listed below were served electronically THROUGH CM/ECF E-FILE (PACER) with the document(s) listed above by e-mailed PDF files on October 6, 2021. The transmission was reported as complete and without error. My electronic notification address is 600 Anton Blvd., Suite 1800, Costa Mesa, CA 92626. My e-mail address is patricia.martini@morganlewis.com.

| | |
|---|---|
| Craig M. Nicholas, Esq.<br>Shaun Markley, Esq.<br>Alex Tomasevic, Esq.<br>**NICHOLAS & TOMASEVIC, LLP**<br>225 Broadway, 19th Floor<br>San Diego, California 92101<br>Tel: (619) 325-0492<br>Fax: (619) 325-0496<br>Email: cnicholas@nicholaslaw.org<br>Email: smarkley@nicholaslaw.org<br>Email: atomasevic@nicholaslaw.org | *Attorneys for Plaintiffs*<br>DONNIE SANCHEZ BARRAGAN and ARACELI BARRAGAN and JEREMEY BURCHAM |
| Noam Glick, Esq.<br>**GLICK LAW GROUP, P.C.**<br>225 Broadway, Suite 2100<br>San Diego, CA 92101<br>Tel: (619) 382-3400<br>Email: noam@glicklawgroup.com<br>valerie@glicklawgroup.com | *Attorneys for Plaintiffs*<br>DONNIE SANCHEZ BARRAGAN, ARACELI BARRAGAN, and JEREMEY BURCHAM |

[ ]   **STATE:** I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

[ X ]   **FEDERAL:** I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on October 6, 2021, at Costa Mesa, California.

*Patricia Martin* (signature)
Patricia Martin

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 38969762.1

PROOF OF SERVICE