**NICHOLAS & TOMASEVIC, LLP**
Craig M. Nicholas (SBN 178444)
Shaun Markley (SBN 291785)
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: smarkley@nicholaslaw.org

**GLICK LAW GROUP, P.C.**
Noam Glick (SBN 251582)
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 382-3400
Email: noam@glicklawgroup.com

Attorneys for Plaintiffs
DONNIE SANCHEZ BARRAGAN, ARACELI BARRAGAN, and
JEREMEY BURCHAM Individually and on behalf of others similarly situated

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE SANCHEZ BARRAGAN ARACELI BARRAGAN, and JEREMEY BURCHAM, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware Corporation,<br><br>Defendants. | Case No.: 3:19-cv-01766-AJB-AGS<br><br>**PLAINTIFFS' LIMITED OPPOSITION TO DEFENDANT HOME DEPOT U.S.A., INC.'S MOTION TO CONSOLIDATE PURSUANT TO FED. R. CIV. P. 42(a)**<br><br>**Date**: December 9, 2021<br>**Time**: 2:00 p.m.<br>**Courtroom**: 4A<br><br>**Judge**: Hon. Anthony J. Battaglia<br>**Magistrate**: Hon. Andrew G. Schopler<br><br>**Action Filed**: August 12, 2019<br>**Trial Date**: None Set |

## I. INTRODUCTION

Plaintiff Barragan brought this action back on August 12, 2019—over two years ago. The case has been heavily litigated, through multiple rounds of discovery, witness depositions, motions to dismiss, a successful motion for reconsideration, cross-summary judgment motions, and a fully-briefed class certification motion.

Now, with only one substantive claim remaining to be litigated—underpayment of meal/rest premiums and reporting time (which the Court recently allowed Plaintiffs to re-allege after initially dismissing these claims, see ECF No. 76, pp. 4-6)—Defendant seeks consolidation of this case with three, later-filed matters. A review of the dockets in those cases indicates no substantive motions have been filed in any of them. It also shows that Defendant has been on notice of the other cases for years, yet is only seeking consolidation now, at this late juncture. In short, it appears Home Depot is belatedly attempting to hamstring this case by consolidating it with cases that are later filed and far less developed.

Home Depot's unwarranted delay is grounds to deny a motion to consolidate. Notwithstanding, the plaintiffs in the *Barragan* case are amenable to limited consolidation of discovery and motion practice with respect to the meal and rest regular rate claim at issue in this case *provided it does not otherwise delay resolution of their claims*. Towards this end, unless all or some of the plaintiffs in these cases later agree to consolidate their claims in a consolidated complaint, Plaintiff requests that her case proceed independently and expeditiously notwithstanding the limited consolidation.

## II. RELEVANT FACTS AND ISSUES

### A. The Barragan Case

On August 12, 2019, Plaintiffs Donnie Sanchez Barragan and Araceli Barragan filed their class action complaint in San Diego Superior Court. See ECF No. 1-2 (state court complaint). The initial complaint alleged Home Depot failed to provide non-

exempt retail employees proper wage statements under California Labor Code section 226 when it issued overtime pay. Through subsequent amendments, Plaintiffs added: (1) a new class representative, Jeremey Burcham; (2) a Second Cause of Action for underpayment of overtime wages; (3) a Third Cause of Action for underpayment of meal/rest premiums and reporting time pay; (4) a Fourth Cause of Action for failure to pay all wages owed at the time of termination under California Labor Code section 203; and (5) a Fifth Cause of Action for Unfair Competition.

On March 29, 2021, the Court granted Home Depot's Motion to Dismiss the Third Cause of Action for underpayment of meal/rest premiums and reporting time pay, without leave to amend. (Docket No. 51.)

On July 22, 2021, the Magistrate Judge granted the Parties' Joint Motion to set August 27, 2021, as Plaintiff's deadline to file a motion for class certification on the overtime claim. (Docket No. 72.)

On August 17, 2021, the Court granted partial summary judgment as to Plaintiff Burcham's overtime claim. (Docket No. 76.) That same day, the Court granted reconsideration of its ruling on the motion to dismiss the Third Cause of Action and permitted Plaintiffs leave to amend the Third Cause of Action only. (Id.)

On August 26, 2021, in compliance with the Magistrate Judge's order, Plaintiff Burcham filed his motion for class certification on the overtime claim. (Docket No. 79.) On August 27, 2021, this Court set a briefing schedule for the class certification motion, with a November 4, 2021, hearing date. (Docket No. 80.) Subsequently, the Court reset the class certification date to February 17, 2022 . *See* Docket No. 91.

