UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE SANCHEZ BARRAGAN, ARACELI BARRAGAN, and JEREMEY BURCHAM, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a Delaware Corporation,<br><br>Defendant. | Case No.: 19-cv-01766-AJB-AGS<br><br>**ORDER GRANTING PLAINTIFF JEREMEY BURCHAM'S MOTION FOR CLASS CERTIFICATION**<br><br>**(Doc. No. 78)** |

Presently pending before the Court is Plaintiff Jeremey Burcham's ("Burcham") motion for class certification. (Doc. No. 78.) The matter has been fully briefed. (Doc. Nos. 90, 93.) Having reviewed the parties' arguments in light of controlling legal authority, and pursuant to Local Civil Rule 7.1.d.1, the Court finds the matter suitable for decision without oral argument. Thus, the Court vacates the hearing set for February 17, 2022. For the reasons set forth below, the motion is **GRANTED**.

**I.   BACKGROUND**

This wage-and-hour class action seeks to hold Defendant Home Depot U.S.A., Inc. ("Defendant") liable for unpaid overtime. Specific to this motion, Burcham asserts Defendant failed to include bonus payments under its "Success Sharing" bonus program

when calculating employees' overtime pay during the periods in which they received the bonus payments. (Doc. No. 92 ¶ 3.) Under the Success Sharing program, Defendant pays a minimum amount, usually $100, so long as the employee meets minimum criteria of being in good standing and remaining employed at the time of payment. (*Id.* ¶ 33.) Employees may also earn amounts over the minimum if their total pay for the bonus period is sufficiently high as compared to other employees at that store. (*Id.* ¶ 34.) Defendant's employees receive their cash incentive awards at semi-annual parties to boost employee morale and retain employees. (*Id.* ¶ 31.)

Burcham was employed with Home Depot as a non-exempt, hourly sales representative from approximately October 2017 through February 2019. (*Id.* ¶ 9.) He seeks to represent a class composed of "[a]ll non-exempt Home Depot employees in California who received a minimum (e.g., $100) 'Success Sharing' bonus and worked overtime during the same Success Sharing plan period, within three years of the filing of the complaint in this action until June 20, 2018." (Doc. No. 78-1 at 11.)

Plaintiffs Donnie Sanchez Barragan and Araceli Barragan instituted this action in San Diego Superior Court on August 12, 2019. (Doc. No. 1-2 at 2.) Defendant thereafter removed the action to this Court. (Doc. No. 1.) On or around July 21, 2020, Burcham was added to this action. (*See* Doc. No. 33.) Burcham then moved to certify this class on August 26, 2021. (Doc. No. 78.) This order follows.

## II.   LEGAL STANDARD

Class actions are the "exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)). To depart from this rule, the "class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) (citation and internal quotation marks omitted). The proponent of class treatment, usually the plaintiff, bears the burden of demonstrating the propriety of class certification. *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1067 (9th Cir. 2014).

This burden requires the plaintiff to provide sufficient facts to satisfy the four requirements of Rule 23(a) and at least one subsection of Rule 23(b) of the Federal Rules of Civil Procedure. *Zinser v. Accufix Res. Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001).

Under Rule 23(a), a case is appropriate for certification as a class action if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). These requirements are commonly referred to as numerosity, commonality, typicality, and adequacy. "If the court finds the action meets the requirements of Rule 23(a), the court then considers whether the class is maintainable under Rule 23(b)." *Algarin v. Maybelline, LLC*, 300 F.R.D. 444, 451 (S.D. Cal. 2014).

In the instant matter, Burcham seeks to certify a class pursuant to Rule 23(b)(3). Under Rule 23(b)(3), Burcham must demonstrate that (1) the questions common to the class predominate over any questions that affect only individual members; and (2) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. *See* Fed. R. Civ. P. 23(b)(3). These requirements are commonly known as predominance and superiority.

