UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE SANCHEZ BARRAGAN, ARACELI BARRAGAN, and JEREMEY BURCHAM, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a Delaware Corporation,<br><br>Defendant. | Lead Case No.: 19-cv-01766-AJB-AGS<br>**ORDER:**<br><br>**(1) DENYING PROPOSED INTERVENOR'S MOTION TO INTERVENE;**<br><br>**(2) DENYING PROPOSED INTERVENOR'S MOTION TO TRANSFER AND/OR STAY; and**<br><br>**(3) DENYING AS MOOT PROPOSED INTERVENOR'S MOTION TO APPOINT INTERIM CLASS COUNSEL**<br><br>**(Doc. No. 111)** |

Presently before the Court is nonparty John Utne's ("Utne") motion to intervene, for appointment of interim class counsel, and to transfer and/or stay action. (Doc. No. 111). Plaintiffs Donnie Barragan, Araceli Barragan, and Jeremy Burcham from the instant case, Plaintiffs Sandoval, Davey, and Flores of the consolidated cases (collectively, "Plaintiffs"), and Defendant Home Depot U.S.A., Inc. ("Defendant") oppose the motions. (Doc. Nos.

123–125). The Court finds the matters suitable for decision on the papers and without oral argument, pursuant to Local Civil Rule 7.1.d.1. As set forth more fully below, the Court **DENIES** Utne's motion.

## I. BACKGROUND

Utne, the named plaintiff in a separate class action lawsuit against Defendant, seeks to intervene in the instant action, appoint his counsel as interim lead counsel for the instant case and consolidated cases, and stay, or alternatively, transfer each of the actions to the Northern District of California. This motion arose in the context of an upcoming mediation that was held on May 10, 2022, in four intertwined putative class actions: the instant action, *Barragan v. Home Depot U.S.A., Inc.*, No. 19-cv-01766-AJB-AGS; *Davey v. The Home Depot U.S.A., Inc.*, No. 3:10-cv-02541-AJB-AGS; *Sandoval v. Home Depot U.S.A. Inc.*, No. 3:21-cv-00461-AJB-AGS; and *Flores v. Home Depot U.S.A., Inc.*, No. 3:21-cv-00462-AJB-AGS, (collectively, the "Consolidated Cases"). All cases concern alleged wage and hour violations by Defendant Home Depot.

On January 25, 2022, counsel for each of the Consolidated Cases participated in a conference call to discuss settlement and agreed to mediate the consolidated claims, setting mediation for May 10, 2022. (Doc. No. 107 at 5.) The cases did not settle.

On April 13, 2022, Utne filed the instant Motion in Right to Intervene, for Appointment of Interim Class Counsel, and Transfer and/or Stay Action. (Doc. No. 111.) Defendant and all Plaintiffs oppose. (Doc. Nos. 123–25.) Utne filed a reply. (Doc. No. 126.) At this stage, the parties have litigated a motion to dismiss, two motions for summary judgment, and a motion for class certification.

### A. The Consolidated Cases

#### 1. The Instant Case

On March 26, 2021, Defendant filed a notice of related cases, connecting the instant lawsuit with *Davey*, filed on June 9, 2020; *Sandoval*, filed on January 31, 2020; and *Flores*, filed on June 23, 2020. (Doc. No. 50.) These cases were consolidated on November 3, 2021, for the limited purposes of motion practice and discovery. (Doc. No. 100.)

In the instant case, Plaintiffs and the classes received compensation in the form of an hourly wage and cash incentive bonuses, including Home Depot's minimum Success Sharing bonus. (Third Amended Complaint ("TAC"), Doc. No. 92, ¶ 30.) Plaintiffs assert that because the reporting time pay and meal period premium pay were paid at Plaintiffs' base hourly rate and not their regular rate, which should have reflected an increase from the minimum Success Sharing payments, they were underpaid wages. (*Id.* ¶¶ 50–52.) The TAC alleges causes of action for: (1) failure to pay overtime by Plaintiff Burcham, and (2) failure to pay all wages earned each pay period by all Plaintiffs. (*See generally id.*)

The TAC defined the Overtime Class as "[a]ll non-exempt Home Depot employees in California who received a minimum (e.g., $100) 'Success Sharing' bonus and worked overtime during the same Success Sharing plan period, within three years of the filing of the complaint in this action until June 20, 2018." (*Id.* ¶ 12(a).) Subsequently, the Court granted Plaintiff Burcham's motion for class certification as to this class. (*See* Doc. No. 106.)