Currently, the only anticipated pretrial activities in this case are: (1) the Court's ruling on the fully-briefed class certification motion on Plaintiff's claim for underpayment of overtime wages (on which the Court already granted summary judgment for Plaintiff); and (2) summary judgment and class certification briefing on the remaining substantive claim for underpayment of meal and rest premiums and

///

reporting time.  As to (2), Plaintiffs aim to wrap up discovery and file their motions as soon as possible.

### B. The Other Cases

A review of the dockets for all three other cases for which Home Depot seeks consolidation – *Davey, Flores, and Sandoval* – indicates little substantive progress. There have been no rulings on any merits or certification issues.

Notably, Defendant has been on notice of these other cases for some time.  The *Davey* case was filed on June 9, 2020; *Flores* on June 23, 2020; and *Sandoval* on January 31, 2020.  Yet Defendant waited until this late juncture to file this motion, shortly after Barragan obtained summary judgment on her claim for underpayment of overtime wages.  Thus, it appears this motion to consolidate is simply a stall tactic to avoid trial on the merits of *Barragan's* claims.

Furthermore, only one other case, *Davey*, shares any substantive allegations with *Barragan*.  Both cases allege that Home Depot underpaid meal and rest premiums owed under California Labor Code sections 226.7 and 512—specifically, that Home Depot improperly paid these premiums (one hour of pay) at the employee base hourly rate instead of the adjusted "regular rate of pay."[1]  Thus, any common questions of law and fact are limited to those involving only one claim, meal/rest premiums, shared with only one other lawsuit, *Davey*.

### III.  **PLAINTIFFS DO NOT OPPOSE CONSOLIDATION *IF* IT DOES NOT SIGNIFICANTLY SLOW DOWN THIS LITIGATION**

"In determining whether to consolidate, a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Ferguson Corinthian Colleges Inc.*, No. 11-cv-0127-DOC, 2011 WL

---

[1] In Home Depot's table on page 10 of its Motion to Consolidate, Home Depot identifies the *Flores* case as overlapping as to the meal and rest break violations.  However, a review of the *Flores* complaint reveals a garden variety claim for missed meal and rest breaks, for which employees received *no* premium.  *Flores* does not make the specific allegation made by Barragan and Davey – that paid meal and rest premiums were at the wrong rate.

1519352, at *2 (C.D. Cal. 2011) (quotation marks omitted); see also *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984) ("The district court, in exercising its broad discretion to order consolidation of actions presenting a common issue of law or fact under *Rule 42(a)*, weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause").

"Delay in seeking consolidation is a common ground for denial." Cal. Prac. Guide, *Federal Civ. Proc. Before Trial*, Ch. 16-C. Consolidation "may be denied where the cases involved are at different stages of preparedness for trial." *Klauber Brothers, Inc. v. Forever 21 Retail, Inc.* (C.D. Cal., 2015), 2015 WL 12720307, at *2 (declining to consolidate, noting differences in maturity of cases).

Here, Home Depot does not explain why it waited so long after all four cases were at issue before seeking consolidation. Further, it fails to address the prejudicial delay if the *Barragan* case, with its advanced procedural status, is lumped together with three other cases with little to no substantive developments.

Notwithstanding, the *Barragan* plaintiffs are amenable to consolidation provided their case proceeds to trial expeditiously and is not otherwise impaired by the other consolidated matters. Because Home Depot is seeking only to consolidate the cases for discovery and motions, this should not be a problem.

*[Rest of page intentionally left blank]*

## IV. CONCLUSION

For all of the above reasons, Plaintiffs are amenable to consolidation of discovery and for purposes of the anticipated class certification and summary judgment motions addressing the meal/rest and reporting time pay provided it does not result in a significant delay in adjudicating their claims

Respectfully submitted:

Dated: October 21, 2021     **GLICK LAW GROUP, P.C.**

By:  */s/   Noam Glick*
Noam Glick (SBN 251582)
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 382-3400
Email: noam@glicklawgroup.com

**NICHOLAS & TOMASEVIC, LLP**
Craig M. Nicholas (SBN 178444)
Shaun A. Markley (SBN 291785)
225 Broadway, 19th Floor
San Diego, CA 92101
Telephone: (619) 325-0492
Facsimile: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: smarkley@nicholaslaw.org

Attorneys for Plaintiffs,
DONNIE SANCHEZ BARRAGAN,
ARACELI BARRAGAN, and
JEREMEY BURCHAM Individually
and on behalf of others similarly
situated