When entertaining a class certification motion, the court is obligated to conduct a rigorous analysis of whether the requirements of Rule 23 are satisfied. *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982). While the court must not go on a freewheeling inquiry into the merits of the plaintiff's claims, "[t]he class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) (quoting *Falcon*, 457 U.S. at 160). Accordingly, "[m]erits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 466 (2013). The court must therefore limit its inquiry "to those

aspects relevant to making the certification decision on an informed basis." *Astiana v. Kashi Co.*, 291 F.R.D. 493, 499 (S.D. Cal. 2013).

## III. DISCUSSION

### A. Rule 23(a) Requirements

The Court will first start with an analysis of whether Burcham has satisfied the Rule 23(a) elements of numerosity, commonality, typicality, and adequacy. Defendant does not raise any issues regarding Burcham's ability to satisfy his burdens under Rule 23(a). (*See generally* Doc. No. 90.)

#### 1. Ascertainability

As a preliminary matter, while not delineated in Rule 23, courts have generally required a party seeking class certification under Rule 23(b)(3) to demonstrate the putative class is ascertainable. *See McCrary v. Elations Co.*, No. EDCV 13-00242 JGB (OPx), 2014 WL 1779243, at *3 (C.D. Cal. Jan. 13, 2014). A class is ascertainable if it is "administratively feasible for the court to determine whether a particular individual is a member" using objective criteria. *See Keegan v. Am. Honda Motor Co.*, 284 F.R.D. 504, 521 (C.D. Cal. 2012) (quoting *O'Connor v. Boeing N. Am., Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998)).

Here, the Court concludes the proposed class is ascertainable. As Burcham states, the proposed class is identifiable based on objective criteria—all non-exempt Home Depot employees in California who received a minimum Success Sharing bonus *and* worked overtime during the same Success Sharing bonus period. Further confirming the ascertainability of this proposed class is the fact that the Court may determine whether a particular individual is a class member by reference to Defendant's records. (Doc. No. 78-1 at 13.) Defendant does not dispute this, and so the Court concludes that ascertainability has been met.

#### 2. Numerosity

Under Rule 23(a)(1), a lawsuit may only proceed via a class if the "class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Here, the

parties stipulate that a sufficient number of employees received a minimum Success Sharing bonus in the same period in which they worked overtime and agree the element of numerosity may be established. (Doc. No. 78-1 at 10; Doc. No. 78-6 ¶ 2.) Accordingly, the Court finds this requirement has been satisfied. *See Knutson v. Schwan's Home Serv., Inc.*, No. 3:12-cv-0964-GPC-DHB, 2013 WL 4774763, at *6 (S.D. Cal. Sept. 5, 2013).

### 3. Commonality

The commonality factor "requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" which "does not mean merely that they have all suffered a violation of the same provision of law." *Dukes*, 564 U.S. at 350 (quoting *Falcon*, 457 U.S. at 157). The "claims must depend on a common contention" and "[t]hat common contention . . . must be of such a nature that it is capable of classwide resolution . . ." *Id.* The commonality requirement of Rule 23(a)(2) is construed less rigorously, for example, than the "predominance" requirement of Rule 23(b)(3). *Id.* Indeed, for purposes of Rule 23(a)(2), even a single common question will suffice. *Id.* at 359.

Burcham asserts commonality is satisfied because all putative class members—Home Depot's non-exempt retail store employees across California—are subject to the same policies and practices and suffered the same injuries. (Doc. No. 78-1 at 14.) Specifically, Burcham contends the proposed class "were paid the same and, until June 20, 2018, no putative class member who earned a minimum Success Sharing bonus and worked overtime during the bonus period received an adjustment for additional overtime pay." (*Id.*) Thus, all putative class members have allegedly suffered the same injury of unpaid overtime in violation of California's protective overtime requirements. (*Id.*)

The Court agrees with Burcham, and Defendant does not contest, that questions relating to Defendant's policies under the Success Sharing plan are common questions of law and fact common to the proposed class members. Accordingly, the Court finds Rule 23(a)(2) satisfied.