Moreover, the Unpaid Regular Wages Class consists of two subclasses. The Meal/Rest Premium Subclass is defined as "[a]ll non-exempt Home Depot employees in California who (1) received a flat sum, non-percentage based Success Sharing payment (e.g. $100) for a given Success Sharing plan period and (2) received a meal or rest period premium payment for a non-complaint meal and/or rest period during the same Success Sharing plan period, within three years of the filing of the complaint in this action through present." (TAC ¶ 12(b)(i).)

Next, the Reporting Time Pay Subclass is defined as "[a]ll non-exempt Home Depot employees in California who (1) received a flat sum, non-percentage based Success Sharing payment (e.g. $100) for a given Success Sharing payment and (2) received reporting time pay . . . for a shift qualifying for reporting time pay under California law during the same Success Sharing plan period, within three years of the filing of the complaint in this action through present." (*Id.* ¶ 12(b)(ii).)

///

### 2. Davey

In *Davey*, the plaintiff similarly asserts she and class members earned non-discretionary incentive pay in the form of "Success Sharing Bonuses" and "Homer Award(s)" which were not factored into the regular rate of pay for purposes of paying rest period premiums. *See Davey*, Doc. No. 1-3, ¶ 41. The *Davey* plaintiff also alleges a number of other improper practices, including Defendant's failure to provide lawful on-duty meal periods. *Id.* ¶ 34. The *Davey* First Amended Complaint ("FAC") alleges causes of action for: (1) failure to provide meal periods, (2) failure to provide rest periods, (3) failure to pay timely wages, (4) failure to provide accurate itemized wage statements, and (5) violation of Business & Professions Code § 17200, et seq. *See generally id.*

The *Davey* FAC defines the class as "[a]ll current and former California non-exempt employees of Defendants who received non-discretionary remuneration, including but not limited to 'Success Sharing Bonus' and 'Homer Award(s)' and was paid any meal and rest period premium payments in the same period that the non-discretionary remuneration was earned, at any time between May 26, 2016 through the present." *Id.* ¶ 10. The *Davey* plaintiff also seeks to represent five sub-classes, composed of a (1) Meal Period Subclass, (2) Rest Period Subclass, (3) Wage Statement/Regular Rate Subclass, (4) Waiting Time Penalty Subclass, and (5) Unfair Business Practice Subclass. *Id.* ¶ 11.

### 3. Sandoval

The plaintiff in *Sandoval* alleges Defendant failed to pay all wages owed to separated employees and to provide accurate itemized wage statements, in violation of Labor Codes §§ 201–203 and 226. *See Sandoval*, Doc. No. 13, ¶ 3.

The *Sandoval* FAC seeks certification of two classes. The Paycard Class is defined as "[a]ll employees of Defendants in the State of California, who during their employment received their normal payroll wages through check or direct deposit, but upon their separation of employment (voluntary or involuntary) at any time from January 31, 2017, through the present, received their terminating wages in the form of a paycard[.]" *Id.* ¶ 16(a). Next, the Wage Statement Class is defined as "[a]ll current and former California

non-exempt employees of Defendants who were paid [overtime] Premium wages at any time from January 31, 2019, through the present and whose respective wage statement did not identify the applicable rate of pay for the OT Premium wage[.]" *Id.* ¶ 16(b).