### 4. Typicality

Rule 23(a)(3)'s typicality requirement provides that "a class representative must be

part of the class and possess the same interest and suffer the same injury as the class members." *Falcon*, 457 U.S. at 156 (quoting *E. Tex. Motor Freight Sys.*, 431 U.S. at 403) (internal quotation marks omitted). The purpose of the requirement is "to assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). "[T]he typicality requirement is 'permissive' and requires only that the representative's claims are 'reasonably co-extensive with those of absent class members; they need not be substantially identical.'" *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010) (internal citations omitted). However, a court should not certify a class if "there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it." *Hanon*, 976 F.2d at 508 (internal quotation marks and citation omitted).

The Court finds, and Defendant does not contest, that Burcham's claims are typical of the class. Burcham alleges the class has been injured by uniform conduct—specifically, that each of Defendant's hourly retail employees in California were subject to the same failure to pay overtime on a minimum Success Sharing bonus under the same Labor Code § 510 violation. Accordingly, the Court finds Burcham has satisfied typicality.

### 5.  Adequacy

Rule 23(a)(4) requires the class representative to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In assessing this requirement, courts within the Ninth Circuit apply a two-part test, asking the following questions: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members? and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class? *See Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

Burcham asserts he and his counsel do not have any conflicts with the class, and agrees to put the purported class members' interests before his own. (Doc. No. 78-1 at 16.) Furthermore, Burcham adds he has participated in the litigation by communicating with his attorneys, responding to discovery, and being deposed. (*Id.*) Defendant does not challenge either of Burcham's assertions. (*See* Doc. No. 90.) Based on the foregoing, the

Court finds Burcham is an adequate class representative.

## B. Rule 23(b)(3) Requirements

A class may be certified pursuant to Rule 23(b)(3) if the district court "finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th Cir. 2009).

### 1. Predominance

"The predominance inquiry focuses on 'the relationship between the common and individual issues' and 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Vinole*, 571 F.3d at 944 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998)). The predominance inquiry also includes consideration of whether "adjudication of common issues will help achieve judicial economy." *Vinole*, 517 F.3d at 945 (quoting *Zinser*, 253 F.3d at 1189) (internal quotation marks omitted).

Defendant argues Burcham cannot establish predominance for two reasons: (1) Burcham cannot establish that common issues predominate as to liability; and (2) Burcham has no valid class-wide damages model. (Doc. No. 90 at 12–15.)

#### i. Common Issues Predominate

Burcham asserts common questions predominate over any individualized questions because, despite individualized damages, "Defendant's own pay policies and corporate payroll records provide a reliable evidentiary foundation upon which all the claims in this case can . . . be tried." (Doc. No. 78-1 at 19.) Specifically, Burcham argues whether Defendant's pay policies violate Labor Code § 510 is susceptible to the same generalized, class-wide proof. (*Id.*)

Defendant counters that Burcham cannot provide a common method of proof to establish Defendant's class-wide liability. (Doc. No. 90 at 12.) In support, Defendant relies on *Castillo v. Bank of America*, 980 F.3d 723, 732 (9th Cir. 2020), which held that where

a plaintiff fails to provide a common method of proof to establish a defendant's class-wide liability, the plaintiff's motion for class certification must fail. However, Defendant's reliance on *Castillo* is misplaced. In *Castillo*, the court denied class certification where the class was impermissibly overbroad because the plaintiff "ha[d] not provided a common method of proof to determine liability and ha[d] not rebutted evidence that many of the class members were not affected by [defendant's] overtime policies." *Id.* at 733. Worded differently, the plaintiff's class was overbroad such that it included those who had never been exposed to the defendant's policies. *Id.* at 732.