### 4. Flores

In *Flores*, the plaintiff argues she was not paid her final wages upon separation of her employment, and that rather, Defendant paid her in the form of a payroll card that required the incurrence of charges and expenses which reduced the wages she was entitled to. *See Flores*, Doc. No. 1-4, ¶ 14. The *Flores* plaintiff also alleges a number of other improper practices, including Defendant's failure to provide accurate wage statements. *Id.* ¶ 18. The *Flores* FAC alleges causes of action for: (1) failure to pay overtime, (2) failure to pay minimum wage, (3) failure to pay timely wages upon termination, (4) failure to provide and maintain accurate itemized wage statements, (5) failure to provide meal breaks, (6) failure to provide uninterrupted rest periods, (7) unlawful discount and deductions, in violation of Labor Code §§ 212 & 213, (8) unlawful discount and deductions, in violation of Labor Code §§ 221 & 224, (9) unlawful secret discount, (10) unlawful business practices, and (11) violation of the Private Attorneys General Act of 2004. *See generally id.*

The *Flores* FAC defines the class as "[a]ll persons who were employed by [Home Depot] as nonexempt employees, in California at any time from four years prior to the date of filing of this action through the date of trial." *Id.* ¶ 22. The FAC also seeks to classify 27 subclasses. *Id.* ¶¶ 23–49.

## II. REQUESTS FOR JUDICIAL NOTICE

Under Federal Rule of Evidence 201, the court may take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Utne asks the Court to take judicial notice of fifteen exhibits in support of his motion to intervene: (1) the court's docket in *Utne v. Home Depot*, No. 3:16-CV-01854-RS; (2) the

court's docket in *White v. Home Depot U.S.A. Inc.*, Case No. 3:22-cv-00276-AJB-AGS; (3) the original complaint in the *Utne* action; (4) the class certification order in the *Utne* action; (5) the first amended complaint in the *Utne* action; (6) the third amended complaint in the *Utne* action; (7) the Complaint filed in the instant action; (8) the Notice of Related Cases filed by Defendant in the instant action; (9) the complaint filed in the *White* action; (10) the October 6, 2021 Motion to Consolidate, filed by Defendant, in the instant action; (11) the Court's November 3, 2021 Consolidation Order in the instant action; (12) the motion to dismiss filed by the defendant in the *White* action; (13) the Stipulation to Transfer and Vacate Hearing Date filed in the *White* action; (14) the Joint Motion to Continue Class Certification Motion Deadline filed in the instant action; and (15) the court's March 28, 2022 Order filed in the *Utne* action. (Doc. No. 111-3 at 4–5.)

Additionally, in support of his Motion to Intervene, Utne supplementally requests judicial notice of seven exhibits: (1) the Administrative Motion to Consider Whether Cases Should Be Related, filed by the plaintiff, in *Henry v. Home Depot et al.*, Case No. 3:14-cv-04858; (2) the defendant's Opposition to Plaintiff's Administrative Motion to Consider Whether Cases Should Be Related in the *Henry* action; (3) the court's April 25, 2016 Order Denying Motion to Relate Cases in the *Henry* action; (4) the court's April 25, 2016 Order Denying Motion to Relate Cases in the *Utne* action; (5) the September 8, 2016 Joint Case Management Statement filed by the parties in the *Utne* action; (6) the PAGA complaint filed in the *White* action; and (7) the February 2, 2022 Stipulation to Transfer and Vacate Hearing Date, filed by the defendant, in the *White* action. (Doc. No. 126-1 at 5.)

Neither Plaintiffs nor Defendant oppose judicial notice of these documents. (*See generally* Doc. Nos. 123–25.) However, the Court need not take judicial notice of its own docket or documents filed on the docket in this case. *Henricks v. Cal. Pub. Utils. Comm'n*, No. 17CV2177-MMA (MDD), 2018 WL 2287346, at *8 (S.D. Cal. May 18, 2018) (citing *Asdar Grp. v. Pillsbury, Madison, & Sutro*, 99 F.3d 289, 290 n.1 (9th Cir. 1996)) (finding moot Plaintiff's request for the Court to take judicial notice of pleadings filed on the docket in this case). Because Exhibits G, H, J, K, and N are publicly filed on the docket, the Court

**DENIES AS MOOT** Utne's request for judicial notice as to these exhibits. (Doc. No. 111-3.)

As to the remaining exhibits, a "court may take judicial notice of court records in another case." *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). However, "[w]hile the authenticity and existence of a particular order, motion, pleading or judicial proceeding, which is a matter of public record, is judicially noticeable, veracity and validity of its contents . . . are not." *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004). Accordingly, the Court **GRANTS** Utne's request for judicial notice for the stated purpose that these documents exist.