Similarly, in *James v. Uber Technologies Inc.*, 338 F.R.D. 123, 141 (N.D. Cal. 2021), the Court held the plaintiffs failed to satisfy the predominance requirement on its minimum wage and overtime pay claims where plaintiffs' purported class included those who "engaged in personal activities," which would have required complex individualized determinations. However, the plaintiffs successfully satisfied the predominance requirement for their expense reimbursement claim "because a court or a jury could determine, on a class-wide basis, that Uber's failure to reimburse drivers . . . violates California's expense reimbursement laws." *Id.* at 139.

Here, Burcham specifies he seeks to certify a class of employees who both received a minimum Success Sharing bonus *and* worked overtime during the same period. As such, Burcham asserts those who received the minimum bonus and worked overtime in the same period "necessarily suffered underpayment" and the class excludes those who did not receive a Success Sharing bonus and work overtime in the same period. (Doc. No. 93 at 8.)

Defendant does not assert that Burcham's class is overbroad on the basis of its purported members not being exposed to its policy or not suffering an injury under the policy. Rather, Defendant contends its own payroll records are inaccurate because "[n]on-exempt employees frequently make errors when they clock," and thus would require an individualized inquiry of all purported class members. (Doc. No. 90 at 13.) In support, Defendant points to Burcham's own payroll and time records, as well as those of other class members, to show that employees made clocking errors that they failed to correct or

report, causing them to receive overtime pay when they did not work overtime at all.[1] (*Id.* at 14.) However, "[i]ndividual differences in calculating the amount of damages will not defeat class certification where common issues otherwise predominate." *Castillo*, 980 F.3d at 730; *see Vaquero v. Ashley Furniture Indus. Inc.*, 824 F.3d 1150, 1154 (9th Cir. 2016) ("Our precedent is well settled on this point. In *Yokoyama*, we held that 'damage calculations alone cannot defeat certification.' That is, the 'amount of damages is invariably an individual question and does not defeat class action treatment.'") (quoting *Yokoyama v. Midland Nat. Life Ins. Co.*, 594 F.3d 1087, 1094 (9th Cir. 2010)). The fact that an individualized inquiry of Defendant's time records and timekeeping practices may be necessary does not defeat the issue of predominance.

Additionally, Defendant's "litigation-driven" selective sampling of employees and other data are insufficient to inject fatal uncertainty into the question of liability. *See Kurihara v. Best Buy Co.*, No. C 06-01884 MHP, 2007 WL 2501698, at *10 (N.D. Cal. Aug. 30, 2007); *Tierno v. Rite Aide Corp.*, No. C 05-02520 THE, 2006 WL 2535056, at *8 (N.D. Cal. Aug. 31, 2006).

Because Burcham can show his and the purported class members' damages stemmed from Defendant's conduct, the Court finds common issues predominate as to liability.

### ii. Damages

Next, Defendant argues Burcham has no valid class-wide damages model. (Doc. No. 90 at 15.) Under the predominance inquiry, plaintiffs must demonstrate that "damages are capable of measurement on a classwide basis." *Comcast*, 569 U.S. at 34. Burcham must present a damages model consistent with his theory of liability—that is, a damages model "purporting to serve as evidence of damages in this class action must measure only those damages attributable to that theory." *Id.* at 35. "Calculations need not be exact," *id.*, nor is

---

[1] In his reply, Burcham urges the Court not to consider "the documents [Defendant] relies on in its opposition" because "Plaintiff had no opportunity to speak with the employees whose records are now relied on by Defendant." (Doc. No. 93 at 14.) However, because the Court does not rely upon this evidence in its ruling, the Court need not consider this argument at this time.

it necessary "to show that [the] method will work with certainty at this time." *Khasin v. R.C. Bigelow, Inc.*, No. 12-cv-2204-WHO, 2016 WL 1213767, at *3 (N.D. Cal. Mar. 29, 2016) (citation omitted).

Here, Burcham offers the following formula for calculating damages, which Defendant admits to using in its own calculations: Bonus/Regular Hours x 1.5 x Overtime Hours. (Doc. No. 78-1 at 19 (citing Doc. No. 60-1 at 22).)