## III.   DISCUSSION

Utne seeks to intervene in this matter as a named class representative pursuant to Rule 24(a) or, alternatively, Rule 24(b). (*See* Doc. No. 111.) Utne asserts that intervention under either provision is appropriate, as many class members of the Consolidated Cases overlap with members of the certified class in the *Utne* Action, and the Consolidated Cases pending before this Court pose an "imminent and material threat" to the damages, penalties, and interest at issue in *Utne v. Home Depot U.S.A., Inc.*, Case No. 3:16-cv-01854.

### A.   Rule 24(a) Intervention as of Right

Federal Rule of Civil Procedure 24(a)(2) requires that a court permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." There are four requirements for intervention as of right: (1) timeliness; (2) an interest relating to the property or transaction that is the subject of the action; (3) disposition of the action may impair or impede the movant's ability to protect the interest; and (4) the movant's interest is not adequately represented by existing parties. *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996), *as amended on denial of reh'g* (May 30, 1996). The party seeking to intervene bears the burden of showing that all of the requirements for intervention are satisfied. *United States v. Alisal Water*

*Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). Failure to satisfy even one of these elements prohibits the applicant from intervening as of right. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). In deciding a motion to intervene, courts need not take as true allegations that are a sham or frivolous. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).

### 1.  Timeliness

First, Utne's motion for intervention must be timely. Fed. R. Civ. P. 24(a). When assessing timeliness, the Ninth Circuit considers three factors: (1) the stage of the proceedings; (2) any prejudice to existing parties; and (3) the length of, and reason for, any delay. *League of United Latin Am. Citizens*, 131 F.3d at 1308 (citing *Orange Cty. v. Air Cal.*, 799 F.2d 535, 537 (9th Cir. 1986)).

Here, timeliness is not at issue. Although Utne filed his initial motion to intervene roughly two and a half years after Plaintiffs filed their complaint, the Barragan Plaintiffs' have not yet filed their motion for class certification, discovery is ongoing with no set cut-off date, and a scheduling order establishing a trial date has not been entered. (Doc. Nos. 106, 108); *see Munoz v. PHH Corp.*, No. 1:08-cv-0759-AWI-BAM, 2013 WL 3935054, at *7 (E.D. Cal. July 29, 2013). Utne's motion is timely.

### 2.  Significantly Protectable Interest

"Whether an applicant for intervention demonstrates sufficient interest in an action is a practical, threshold inquiry." *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993). A prospective intervenor must demonstrate a significantly protectable interest in the lawsuit to merit intervention. *Nw. Forest Res. Council*, 82 F.3d at 837. "To demonstrate this interest, a prospective intervenor must establish that (1) the interest asserted is protectable under some law, and (2) there is a relationship between the legally protected interest and the claims at issue." *Id.* (internal quotation marks and alteration omitted). The interest must be "direct, non-contingent, substantial and legally protectable . . . ." *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1157 (9th Cir. 1981). Moreover, "[a]n applicant generally satisfies the 'relationship' requirement only if the resolution of the plaintiff's claims

actually will affect the applicant." *Donnelly v. Glickman*, 159 F.3d 405, 410 (9th Cir. 1998) (citing *Montana v. U.S. Env't Prot. Agency*, 137 F.3d 1135, 1141–42 (9th Cir. 1998)).

Utne asserts he has a significant, protectable interest because the Consolidated Cases assert a number of the same California Labor Code violations and relief sought in the *Utne* action. (Doc. No. 111 at 25.) Utne contends he represents a certified class of approximately 140,000 current and former employees of Home Depot in California, from March 8, 2012 to the present, with respect to claims valued at nearly $2 billion. (Doc. No. 111 at 25.) He further argues he has an interest in the instant action because the vast majority of class members in the Consolidated Cases are also members of the certified class in *Utne*, and that "disposition of [these actions] will impair and impede Mr. Utne's ability to protect his interests and the interests of the class he represents in nearly $2,000,000,000 in damages, penalties and interest." (*Id.* at 25–26.)