Defendant relies upon *Comcast*, 569 U.S. at 34, and argues that when damages calculations cannot be performed on a class-wide basis, predominance is not satisfied. However, the Ninth Circuit has clarified that because "[i]n a wage and hour case, unlike in an antitrust class action such as *Comcast*, the employer-defendant's actions *necessarily* caused the class members' injury[,]" an imperfect measure of damages does not defeat predominance. *Vaquero*, 824 F.3d at 1155. Further, "damages determinations are individual in nearly all wage-and-hour class action" *Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 513 (9th Cir. 2013).

Next, Defendant again argues the damages calculations cannot be performed because of the inaccuracies of its own payroll records. (Doc. No. 90 at 16.) Thus, asserts Defendant, Burcham fails to offer a common methodology to determine the actual overtime hours of each class member. (*Id.* at 18.) However, Defendant may not rely upon the inaccurate information in its own records as a basis for denying class certification. Denying class certification because Defendant failed to keep accurate records would frustrate the purpose of California's wage and hour laws. *Dynabursky v. AlliedBarton Sec. Servs. LP*, No. 8:12-cv-2210-JLS (RNBx), 2014 WL 1654030, at *4 (C.D. Cal. Apr. 24, 2014); see *Kurihara*, 2007 WL 2501698, at *10 ("Where a plaintiff challenges a well-established company policy, a defendant cannot cite poor management to defend against class certification.") As such, the Court rejects Defendant's argument.

Defendant further asserts an individualized analysis is required to determine the "true-up" amount of the Success Sharing bonus on which any overtime is owed to class members. (Doc. No. 90 at 19.) Defendant argues it calculated these bonuses as a

"percentage of total earnings," where it first multiplied the store's eligible fixed percentage by the class member's total earnings (straight time and overtime earnings) in that period. (*Id.* at 20.) If the earned portion was less than $100, Defendant paid the earned portion and adjusted the calculation such that a "true-up" portion was added to the earned portion, totaling at least $100 for the Success Sharing bonus. (*Id.*) Thus, asserts Defendant, class members who received a $100 Success Sharing bonus are only entitled to additional overtime on the true-up portion of their bonus because they already received adequate overtime on the earned portion of their bonus. (*Id.*) Defendant concludes that because there is no way to calculate the true-up portion, there is no common methodology to calculate class members' unpaid overtime amounts on a class-wide basis. (*Id.*)

The Court has already ruled against the argument Defendant seeks to reassert here, and admonishes the attempt to do so. (Doc. No. 76 at 14–15.) The Court thus rejects Defendant's argument and finds predominance has been met.

### 2. Superiority

Superiority requires consideration of the following: (1) the interest of individuals within the class in controlling their own litigation; (2) the extent and nature of any pending litigation commenced by or against the class involving the same issues; (3) the convenience and desirability of concentrating the litigation in the particular forum; and (4) the manageability of the class action. Fed. R. Civ. P. 23(b)(3)(A)–(D); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615–16 (1997).

The Court finds no management difficulties that would preclude this action from being maintained as a class action. The potential management of claims pertain to the calculation of each individual's damages, and thus does not prevent certification on the common questions concerning Defendant's liability. Many employees may also be reluctant to file an individual lawsuit for fear of retaliation. *Campbell v. PricewaterhouseCoopers, LLP*, 253 F.R.D. 586, 605 (E.D. Cal. 2008). Moreover, damages per employee may not be large, thus, individual suits would not be cost effective, and instead would burden the courts with duplicative cases. *Kamar v. Radio Shack Corp.*, 254

F.R.D. 387, 406 (C.D. Cal. 2008) (uniform policies and procedures can be determined from records possessed by the employer); *McKenzie v. Fed. Express Corp.*, 275 F.R.D. 290, 301–02 (C.D. Cal. 2011) (finding employee class action with civil penalties superior to numerous individual actions with small awards).

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Burcham's motion for class certification.

**IT IS SO ORDERED.**

Dated: January 18, 2022

Hon. Anthony J. Battaglia
United States District Judge