Plaintiffs oppose Utne's motion on the basis that intervention here is premature. (Doc. Nos. 123 at 2–3; 125 at 4–5.) Specifically, Plaintiffs assert there is no pending settlement or approval motions at issue in the Consolidated Cases, and thus Utne has neither property nor money to which he has an interest. (Doc. Nos. 123 at 3; 125 at 5.) Defendant also opposes Utne's motion to intervene, asserting none of the substantive claims at issue in the Consolidated Cases overlap with the substantive issues in *Utne*. (Doc. No. 124 at 16–17.)

Here, in light of the fact that the Third Amended Complaint in *Utne* and the various complaints in the Consolidated Cases bring similar causes of action, involve similar classes of people, and seek similar relief, the Court finds Utne has sufficient legal interest in this action. (*See* Doc. No. 111-3 at 121–39.) *See Doe v. Cin-Lan, Inc.*, No. 08-cv-12719, 2011 WL 37970, at *2 (E.D. Mich. Jan. 5, 2011) (finding "no dispute" that proposed interveners, certified classes in a similar action in another state, possessed interest in settlement of nationwide claims).

### 3. Impairment of Putative Intervenor's Interest

Plaintiffs contend that even if Utne has a protectable interest in the action, and the

Parties eventually reach a settlement or class action settlement, this would not in itself grant Utne the right to intervene because class members may always object to the settlement. (Doc. Nos. 123 at 3; 125 at 5.) Defendant also joins Plaintiffs in arguing Utne may object to any settlement during the hearings on motions for preliminary or final approval, or may opt out of the class and pursue his claims separately. (Doc. No. 124 at 20.)

While Utne has a protectable interest in this case, his interests will not be impaired absent intervention. As other courts have explained, "courts have frequently denied intervention in the class action settlement context, citing concerns about prejudice, as well as putative intervenors' ability to protect their interests by less disruptive means." *Zepeda v. PayPal, Inc.*, Case No. 10-cv-02500-SBA (JCS), 2014 WL 1653246, at *4 (N.D. Cal. Apr. 23, 2014). For example, putative intervenors may "opt[] out of the settlement class or participat[e] in the fairness hearing process." *Id.*; s*ee also In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liability Litig.*, MDL No. 2672 CRB (JSC), 2016 WL 4376623, at *4 (N.D. Cal. Aug. 17, 2016) (denying putative intervenor's motion because the putative intervenor could "opt out of the Settlement and litigate his claims independently, or he may instead object to it"), *aff'd*, 894 F.3d 1030 (9th Cir. 2018); *Hofstetter v. Chase Home Fin., LLC*, No. C 10-01313 WHA, 2011 WL 5415073, at 2–3 (N.D. Cal. Nov. 8, 2011) (holding the opportunity to opt out of a settlement adequately safeguarded a putative intervenor's interests).

The Ninth Circuit recognizes in the class action settlement context, a putative intervenor's concerns may "largely be addressed through the normal objection process." *Allen v. Bedolla*, 787 F.3d 1218, 1222 (9th Cir. 2015); *see also Devlin v. Scardelletti*, 536 U.S. 1, 14 (2002) (explaining the "class action procedure allows nonnamed class members to object to a settlement at the fairness hearing without first intervening").

The circumstances here are no different. Although the parties for the Consolidated Cases met for mediation on May 10, 2022, the parties did not reach a class action settlement. However, Utne may later raise any concerns as an objector if the parties reach settlement. Before the Court will approve the settlement, the Court must conclude that the

settlement is "fair, reasonable, and adequate" and that Plaintiffs and class counsel "have adequately represented the class." Fed. R. Civ. P. 23(e)(2). Thus, because Utne cannot show that his interests will be impaired absent intervention, he may not intervene under Rule 24(a). *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 950 (9th Cir. 2009) ("Failure to satisfy any one of the requirements is fatal to the application, and we need not reach the remaining elements if one of the elements is not satisfied.").

### 4. Adequacy of Representation

In determining whether an applicant's interest would be represented adequately by a present party, a court considers: "(1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Nw. Forest Res. Council*, 82 F.3d at 838 (citing *California v. Tahoe Reg'l Plan. Agency*, 792 F.2d 775, 778 (9th Cir. 1986)).

Here, Utne fails to assert how counsel for Plaintiffs in the Consolidated Cases is inadequate. Rather, Utne contends "he has numerous additional resources, information and leverage available to him . . . ." (Doc. No. 111 at 27.) Utne primarily relies upon the posture in *Utne*, stating:

> Utne and his counsel have spent over six years, thousands of attorney hours, and approximately three million dollars . . . litigating their certified class claims against Home Depot. They have overcome motions for summary judgment. They have obtained and analyzed extensive time and pay records from Home Depot. . . . And, their claims pre-date any of the claims raised in the Consolidated Actions or the White Action by at least three years, and therefore include extensive damages that simply are not available in these other actions.

(*Id.* at 26–27.) However, this argument does not establish the necessary inadequate representation element required by Rule 24(a).

Accordingly, Utne's motion to intervene under Rule 24(a) is **DENIED**.

///

### B. Rule 24(b) Permissive Intervention

Rule 24(b)(1)(B) provides: "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The court must also consider "whether intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). In other words, in the Ninth Circuit, "a court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *United States v. City of Los Angeles*, 288 F.3d 391, 403 (9th Cir. 2002) (quoting *Nw. Forest Res. Council*, 82 F.3d at 839). "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (quoting *Donnelly*, 159 F.3d at 412).

Utne alternatively seeks permissive intervention pursuant to Rule 24(b), contending the three prongs for such intervention are clearly met. Plaintiffs and Defendant oppose intervention. (*See generally* Doc. Nos. 123–125.) In Defendant's opposition, it contends Utne shares no common questions of law or fact with the Consolidated Cases, and that intervention will only unduly delay the Consolidated Cases and unfairly prejudice the existing parties. (Doc. No. 40 at 20.) To this latter point, the Court agrees.

This Court finds permissive intervention is not warranted here because Utne's interests are already adequately represented through the class action settlement process. In addition, this Court finds that allowing permissive intervention would not significantly add to the full development of the underlying factual issues in this case nor the equitable adjudication of the legal questions involved but, instead, would significantly delay the proceedings and prejudice the rights of the original parties here. Therefore, this Court declines to allow permissive intervention pursuant to Rule 24(b).

### C. Motion to Transfer and/or Stay Case Pursuant to First-to-File Rule

Federal district courts generally attempt to avoid duplicative litigation and

inconsistent judgments. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). One mechanism to prevent duplicative litigation is the "first-to-file" rule. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). Under the first-to-file rule, where the same issues are presented in separate lawsuits in front of different district courts, the court that acquires jurisdiction first generally tries the lawsuit before the second court. *Id.* While a strong policy against redundant lawsuits exists, courts do not apply the first-to-file rule mechanically. *Id.* Instead, they must exercise discretion to determine how best to conserve judicial resources and comprehensively dispose of litigation. *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183–84 (1952).

Courts must consider three factors in deciding whether to apply the first-to-file rule: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 623, 625–26 (9th Cir. 1991). Exceptions to the first-to-file rule can be made in cases of bad faith, anticipatory suit, forum shopping, or where the balance of convenience favors the later-filed action. *Id.* at 627–28. Ultimately, however, "[t]he most basic aspect of the first-to-file rule is that it is discretionary; an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts." *Id.* at 627 (quoting *Kerotest*, 342 U.S. at 183–84) (internal quotation marks omitted).

To begin, it is undisputed that the *Utne* action was filed first. Thus, the Court focuses its analysis on whether there is substantial similarity of the parties and issues between the two actions to warrant application of the rule.

          **1.**    **Similarity of Parties**

Courts in the Ninth Circuit have adopted a flexible approach in evaluating the similarity of the parties. "[E]xact identity is not required to satisfy the first-to-file rule. The rule is satisfied if some of the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters." *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 959 n.6 (N.D. Cal. 2008). "In a class action, the similarity of the classes, and not the class representatives, is

assessed." *Manier v. L'Oreal USA, Inc*, Case No. 2:16-CV-06886-ODW-KS, 2017 WL 59066, at *3 (C.D. Cal. Jan. 4, 2017) (citation omitted).

Defendant argues the parties are not "substantially similar" because the classes certified in *Utne* include "[a]ll individuals employed by Home Depot in hourly-paid or non-exempt positions in Home Depot stores in California at any time since March 8, 2012, and *who worked at least one shift ending after the time that the Home Depot store was scheduled to close to the public for the evening*" and "[a]ll individuals employed by Home Depot in hourly-paid or non-exempt positions in California at any time since March 8, 2012" related to pre-shift off-the-clock claims. (Doc. No. 124 at 25.) In contrast, the class certified in *Barragan* only includes employees who both received a minimum Success Sharing bonus and worked overtime during the same period. (*Id.* (citing Doc. No. 106).) The Consolidated Cases also seek to certify a class of employees who suffered alleged meal and rest break violations or received pay cards at termination, which are groups of employees not at issue in *Utne*. (*Id.*)

Here, Home Depot is the defendant in both actions. (*Compare* TAC ¶ 10, *with Utne* TAC ¶ 6). Moreover, the proposed classes for the actions are substantially similar in that both classes seek to represent at least some of the same individuals. Accordingly, the Court finds the parties are substantially similar under the first-to-file rule. *See Manier*, 2017 WL 59066, at *3 ("Where the proposed classes in both actions overlap, courts have held that the parties are substantially similar." (citation omitted)); *see also Mehr v. Capital One Bank USA N.A.*, No. CV 18-1576 JVS (ADSx), 2019 WL 2428768, at *3 (C.D. Cal. Jan. 4, 2019) ("[T]he similar parties requirement is satisfied even if the second-filed suit is narrower than the first-filed suit." (citation omitted)).

### 2. Similarity of the Issues

Like the similarity of parties prong, the issues in the two actions need not be identical for the first-to-file rule to apply. *Inherent.com v. Martindale-Hubble*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006). "The sameness inquiry focuses on the facts and issues raised in the actions, not on the specific claims pled." *Mehr*, 2019 WL 2428768, at *4 (alteration and

14

19-cv-01766-AJB-AGS

citation omitted). When analyzing whether issues are substantially similar, a court considers if the common facts, taken together, would lead to the same central question between the cases. *See Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1148 (E.D. Cal. 2010); *see also Ward v. Follett Corp.*, 158 F.R.D. 645, 648–49 (N.D. Cal. 1994) (applying the first-to-file rule in a case where there is a common central question). Even if a plaintiff presents alternative theories compared to another pending action, it does not necessarily prevent the application of the first-to-file rule because common facts may give rise to a central issue between the cases. *Adoma*, 711 F. Supp. 2d at 1149.

Defendant argues there is no similarity of issues under the rule because only two claims are at issue in *Barragan*—failure to correctly calculate overtime and failure to pay all wages due during each pay period—neither of which are at issue in *Utne*. (Doc. No. 40 at 24.) Utne asserts the Consolidated Cases and *Utne* involve the same issues, including claims that Home Depot failed to pay minimum and overtime wages, failed to provide meal and rest periods, failed to timely pay wages, and failed to provide accurate wage statements to non-exempt employees in California. (Doc. No. 111 at 32.) However, as noted by Defendant, only the two claims mentioned above remain. Moreover, although many of the Consolidated Cases involve claims alleging failure to pay overtime wages and to provide accurate itemized wage statements, the first-to-file rule does not apply here. The factual allegations of the TAC in the instant case are premised on an alleged miscalculation of the "regular rate of pay," due to Defendant's Success Sharing bonus program, while the complaint in *Utne* alleges Defendant maintained a policy or practice of requiring the plaintiffs to wait off-the-clock to be released from Defendant's stores following the end of their shift. Additionally, *Sandoval* and *Davey* are premised on Defendant's alleged miscalculation of the "regular rate of pay," its alleged use of a paycard to pay final wages in *Sandoval* and *Flores*, and its alleged failure to provide meal and rest breaks in *Flores* and *Davey*.

Accordingly, the Court **DENIES** Utne's motion to transfer and/or stay the Consolidated Cases based on the first-to-file rule.

## IV. CONCLUSION

For the foregoing reasons, Utne's Motion to Intervene is **DENIED** without prejudice, as Utne has not demonstrated he is entitled to intervene of right or that permissive intervention is warranted at this time. Utne's Motion to Transfer and/or Stay the Consolidated Actions is also **DENIED**. Utne's Motion for Appointment of Interim Class Counsel is further **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: July 6, 2022

Hon. Anthony J. Battaglia
United States District Judge